# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: July 20, 2022 at 2:00 p.m. (ET)**<br>**Objection Deadline: July 8, 2022 at 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 365, AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007 AUTHORIZING (I) THE REJECTION OF A CERTAIN UNEXPIRED LEASE, EFFECTIVE AS OF THE PETITION DATE AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

David W. Carickhoff, chapter 7 trustee ("Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves the Court (the "Motion"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order, substantially in the form attached hereto (the "Proposed Order"), authorizing the Trustee to: (i) reject the San Francisco Lease (as defined below) effective as of Petition Date (as defined below) and (ii) abandon the Estates' rights in any personal property remaining at the San Francisco Leased Property (as defined below). In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief sought herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

## BACKGROUND

2.      On June 14, 2022 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

3.      David W. Carickhoff has been appointed as interim trustee of the Debtors' Estates pursuant to Bankruptcy Code section 701(a).

4.      The section 341(a) meeting of creditors is scheduled for July 12, 2022.

5.      Prior to the Petition Date, the Debtors manufactured electric commercial vehicles.

6.      The Debtors, as sub-subtenant, is a party to a non-residential real property sub-sublease dated October 26, 2021 (the "San Francisco Lease")[2] with Tempo Interactive, Inc., as sub-sublandlord ("Tempo"), for the premises located at 575 7th Street, San Francisco, CA (the "San Francisco Leased Property").

7.      The Trustee has been informed that the Debtors vacated the San Francisco Leased Property prior to the Petition Date.  The Trustee is further informed that the San Francisco Leased Property came fully furnished.  Notwithstanding, there may be certain de minimis value Debtor personal property remaining at the San Francisco Leased Property (the "Remaining Personal Property").

## RELIEF REQUESTED

8.      By this Motion, the Trustee respectfully requests the entry of an order pursuant to sections 105(a), 365(a) and 554 of the Bankruptcy Code: (i) rejecting the San Francisco Lease,

---

[2] References to the San Francisco Lease as used herein include, without limitation, the Master Lease, the Sublease (each as defined in the sub-sublease) and any other related documents or agreements.

2

effective as of the Petition Date, and (ii) authorizing the Trustee to abandon the Remaining Personal Property.

## BASIS FOR RELIEF REQUESTED

### A.    Rejection of Unexpired Leases

9.    Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

10.    The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee. *See*, *e.g.*, *National Labor Relations Board v. Bildisco* (*In re Bildisco*), 6825 F.2d 72, 79 (3d Cir. 1982). The rejection of an unexpired lease or executory contract is appropriate where rejection of the lease would benefit the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also*, *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3rd Cir. 2000).

11.    The Trustee submits that there is sound business judgment for the rejection of the San Francisco Lease as it holds no material economic value to the Estates and is not necessary to administer these chapter 7 cases. As set forth above, the Debtors vacated the San Francisco Leased Property prior to the Petition Date.

12.    By contrast, rejection of the San Francisco Lease will eliminate any potential obligation to perform thereunder pursuant to Section 365(d)(3) of the Bankruptcy Code, and the accrual of any associated administrative expenses. Accordingly, the Trustee submits that the rejection of the San Francisco Lease is within his sound business judgment and is in the best interest of the Estates, creditors and other parties-in-interest.

B.   **Effective Date of Rejection**

13.   Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leased under sections 105(a) and 365(a) of the Bankruptcy Code. *See*, *e.g.*, *Thinking Machines Corp. v. Mellon Fin. Serv. Corp.* (*In re Thinking Machines Corp.*), 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

14.   Here, the Trustee seeks rejection of the San Francisco Lease effective as of the Petition Date. Absent the requested relief, there exists the possibility of the Estates incurring substantial unnecessary post-petition financial obligations under the San Francisco Lease. Such expenses will not provide any benefit to the Estates and will come at the detriment of the Debtors' creditors, especially given that the Debtors vacated the San Francisco Leased Property prior to the Petition Date.

C.   **Abandonment of Remaining Personal Property**

15.   Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. *See*, *In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, *11, (Bankr. D. Del. May 1, 2013).

16.   Upon information and belief, the Remaining Personal Property, if any, has little or no resale value and the cost of removal exceeds the amount of any potential sale.

17.   The Trustee has determined that it would be more cost-effective to abandon any Remaining Personal Property than to transport, store and attempt to sell it. As a result, the decision to abandon the Remaining Personal Property is supported by the Trustee's sound business

judgment and is in the best interest of the Estates, creditors and other parties-in-interest. Accordingly, the Trustee seeks authority to abandon the Remaining Personal Property.

## NOTICE

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) Tempo; and (iii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form submitted herewith, authorizing the rejection of the San Francisco Lease as of the Petition Date, authorizing the abandonment of the Remaining Personal Property, and granting such other and further relief as is just and equitable.

Dated:  June 22, 2022                          ARCHER & GREINER, P.C.

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
Email:  aroot@archerlaw.com

*Proposed Counsel for the Chapter 7 Trustee*

217889627v2