# **EXHIBIT C**

# **Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Electric Last Mile Solutions, Inc., *et al.*,[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 22-10537 (MFW) <br> (Jointly Administered) |

**DECLARATION OF J. SCOTT VICTOR IN SUPPORT OF APPLICATION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN SSG ADVISORS, LLC AS INVESTMENT BANKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF JUNE 23, 2022, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), AND WAIVING CERTAIN TIMEKEEPING REQUIREMENTS OF LOCAL RULE 2016-2**

I, J. Scott Victor, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge:

1. I am a Managing Director of SSG Advisors, LLC ("SSG" or the "Firm"), which has an office at Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428. I submit this declaration (the "Declaration") in support of the application (the "Application") of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (the "Debtors") for an order authorizing the retention and employment of SSG as its investment banker, effective as of June 23, 2022, under the terms set forth in the Application.[2]

2. The Application seeks an order authorizing the Trustee's retention and employment of SSG as investment banker in connection with a possible transaction with respect to the assets

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

[2] Capitalized terms used but not defined herein have the meanings ascribed to these terms in the Application.

of the Debtors on the terms and conditions set forth in the Application and that certain engagement letter effective as of June 23, 2022, between the Trustee and SSG (the "Engagement Letter"), annexed to the Application as Exhibit B. I submit this Declaration to provide disclosure required by Bankruptcy Rule 2014(a). Unless otherwise stated, all matters set forth in this Declaration are based on my personal knowledge, my review of relevant documents, information supplied to me by other professionals at SSG, or my views, including those based upon my experience and knowledge of the Debtors' businesses and financial condition.[3]

## SSG Qualifications

3. The Trustee seeks to employ SSG to perform investment banking services because of SSG's extensive experience and knowledge of investment banking with respect to distressed companies.

4. The investment banking services that SSG will provide to the Trustee will enable the Trustee to maximize value. I believe that these services will not duplicate the services that other professionals may provide to the Trustee in these cases. SSG will carry out unique functions and will coordinate with the Trustee's other professionals to avoid any unnecessary duplication of services.

5. SSG, which is an affiliate of SSG Capital Advisors, LLC, helps middle market companies and their stakeholders in special situations transactions. For over twenty years, SSG has specialized in mergers and acquisitions, financial advisory, restructurings, private placements, and valuations. Since its founding in 2001, SSG has completed more than 400 investment banking assignments in North America across a variety of industries. Many of its clients are in the process of a turnaround, financial challenge, and/or a bankrutpcy proceeding. SSG has successfully

---

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at the Firm and are based on information provided by them.

advised numerous clients through sale processes pursuant to section 363 of the Bankruptcy Code. SSG has represented numerous clients in mergers and acquisitions and financial restructurings.

6. I am a managing director in SSG's West Conshohocken office and one of the Firm's founding partners. I have more than 38 years of experience advising businesses facing operational or financial challenges including bankruptcy proceedings. I have managed merger, acquisition, divestiture, restructuring and recapitalization transactions and have experience in the Debtors' industry.

### Professional Compensation

7. SSG intends to apply to the Court for a final allowance of compensation for professional services rendered and reimbursement of expenses incurred in these Chapter 7 Cases in accordance with section 328(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of the court, at the end of its engagement. SSG requests Court approval of its compensation on the terms set forth in its Engagement Letter.

8. Investment bankers such as SSG do not charge for their services on an hourly basis. Instead, they customarily charge fees that are contingent upon the occurrence of a specified type of transaction. As set forth more fully in the Engagement Letter, and subject thereto, SSG will be compensated, subject to Court approval, as follows (the "Fee Structure"):[4]

    a. Monthly Fees. Monthly fees (the "Monthly Fees") of $25,000 per month payable on the first (1st) of each month beginning upon execution of the Engagement Agreement and payable retroactively upon Bankruptcy Court approval of SSG's retention.

    b. Sale Fee. Upon the consummation of a Sale Transaction to any party, SSG shall be entitled to a fee (the "Sale Fee"), payable in cash, in federal funds via wire transfer or certified check, at and as a condition of closing of such Sale, equal to the greater of $400,000 or 3.0% of Total Consideration.

---

[4] Descriptions of the terms of SSG's engagement are for summary purposes only; to the extent of any discrepancy between the Application and the Engagement Letter, the Engagement Letter controls.

      c.    <u>Expenses</u>. In addition to the foregoing Monthly Fee and Sale Fee noted above, whether or not a Transaction is consummated, SSG will be entitled to reimbursement for all of SSG's reasonable out-of-pocket expenses.

9.    SSG will apply for final compensation and reimbursement of costs, pursuant to section 328(a) of the Bankruptcy Code, for services rendered and costs incurred on behalf of the Trustee, at the end of its engagement.

10.    In light of the foregoing, SSG believes that the compensation set forth in the Engagement Letter is reasonable and should be approved under section 328(a) of the Bankruptcy Code.

11.    I will have primary responsibility for providing services to the Trustee. In addition, from time to time, other SSG professionals may provide required services to the Trustee on an as-needed basis.

