IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: TBD – Expedited consideration requested**<br><br>**Objection Deadline: TBD – Expedited consideration requested** |

**MOTION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR ORDER APPROVING STIPULATION GRANTING ADEQUATE PROTECTION TO SF MOTORS, INC. (d/b/a SERES)**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases (the "Chapter 7 Cases"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a), 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, 6004(h), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a stipulation (the "Stipulation")[2] granting adequate protection to SF Motors, Inc. (dba SERES) ("SF Motors"). In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

[2] A copy of the Stipulation is attached to the Proposed Order as Exhibit 1. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

1

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are Bankruptcy Code sections 105, 361, 362, and 363 and Bankruptcy Rules 2002, 4001, 6004(h), and 9014.

## BACKGROUND

3. On June 14, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Trustee has been appointed as chapter 7 trustee of the Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code. The meeting of creditors in the Chapter 7 Cases pursuant to section 341 of the Bankruptcy Code is scheduled for July 12, 2022.

5. SF Motors and Debtor Electric Last Mile, Inc. ("ELM") are parties to, among other agreements, a certain Land Contract effective as of June 25, 2021 (as amended, the "Land Contract") with respect to certain land, improvements and other interests located at 12900 McKinley Highway, Mishawaka, Indiana (the "Real Property") as more fully described therein. The Real Property houses the Debtors' manufacturing and production facility and is a principal asset of the Debtors' Estates. The Trustee believes that the Real Property, if maintained, likely will have substantial value in connection with the sale of the Debtors' assets.

6. SF Motors asserts that (i) as of the Petition Date, the indebtedness owed to SF Motors arising from the Land Contract is estimated to be $37,241,379.36 exclusive of interest,

fees, costs and charges (the "Secured Claim") and (ii) under the original terms of the Land Contract ELM is required to make monthly payments to SF Motors on the last calendar day of each month in the amount of $3,103,448.28. SF Motors further asserts that the Secured Claim is secured by a first priority continuing security interest (the "Senior Interests") in and to all of the Real Property pursuant to the Land Contract and applicable law and that no other party perfected any other liens or interests that would have priority over the Senior Interests.[3]

7. A need exists for the Trustee to use and possess the Real Property in order to administer and preserve the value of the Estates. The inability to use and possess such Real Property would irreparably harm the Estates and their creditors. SF Motors is willing to consent to the Trustee's continued and uninterrupted use and possession of the Real Property, subject to the adequate protection and other provisions provided in the Stipulation.

## MATERIAL TERMS OF THE STIPULATION

8. The following is a summary[4] of the material terms of the Stipulation:

   a) **Stipulation Effective Date**. The effective date of the Stipulation and all of its terms shall be the date upon which the Court shall have entered an order approving the Stipulation (the "Stipulation Effective Date"). In the event that the Court does not approve the Stipulation, the Stipulation shall be null and void and of no force and effect.

   b) **Authorization to Use Real Property**. Subject to the terms and conditions of the Stipulation, the Trustee is authorized to use and possess the Real Property during the Adequate Protection Period (defined below). Subject to the reservations of rights in the Stipulation, SF Motors also agrees to fully cooperate with the Trustee in the marketing and sale process of the Debtors' assets, including but not limited to the Real Property.

---

[3] The Trustee has not yet had an adequate opportunity to conclude its investigation of the Secured Claim, the Senior Interests, or any potential claims or causes of action against SF Motors. The Trustee reserves all rights of any kind or nature with respect to (i) the Secured Claim, (ii) the Senior Interests, (iii) the interests of SF Motors in the Real Property and/or under the Land Contract or otherwise, and (iv) any claims against SF Motors.

[4] This summary is qualified in its entirety by reference to the provisions of the Stipulation. The Stipulation will control in the event of any inconsistency between this Motion and the Stipulation.

    c) **Adequate Protection**. As adequate protection for, and on account of, the Trustee's use, sale or lease of the Real Property during the Chapter 7 Cases, the effects of the Stipulation, and the imposition of the automatic stay pursuant to Section 362 of the Bankruptcy Code, the Stipulation grants SF Motors adequate protection payments in the amount of $1,000,000 per month, payable on or before the last day of each month of the Chapter 7 Cases (the "Adequate Protection Payments") until the earlier of (i) the sale, assumption, assignment, rejection, abandonment or other disposition of the Real Property and/or Land Contract by the Trustee or (ii) the closing of the Chapter 7 Cases (the "Adequate Protection Period"). The foregoing shall be subject to the rights of the Parties to agree to, or request in the event the Parties cannot agree but either Party nevertheless deems such request warranted under the circumstances, that the Court grant lesser or greater adequate protection. For clarity, the first Adequate Protection Payment is due on June 30, 2022, and shall be paid within five (5) business days of the Stipulation Effective Date. As additional adequate protection, the Trustee agrees to pay that certain annual rental payment in the amount of $71,797 due on or before August 1, 2022, arising from that certain sublease agreement among ELM and SF Motors for the lease of a parking lot adjacent to the Real Property.

