## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*, [1] | Case No. 22-10537 (MFW) (Jointly Administered) |
| Debtors. | **Re: Dkt. No. 99** |

**DECLARATION OF J. SCOTT VICTOR IN SUPPORT OF ENTRY OF ORDER (A) ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) APPROVING A BREAKUP FEE; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

I, J. Scott Victor, hereby declare (the "Declaration") that the following is true and correct to the best of my knowledge, information, and belief.

1.      I am over 18 years of age and am a Founding Partner and Managing Director of SSG Advisors, LLC ("SSG") and its registered broker/dealer affiliate, SSG Capital Advisors, LLC. I have over 38 years of experience in advising businesses facing operational or financial challenges, including bankruptcy proceedings. I have extensive experience: (i) marketing companies or their assets for sale, including experience marketing companies in distress and companies in bankruptcy cases; (ii) raising capital for special situation transactions; and (iii) restructuring companies' balance sheets both in court and out of court. Since 2000, I have completed over 250 sale, refinancing and restructuring transactions in North American and Europe

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

for companies facing operational and/or financial challenges, including more than 150 bankruptcy transactions. I am a Fellow of the American College of Bankruptcy, past Chairman and President of the Turnaround Management Association, and previously served on the Board of Directors for the American Bankruptcy Institute.

2.      SSG is an internationally recognized special situation investment banking firm with its office outside of Philadelphia. Since its founding, SSG has completed over 400 investment banking assignments. SSG's professionals have expertise in mergers and acquisitions, private placements, financial restructurings, valuations, licensing transactions, and financial advisory services. Moreover, SSG has substantial expertise in advising troubled companies in numerous situations, including in connection with asset sales and related issues.

3.      Through SSG, I am the investment banker for David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors").  SSG's principal duties have been marketing and negotiating in connection with the Trustee's efforts in to sell substantially all of the Debtors' assets in one or more value maximizing transactions.

4.      I make this declaration in support of the Trustee's Amended Motion [Dkt. No. 99] (the "Bid Procedures Motion")[2] seeking entry of an Order: (i) approving the proposed bidding procedures (the "Bidding Procedures") by which the Trustee will solicit and select the highest or otherwise best offer for the Debtors' assets; (ii) approving certain notice procedures with respect to the Sale; (iii) establishing procedures for the assumption and assignment of executory contracts

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

and unexpired leases, including notice of proposed cure amounts; (iv) approving the Breakup Fee; (v) scheduling a Sale Hearing; and (vi) granting related relief (the "Bidding Procedures Relief").

5.      I am authorized to submit this Declaration on behalf of the Trustee. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would testify thereto.

6.      Since SSG's retention, the Trustee and his advisors have been engaged in a marketing process for purchasers for the Debtors' assets.  This process has been ongoing for more than 80 days.

7.      The Trustee, with the assistance of SSG and his other advisors, has developed a list of 246 strategic and financial parties that may have interest in, and the financial resources to, consummate a purchase of the Debtors' assets (the "Contact Parties").  Each of the Contact Parties have been sent a sale teaser and/or have been separately contacted by the Trustee, SSG or the Trustee's other advisors.

8.      As of the filing of this Declaration, 40 parties have executed a non-disclosure agreement with the Trustee (an "NDA").  As parties execute an NDA they are provided with access to a virtual data room established by the Trustee, with the assistance of SSG and the Trustee's other advisors.   The Trustee's professionals and independent contractors have also made themselves available to parties to answer questions regarding the Debtors' operations and assets and multiple parties have done site tours of the Debtors' operations.

9.      I believe that the marketing process run to date has been deliberate and fulsome.  I further believe that the universe of potential buyers for the Debtors' assets has been substantially canvassed.  Moreover, given the process that has been run thus far, many of the potential bidders

have already had the opportunity to engage in substantial due diligence regarding the Debtors'
assets and have submitted preliminary indications of interest to the Trustee.

10.     The proposed Bidding Procedures sets forth a deadline of October 3, 2022 for
bidders to submit bids to the Trustee (the "Bid Deadline").  Given the process run to date, and the
advanced stage of diligence, I believe that bidders should be in a position to submit bids for the
Debtors' assets by the Bid Deadline and that the timeline and deadlines set forth in the Bidding
Procedures are appropriate under the circumstances, especially when considering the substantial
carrying costs associated with the Debtors' assets.  I further believe that the proposed Bidding
Procedures and the opportunity for competitive bidding embodied therein are both reasonable and
designed to maximize the value received for the Debtors' assets under the circumstances.

11.     As set forth in the Bid Procedures Motion, the Trustee has come to terms with
Mullen Automotive Inc. to serve as the stalking horse bidder (the "Stalking Horse Bidder") for the
sale of substantially all of the Debtors' assets.  An asset purchase agreement (collectively with all
exhibits and schedules, the "Stalking Horse APA"), has been entered into between the Trustee, on
behalf of the Debtors' estates and the Stalking Horse Bidder  Importantly, the Stalking Horse Bid
sets a floor of almost $100 million in total consideration for substantially all the Debtors' assets,
which represents a material benefit to the Debtors' estates.

12.     I understand that the Bid Procedures Motion seeks approval of a Breakup Fee of
$1,650,000, which represents three percent (3%) of the Cash Consideration under the terms of the
Stalking Horse APA.  I further understand that the Stalking Horse Bidder is not entitled to an
expense reimbursement or other "stalking horse protections" under the terms of the Stalking Horse
APA.  I further understand that the Stalking Horse Bidder would not have entered into the Stalking
Horse APA absent the inclusion of the Breakup Fee.  In my experience, a 3% breakup fee is well

within the market for asset sales in bankruptcy and I believe the Breakup Fee should be approved given the benefits the Stalking Horse Bid provides in terms of setting a bidding floor of close to $100 million for the Debtors' assets.

13.     For the reasons set forth herein and in the Bid Procedures Motion, I believe that the Bid Procedures Relief should be granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

 Dated:  September 20, 2022                      */s/ J. Scott Victor*
                                                 J. Scott Victor

225651763v1