**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Re: Dkt. No. 99** |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES RELATING TO
THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B)
ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; (C) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE
AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS,
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF;
AND (D) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates (collectively, the "Estates") of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, *inter alia*, (i) establishing and approving Bidding Procedures; (ii) approving certain notice procedures with respect to the Sale; (iii) establishing procedures for the transfer, assumption and assignment of contracts and leases; (iv)

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion or the Stalking Horse APA (as applicable).

approving the Breakup Fee; (v) scheduling a hearing to consider the Sale, and (vi) granting related relief; and this Court having found that it has jurisdiction pursuant over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice hereof being necessary or required; and the Court having found that the Trustee has articulated good and sufficient reasons in support of the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures, (ii) approval and authorization to serve the Sale Notice and the Cure Notice and (iii) approval of the Breakup Fee; and it appearing to the Court that based upon the representations contained in the Motion, the issuance of this Order is in the best interest of the Estates and creditors; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1      The Bidding Procedures Relief set forth in the Motion is GRANTED.

2      All objections to the Bidding Procedures Relief set forth in the Motion (and all reservations of rights included therein) are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

**Approval of Bidding Procedures**

3      The Bidding Procedures attached hereto as **Exhibit 1** are approved in their entirety. The process for soliciting bids for the Acquired Assets as set forth in the Bidding Procedures (i) is designed to maximize the value to be achieved for the Acquired Assets under the circumstances; (ii) will ensure a competitive and efficient bidding process; and (iii) is fair and reasonable under the circumstances. The Bidding Procedures shall govern the submission, receipt and analysis of

all bids relating to the Sale and any party desiring to submit a Bid shall do so strictly in accordance with the terms of the Bidding Procedures and this Order.

4        Within two (2) business days following the entry of this Order or as soon as reasonably practicable thereafter (the "Mailing Date"), the Trustee shall serve a sale notice in the form annexed hereto as **Exhibit 2** (the "Sale Notice"), this Order and the Bidding Procedures by e-mail, first-class mail, postage prepaid, or, for those parties who have consented to receive notice by the Electronic Case Files ("ECF") system, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Acquired Assets; (ii) all entities known to have asserted any lien in or upon any of the Acquired Assets; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Stalking Horse Bidder; and (v) all parties who have requested notice pursuant to Federal Rules of Bankruptcy Procedure Rule 2002.

5        In addition, on the Mailing Date, the Trustee shall serve the Sale Notice only by electronic mail, first-class mail, postage prepaid or, for those parties who have consented to receive notice by the ECF system, by ECF, upon (i) the United States Attorney's Office for the District of Delaware; (ii) the Internal Revenue Service; (iii) the Environmental Protection Agency; (iv) all parties who have filed a proof of claim by the Mailing Date; and (v) all parties listed on the Debtors' creditor matrix [Dkt. No. 2].

6        Notice as set forth in paragraphs four (4) and five (5) hereof is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale.

### Sale Hearing[3]

7      The hearing to approve the Sale of the Acquired Assets will be held on October 13, 2022 at 4:00 p.m. (Eastern), such hearing may be adjourned without further notice other than an announcement in open Court at the Sale Hearing or filing of a notice of adjournment of such Sale Hearing in these cases.

8      The deadline to object to the Sale shall be October 5, 2022 at 4:00 p.m. (Eastern). Objections to the Sale, if any, shall be in writing, filed with the Court and served upon (a) the Trustee, David W. Carickhoff (dcarickhoff@archerlaw.com); (b) counsel for the Trustee, Attn: Alan M. Root, Esq. (aroot@archerlaw.com); and (c) the Office of the United States Trustee, Attn: Linda J. Casey (linda.casey@usdoj.com), so as to be actually received on or before the Sale Objection Deadline. Service via email is acceptable.

9      The failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order and/or consummation of the Sale, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including the transfer of the Debtors' right, title and interest in, to and under the Acquired Assets, free and clear of any and all Liens in accordance with a definitive agreement for any Sale.

