**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*, [1] | Case No. 22-10537 (MFW) (Jointly Administered) |
| Debtors. | **Re: Dkt. No.  99** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Upon the Amended Motion of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), for Entry of an Order Pursuant To 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 (I) Approving the Sale of Substantially All of the Debtors' Assets; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Dkt. No. 99] (the "Motion"); and a hearing having been held (the "Sale Hearing") to consider approval of the sale of the Acquired Assets to the Buyer (as well as the transfer, assumption and assignment of the Assumed Contracts to the Buyer) pursuant to the terms and conditions of the Asset Purchase Agreement (as subsequently amended or modified, the "Purchase Agreement")[2] by and between the Trustee and Mullen Automotive, Inc. (the "Buyer"); and adequate and sufficient notice of the Motion, and the Purchase Agreement and this Sale Order

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion, or Purchase Agreement, as applicable.

having been given; and the Court having reviewed and considered: (i) the Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing or submitted in advance of the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

**FOUND AND DETERMINED THAT:**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement (the "Sale Transaction") under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The Court may enter a final order with respect to the Motion, the Sale Transaction, and all related relief, in each case, consistent with Article III of the United States Constitution.

C.    The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002, 6004 and 6006.

D.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

E.    As evidenced by the affidavits or certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Purchase Agreement, the Sale Hearing, and the other relief granted herein have been provided in accordance with

2

401689283.2

Bankruptcy Code sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006; (ii) such notice was good, sufficient and appropriate under the circumstances and in accordance with the Bid Procedures Order; and (iii) no other or further notice of the Motion, the Sale Hearing, the sale of the Acquired Assets, and the other relief granted herein is or shall be required.

F.      A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Buyer; (iii) any entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Acquired Assets; (iv) any party reasonably known to have expressed an interest in acquiring some or substantially all of the Acquired Assets; (v) any party that has requested notice in these cases pursuant to Bankruptcy Rule 2002; (vi) the Internal Revenue Service; (vii) the United States Attorney's offices for the District of Delaware; (viii) the Environmental Protection Agency; (ix) all parties who filed a proof of claim by the Mailing Date; and (x) all parties listed on the Debtors' creditor matrix [Dkt. No. 2].

G.      The Bid Procedures approved by the Bid Procedures Order were non-collusive and substantively and procedurally fair to all parties.

H.      As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration before the Sale Hearing, (1) the Trustee has appropriately marketed the Acquired Assets under the circumstances; and (2) a full, fair and reasonable opportunity has been given to any interested party to make a higher or better offer for the Acquired Assets.

401689283.2

I.       The Buyer (i) is purchasing the Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law.  The Buyer otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Acquired Assets, (b) the Buyer was subjected to a bidding process designed to solicit competitive bids, (c) all payments to be made by the Buyer in connection with the Purchase Agreement have been disclosed, (d) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction, and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent counsel of their choosing.

J.       The consideration provided by the Buyer pursuant to the Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, and the Uniform Fraudulent Conveyance Act).  The Purchase Agreement was not entered into, and neither the Trustee nor the Buyer has entered into the Purchase Agreement or propose to consummate the Sale Transaction, for the purpose of hindering, delaying or defrauding the Debtors' present or future creditors.

K.       The Buyer is not a mere continuation of the Debtors or the Estates, and there is no continuity of enterprise or common identity between the Buyer and the Debtors.  The Buyer is not holding itself out to the public as a continuation of the Debtors or the Estates. Except as otherwise explicitly set forth in the Purchase Agreement, the transfer of the Acquired Assets to the Buyer does

4

401689283.2

not, and will not, subject the Buyer to any liability whatsoever, with respect to the Debtors, their creditors past, present, and future, or the operation of the Debtors' businesses prior to the Closing or by reason of such transfer including under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of, successor, vicarious, antitrust, environmental, revenue, pension, ERISA, tax, labor (including but not limited to any WARN Act), employment or benefits, de facto merger, business continuation, substantial continuity, alter ego, derivative, transferee, veil piercing, escheat, continuity of enterprise, mere continuation, product line, or products liability or law, or other applicable law, rule, or regulation (including filing requirements under any such law, rule, or regulation), or theory of liability, whether legal, equitable, or otherwise.