12.    To the best of my knowledge, (a) no commitments have been made or received by SSG with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) SSG has no agreement with any other entity to share with such entity any compensation received by SSG in connection with these Chapter 7 Cases.

## **Disinterestedness**

13.    In connection with the preparation of this Declaration, SSG conducted an analysis to determine whether it holds or represents any interests adverse to the Trustee or the Debtors. Such analysis consisted of a review of its contacts with the Trustee and the Debtors, their affiliates, and certain entities holding large claims against or interests in the Debtors. A listing of the parties reviewed is reflected in **Schedule 1** to this declaration. SSG's review included conducting a query

4

of such parties in a database containing the names of individuals and entities that are represented by SSG.

14. Based on the results of its review, to the best of my knowledge, except as disclosed in Schedule 2 attached hereto, SSG does not have an active relationship with any of the parties listed in Schedule 1 in matters related to these Chapter 7 Cases.

15. Further, as part of its diverse practice, SSG appears in numerous cases, proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 7 Cases. Additionally, SSG has performed in the past, and may perform in the future unrelated advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, (a) none of these relationships creates interests adverse to the Trustee or the Debtors in matters upon which SSG is to be employed, (b) none of these relationships has any connection to the Trustee or the Debtors, and (c) SSG has no connection with any other entity in this case.

16. SSG is not a creditor of the Debtors. And, neither I nor any member of the SSG engagement team serving the Trustee, to the best of my knowledge, is a holder of any of the Debtors' debt or equity securities.

17. To the best of my knowledge, no employee of SSG is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the United States Trustee in this district or any employee of the office of the United States Trustee in this district.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 29, 2022

                                                     J. Scott Victor

## Schedule 1

**Debtors:**
Electric Last Mile Solutions, Inc.
Electric Last Mile, Inc.

**Directors & Officers:**
Tom Dono
Ron Feldelsen
Brian Krzanich
Shauna McIntyre
Richard Peretz
David Boris
Neil Goldberg
Robert Song
Richard Boris

**Former Directors & Officers:**
Albert Li
Benjamin Wu
Hailiang Hu
James Taylor
Jonathan Ballon
Kev Adjemian
Jason Luo
Georgette Dulworth

**Secured Creditors:**
Atlantic Specialty Insurance Company
Industrial and Commercial Bank of China
SF Motors (Seres)

**Unsecured Creditors Over $20K:**
Advantage Engineering Inc.
B.C. Welding, Inc.
Barnes & Thornburg
Bluewater Technologies Group, Inc.
Bozhon Inc.
Brooklyn Digital Foundry
Cayman Dynamics, LLC
Continental Automotive GmbH
Decorative Metal Solutions Inc.
Deloitte and Touche LLP
DEP
DSA Systems Inc.
Element

ELMI Union Defined Benefit Plan
Faegre Drinker Daniels Trust Account
FEV North America Inc.
Guardian Auto Transport LLC
HTI Cybermetics
ICR LLC
Indiana Michigan Power
Jaydu LLC
MGA Research Corp
Nanjing Automobile Import and Export
Osirius Group LLC
Prosco
Samsong Industry Co.
SAP
Siemens Industry Software, Inc.
Synergia Automotive, LLC
The Benchmark Company
Venshure Test Services
Workiva

**Other Parties of Interest:**
ICBC
Mahindra North America Technical Center
Hi-Lex Controls
SF Motors
Foley & Lardner
BDO
White & Case

**Bankruptcy Judges:**
The Honorable Laurie Selber Silverstein
The Honorable John T. Dorsey
The Honorable Craig T. Goldblatt
The Honorable Karen B. Owens
The Honorable Brendan L. Shannon
The Honorable Christopher S. Sontchi
The Honorable J. Kate Stickles
The Honorable Mary F. Walrath
The Honorable Ashley M. Chan

**Office of the United States Trustee:**

| | |
|---|---|
| T. Patrick Tinker | Hannah M. McCollum |
| David Buchbinder | Joseph McMahon |
| Linda Casey | Linda Richenderfer |
| Joseph Cudia | Juliet Sarkessian |
| Timothy J. Fox, Jr. | Richard Schepacarter |
| Benjamin Hackman | Rosa Sierra-Fox |
| Jane Leamy | |

**Staff of the Office of the U.S. Trustee:**

| | |
|---|---|
| Lauren Attix | Nyanquoi Jones |
| Denis Cooke | James R. O'Malley |
| Holly Dice | Angelique Okita |
| Shakima L. Dortch | Michael Panacio |
| Diane Giordano | Edith A. Serrano |
| Christine Green | Dion Wynn |
| Ramona Harris | |

**Schedule 2**

1. SSG has worked on other unrelated matters with David Carickhoff, the Chapter 7 Trustee.

2. SSG has worked on other unrelated matters with Archer & Greiner, P.C., counsel to the Chapter 7 Trustee.

3. SSG has worked on other unrelated matters with Giuliano, Miller & Co., LLC, financial advisor to the Chapter 7 Trustee.