    d) **Reservation of Rights Under Applicable Law**. In connection with the Real Property and the Land Contract, including but not limited to in connection with any request for the approval of any sale, transfer, assignment or other disposition of the Real Property and/or the Land Contract, SF Motors reserves all of its rights under the Bankruptcy Code, including but not limited to Section 362(d), Section 363(f), and Section 363(k), or otherwise under other applicable law. The Trustee likewise reserves all rights under the Bankruptcy Code or otherwise under other applicable law in connection with the Real Property and the Land Contract, including but not limited to in connection with any request for the approval of any sale, transfer, assignment or other disposition of the Real Property and/or the Land Contract.

    e) **Waiver of the Fourteen (14) Day Stay Under Bankruptcy Rules**. The Stipulations provides that any Order approving the Stipulation shall provide that the fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) or any other applicable stay under the Bankruptcy Rules are waived and shall not apply to the Stipulation.

### RELIEF REQUESTED AND BASIS THEREFOR

9.    By this Motion, the Trustee seeks entry of the Proposed Order attached hereto approving the Stipulation. The Trustee needs to use and possess the Real Property in order to maintain the Real property and maximize its value in connection with a pending process for the sale of the Debtors' assets. As set forth above, the Trustee believes that the Real Property is a

principal asset of the Debtors' Estates and has substantial value. The Trustee intends to maintain the Real Property pending a sale process in order to maximize value. SF Motors, who asserts an interest in the Real Property has agreed to cooperate in that process, provided that it receives adequate protection on the terms set forth in the Stipulation.

10. Pursuant to section 363(b)(1) of the Bankruptcy Code, a trustee may use, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b)(1). In addition, section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used . . . by the trustee, the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).

11. While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as periodic payments, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *Resolution Trust Corp. v. Swedeland Dev. Grp., Inc. (In re Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case by case basis."); *In re Satcon Tech. Corp.*, No. 12-12869, 2012 WL 6091160, at *6 (Bankr. D. Del. Dec. 7, 2012); *In re N.J. Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *14 (Bankr. D.N.J. June 29, 2006), *In re Columbia Gas Sys., Inc.*, Nos. 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992); *see also In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy ¶ 361.01 [1] at 361-66 (15th ed. 1993) (explaining that adequate protection can take many forms and "must be determined based upon equitable consideration arising from particular facts of each

5

proceeding"); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("[T]he determination of adequate protection is a fact-specific inquiry…left to the vagaries of each case . . . .") (citation and quotation omitted).

12. The Trustee respectfully submits the proposed adequate protection to be provided to SF Motors under the Stipulation is appropriate and sufficient under the circumstances. As a threshold matter, the terms of the Stipulation were carefully negotiated and SF Motors, who asserts a senior interest in the Real Property, has consented to the terms thereof. Moreover, the Stipulation provides material benefits to the Estates, both in terms of use and possession of the Real Property and in financial concessions by SF Motors. Indeed, under the terms of the Land Contract, the Debtors are required to make monthly payments over $3 million per month to SF Motors. By contrast, under the Stipulation, the Estates will only pay $1 million per month to SF Motors while the Trustee attempts to maximize the value of the Real Property. This is a substantial savings that will inure to the benefit of the Estates and creditors.

## WAIVER OF FOURTEEN DAY STAY

13. To the extent applicable, the Trustee requests that the Court waive the 14-day stay period under Bankruptcy Rule 6004(h) or any similar rule. The waiver of the any such stay is an express term of the Stipulation.

## NOTICE

14. Notice of this Motion has been given to the following parties or their counsel of record, if known: (i) the Office of the United States Trustee; (ii) the parties who have requested notice of proceedings in this Chapter 7 Cases pursuant to Bankruptcy Rule 2002; and (iii) counsel to SF Motors  The Trustee submits, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

15. No prior request for the relief sought in this Motion has been made to this Court or any other Court.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in the Motion, enter the Proposed Order approving the Stipulation, and grant the Trustee such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 8, 2022 | By: */s/ Alan M. Root* <br> Alan M. Root (DE No. 5427) <br> Bryan J. Hall (DE No. 6285) <br> ARCHER & GREINER, P.C. <br> 300 Delaware Avenue, Suite 1100 <br> Wilmington, DE 19801 <br> Telephone: 302-777-4350 <br> Facsimile: 302-777-4352 <br> Email: aroot@archerlaw.com <br> bjhall@archerlaw.com <br><br> *Proposed Counsel to the Chapter 7 Trustee* |