### Assumption and Assignment Procedures

10     No later than 30 days after the Closing Date (as defined in the Stalking Horse APA), Trustee shall file with the Court and serve on each applicable counterparty a notice substantially in the form annexed hereto Order as **Exhibit 3** (the "Cure Notice") identifying each contract or lease that may be transferred, assumed and assigned to the Successful Bidder. The Trustee may

---

[3] The Sale Hearing Date and Sale related deadlines set forth herein and in the Bidding Procedures are summarized in the chart attached hereto as Exhibit A. All such deadlines are approved hereby.

file more than one Cure Notice and, by listing a contract or lease on the Cure Notice, the Trustee has not committed that such contract or lease will in fact be transferred, assumed and assigned to the Successful Bidder.

11      The Cure Notice shall state (i) the cure amount that the Trustee believes is necessary to assume and assign each contract or lease listed thereon pursuant to Bankruptcy Code section 365 (the "Cure Amount"), (ii) notify each counterparty listed thereon that such party's contract or lease may be transferred assumed and assigned to the Successful Bidder, and (iii) state the deadlines by which the non-Debtor counterparty must file an objection to the Cure Amount or to the transfer, assumption and to the assumption and assignment of such contract or lease to the Successful Bidder.

12      The form Cure Notice attached hereto as **Exhibit 3** is reasonably calculated to provide counterparties to the Assumed Contracts with proper notice of the intended transfer, assumption and assignment of the Assumed Contracts, any Cure Amount relating thereto and procedures for objecting to the transfer, assumption or assignment of the Assumed Contracts. Accordingly, the form of Cure Notice attached hereto as **Exhibit 3** is hereby approved.

13      Any objection to the Cure Amount or to the proposed assumption or assignment of, any contract or lease listed on the Cure Notice on any grounds, including on the grounds of lack of adequate assurance (collectively, the "Assignment Objections"), must be filed with the Court and served on the Trustee and his counsel within fourteen (14) days after the filing of the Cure Notice (the "Cure/Assignment Objection Deadline").  Any Assignment Objections must (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) state with specificity the legal and factual basis for such objection; and (iv) if such objection

relates to the Cure Amount, state with specificity what cure the counterparty believes is required with appropriate documentation in support thereof.

14     Any counterparty to an Assumed Contract who does not timely file an Assignment Objection by the deadlines set forth herein shall be deemed to have consented to the transfer, assumption and assignment of its Assigned Contract to the Successful Bidder pursuant to section 363 or 365 of the Bankruptcy Code, as applicable, and shall be forever barred and estopped from objecting to such transfer, assumption assignment on all grounds, including on the grounds lack of adequate assurance.

15     Any Assignment Objection(s) not resolved between the parties shall be heard at the Sale Hearing or such other date set for hearing as fixed by the Court.

### Breakup Fee

16     The Trustee has demonstrated compelling business justifications for the Breakup Fee.  Among other things, the Breakup Fee is reasonable and appropriate in light of the size and nature of the proposed Sale to the Stalking Horse Bidder and the efforts that have been and will be expended by the Stalking Horse Bidder.  Without further Order of this Court, the Trustee is authorized to pay the Breakup Fee to the Stalking Horse Bidder, solely to the extent that the Breakup Fee becomes payable under the express terms of the Stalking Horse APA.   The Breakup Fee shall be payable solely from the proceeds of a closing on a Competing Transaction for the Acquired Assets. The Stalking Horse Bidder is not seeking and shall not be entitled to an expense reimbursement or any other similar bidder protections.

**Miscellaneous**

17     The Trustee is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

18     To the extent there is any inconsistency between the terms of this Order and the Bidding Procedures, the terms of this Order shall control.

19     Notwithstanding any applicability of Rules 6004(h), 6006(d), 7062 or 9014 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

20     This Court retains jurisdiction with respect to all matters, claims, rights or disputes arising from, based upon or related to this Order.

# EXHIBIT A

## (Chart of Sale Related Deadlines)

| Deadline | Date |
|---|---|
| Bid Deadline | October 3, 2022 at 5:00 p.m. (ET) |
| Auction[4] | October 6, 2022 at 1:00 p.m. (ET) |
| Sale Objections | October 5, 2022 at 4:00 p.m. (ET) |
| Cure and Assignment Objections | 4:00 p.m. (ET) fourteen (14) days after filing of Cure Notice |
| Sale Hearing | October 13, 2022 at 2:00 p.m. (ET) |
| Closing | Within 30 days after entry of Sale Order. |

225245189v3

---

[4] An auction will only be held if there is more than one Qualified Bidder.

Dated: September 22nd, 2022
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

8