L.      Subject to the entry of this Sale Order, the Trustee has full power and authority to execute, deliver and perform the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized.  No government, regulatory or other consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the Sale Transaction described therein.

M.      The transfer of the Acquired Assets to the Buyer shall be a legal, valid and effective transfer of the Acquired Assets and shall vest the Buyer at Closing with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all liens, claims, encumbrances and other interests, other than as explicitly set forth in the Purchase Agreement (collectively, "Liens").

N.      The Trustee shall transfer the Acquired Assets to the Buyer free and clear of all Liens, if any, in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens against the Debtors, the Estates or

5

any of the Acquired Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

O.      A sale of the Acquired Assets other than one free and clear of Liens on the terms set forth herein would be of substantially less benefit to and would adversely affect the Estates.

P.      The Buyer or the Trustee, as applicable, in accordance with the terms of the Purchase Agreement, and the provisions relating to the Assumed Contracts therein shall (i) cure any default existing prior to the date hereof under any of the Assumed Contracts that are executory contracts or unexpired leases under section 365 of the Bankruptcy Code and (ii) provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, solely in the amount set forth in the Cure Notice (unless otherwise ordered by the Court), and Buyer will provide adequate assurance of future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code, to the extent requested.

Q.      Any Cure Notices, identifying Assumed Contracts that will be assumed and assigned or otherwise transferred to the Buyer under the Purchase Agreement plus the corresponding Cure Amount shall be served on all non-Debtor counterparties to such Assumed Contracts identified therein on or prior to 30 days after the Closing Date. The Trustee may file and serve more than one Cure Notice.  Such notice shall be good, sufficient and appropriate under the circumstances and no other or further notice need be provided in connection with the transfer, assumption and assignment of the Assumed Contracts and fixing of Cure Amounts related thereto.

R.      To the extent any Assumed Contract is not an executory contract or unexpired lease subject to section 365 of the Bankruptcy Code, the Trustee is authorized to transfer all of the

6

Debtors' rights and obligations under such Assumed Contract and the associated Acquired Assets to the Buyer, pursuant to section 363 of the Bankruptcy Code.

S.      Failure to object to the transfer, assumption and assignment of an Assumed Contract is deemed consent to the transfer, assumption and assignment.

T.      It is a reasonable exercise of the Trustee's business judgment to consummate the Sale Transaction contemplated by the Purchase Agreement and all related agreements, and such actions are in the best interests of the Estates and creditors.  The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale Transaction.

U.      The Purchase Agreement is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable against the Buyer and the Trustee according to its terms.

V.      The Trustee has shown good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h) and 6006(d).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is granted as set forth herein.

2.      The Findings and Determinations set forth above in Paragraphs A through V are hereby incorporated herein and made a part of this Order.

3.      Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been adjourned, withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled.

7

## **Approval of the Purchase Agreement and the Sale Transaction**

4.     The Purchase Agreement and the Sale Transaction contemplated thereunder are hereby approved.

5.     The Buyer's offer for the Acquired Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Acquired Assets under the circumstances and is hereby approved.

6.     The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or appropriate to implement the Purchase Agreement and effectuate the Sale Transaction, subject to the terms of and as contemplated by the Purchase Agreement.

7.     Except as otherwise set forth in the Purchase Agreement, the transfer of the Acquired Assets to the Buyer shall vest the Buyer with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all Liens, with all such Liens attaching to the net cash proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have as against the Acquired Assets, subject to any claims, and defenses the Trustee or the Debtors' Estates may possess with respect thereto.  All holders of Liens fall within one or more subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens attach to the net proceeds received by the Trustee.

8.     Upon the Closing of the Sale, each of the Debtors' creditors and any other holder of a Lien are required to execute such documents and take all other actions as may be necessary to release its Lien on the Acquired Assets, if any, as such Lien may have been recorded or may otherwise exist.

8

9.      If any person or entity that has filed financing statements, mortgages, lis pendens or other documents or agreements evidencing Liens on the Acquired Assets and has not delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Liens that the person or entity has with respect to the Acquired Assets, then: (a) the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Liens on the Acquired Assets of any kind or nature whatsoever.  Each and every filing agent, filing officer, title agent,  recording  agency,  governmental agency or  department, secretary of  state,  federal,  state  and  local official, and any other person and entity who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets, is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

10.     This Sale Order: (a) shall be effective as a determination that, at Closing, all Liens of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated as to the Acquired Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the net proceeds of those Acquired Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages,

9

recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

11.     The sale, transfer, assignment and delivery of the Acquired Assets shall not be subject to any Liens.  All persons holding Liens against or in the Debtors or the Acquired Assets of any kind or nature whatsoever hereby are forever barred and estopped from asserting, prosecuting or otherwise pursuing such Liens of any kind or nature whatsoever against the Buyer or its officers, directors, shareholders, affiliates or partners, its property or its successors and assigns or the Acquired Assets, as an alleged successor, to the greatest extent allowable by applicable law, or otherwise, with respect to any Lien of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtors, the Estates, or their respective officers, directors or shareholders or the Acquired Assets.

12.     Except as expressly provided in the Purchase Agreement, Buyer is not assuming any debts, obligations, or responsibilities of the Debtors, the Trustee, or the Estates.  The Buyer shall have no liability or responsibility for any liability or other obligations or responsibilities of the Debtors, their Estates, or the Trustee arising under or related to the Acquired Assets other than as expressly set forth in the Purchase Agreement.

### Transfer of Assumed Contracts

13.     The Trustee is hereby authorized in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, as applicable, to (a) transfer, assume, assign and sell to the Buyer, effective and conditioned upon the Closing, the Assumed Contracts and (b) execute and deliver to

10

Buyer such documents or other instruments that may be reasonably necessary or appropriate to assign and transfer the Assumed Contracts to the Buyer.

14.    With respect to each executory contract or unexpired lease timely designated by Buyer as an Assumed Contract, upon the later of the Closing Date or the date upon which the conditions to effectiveness in paragraph 18 hereof shall have occurred for such Assumed Contract: (a) each such Assumed Contracts (i) shall be transferred and assigned to Buyer effective as of the Closing Date, and (ii) shall remain in full force and effect for the benefit of the Buyer, notwithstanding any provision in any such Assumed Contracts (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code; (b) except as expressly otherwise provided in the Purchase Agreement with respect to payment of any Cure Amount, the Estates shall be relieved from any further liability with respect to such Assumed Contracts and the associated Acquired Assets following assignment; (c) the Trustee may assume such Assumed Contracts, to the extent such Assumed Contracts are executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code after payment of the applicable Cure Amount, if any, in the Cure Notice (or such other amount agreed to by Buyer and a counterparty to an Assumed Contract); (d) the Trustee may assign and sell such Assumed Contracts, and all rights thereunder, regardless of whether any such Assumed Contract is an executory contract or unexpired lease, in accordance with sections 363 and/or 365 of the Bankruptcy Code, as applicable, and any provisions in any such Assumed Contracts that prohibit or condition the assignment of such Assumed Contracts or allow the party to such Assumed Contracts to terminate, recapture, set off (if not exercised pre-petition), impose any penalty, condition renewal or extension or modify any term or condition upon the assignment of such

11

Assumed Contracts, constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (e) all other requirements and conditions under sections 363 and 365, to the extent applicable, (including without limitation, the satisfaction of the requirements under Section 365(c)(1)) of the Bankruptcy Code for the assumption by the Trustee and sale and assignment to the Buyer of such Assumed Contracts have been satisfied; and (f) upon assignment, in accordance with sections 363 and 365 of the Bankruptcy Code, as applicable, the Buyer shall be fully and irrevocably vested in all of the Debtors' right, title and interest in and to such the Assumed Contracts, and all rights thereunder.

15.     Upon the Trustee's transfer and assignment of the Assumed Contracts, no default shall exist under any of the Assumed Contracts and no counterparty thereto shall be permitted to declare or enforce a default by the Debtors, Trustee or Buyer thereunder or otherwise take any action.  All defaults or other obligations of the Debtors or the Estates under the Assumed Contracts arising prior to assignment (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), are deemed satisfied by the payment of the Cure Amount, if any, with respect to each Assumed Contract in those amounts set forth in the Cure Notice (or such other amount agreed to by Buyer and a counterparty to an Assumed Contract).

16.     Each non-Debtor party to an Assumed Contract is hereby forever barred and estopped from asserting against the Buyer, or the Acquired Assets, any default arising prior to or existing as of the assignment to Buyer, any indemnification claims or any counterclaim, setoff (if not exercised pre-petition) or any other Claim asserted or assertable against the Debtors or the Estates.  The validity of such assumption, assignment, transfer and sale of the Assumed Contracts, which shall in all events be effective as of the Closing Date, shall not be affected by the pendency

12

or resolution of any dispute between the Trustee and any non-Debtor party to an Assumed Contract.

17.    To the extent a counterparty to any of the Assumed Contracts failed or fails to timely object to a Cure Amount, such Cure Amount in the amount set forth in the Cure Notice shall be deemed to be finally determined and any counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time.

18.    The effectiveness of the provisions of paragraphs 13 through 17 of this Sale Order, and the Trustee's obligation to assume and assign to Buyer any particular Assumed Contract shall be subject to (i) the Trustee serving a Cure Notice on non-Debtor counterparties to the applicable Assumed Contracts and (ii) any subsequent ruling of the Court on any timely filed Cure Objection and/or Assumption and Assignment Objection (or in the absence of any such objections, the passage of the applicable objection deadlines). For the avoidance of doubt, the Estates are not assuming any contracts pursuant to the Purchase Agreement that are not being immediately assigned to the Buyer.

19.    The failure of the Trustee or the Buyer to enforce at any time one or more terms or conditions of any of the Assumed Contracts shall not be a waiver of such terms or conditions, or of the Trustee's and the Buyer's rights to enforce every term and condition of the Assumed Contracts.

20.    In accordance with the Purchase Agreement, Buyer shall close on Sale Transaction regardless whether or not the Court determines that (i) a particular Assumed Contract may not be assumed and assigned to the Buyer under applicable law or otherwise or (ii) the counterparty to a particular Assumed Contract is entitled to a Cure Amount or adequate assurance to which the Buyer does not agree.

401689283.2

**Additional Provisions**

21.     The consideration provided by Buyer for the Acquired Assets under the Purchase Agreement is fair and reasonable and may not be avoided.

22.     The transactions are undertaken by Buyer without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the sale and transfer of the Acquired Assets to Buyer, unless such authorization is duly stayed pending such appeal.  Buyer is a good-faith purchaser of the Acquired Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

23.     The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' Estates.

24.     By virtue of the Purchase Agreement and the Sale Transaction, the Buyer and its successors and assigns shall not be deemed or considered to:  (i) be a legal successor, or otherwise be deemed a successor to the Debtors for any purpose or reason; (ii) have, *de facto* or otherwise, merged with or into the Debtors; (iii) be a consolidation with the Debtors or the Estates; or (iv) be an alter ego or a continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtors, their Estates, or their respective business or operations, in each case by any law or equity.

14

25.     The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

26.     To the extent of any conflict between the Purchase Agreement and this Sale Order, then this Sale Order shall govern.

27.     This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtors (whether known or unknown), any holders of Liens, all non-Debtor parties to any of the Assumed Contracts, the Buyer and all successors and assigns of the Buyer, the Trustee, the Debtors and the Estates, and the Acquired Assets; and (b) shall not be subject to rejection.

28.     The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h), 6006(d) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

29.     This Court shall retain jurisdiction to interpret, implement and enforce this Sale Order.

401689283.2