# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Re: Dkt. No. 99** |

**DECLARATION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, IN SUPPORT OF ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 6006 (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

I, David W. Carickhoff, hereby declare (the "Declaration") that the following is true and correct to the best of my knowledge, information, and belief.

1. I am over 18 years of age and I am the duly appointed chapter 7 trustee of the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors').

2. I make this declaration in support of the Amended Motion [Dkt. No. 99] (the "Sale Motion")[2] seeking entry of an Order: (i) approving the sale of substantially all of the Debtors' assets (the "Acquired Assets"), (ii) approving the assumption and assignment of executory contracts and unexpired leases, and (iii) granting related relief (the "Sale Relief").

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would testify thereto.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

4.    Since my appointment as Trustee, I have been actively involved in efforts to sell and to maximize the value of the Debtors' assets.

5.    To that end, I have retained SSG Advisors, LLC ("SSG") to serve as my Court approved investment bankers. SSG's principal duties have been to assist me in connection with my efforts to sell substantially all of the Debtors' assets in one or more value maximizing transactions.

6.    With the assistance of SSG and my other advisors, I have engaged in an extensive marketing process for purchasers for the Acquired Assets. This marketing process lasted over 90 days, through and including the Bid Deadline of October 3, 2022.

7.    As a result of the marketing process, I entered into a stalking horse asset purchase agreement (collectively with all exhibits and schedules, the "Stalking Horse APA") with Mullen Automotive Inc. (the "Stalking Horse Bidder") for the sale of substantially all of the Debtors' assets. The Stalking Horse APA was negotiated in good faith and at arms' length. The total consideration to be provided by the Stalking Horse Bidder under the Stalking Horse APA exceeds $92 million.

8.    Other than the Stalking Horse APA, I did not receive any Qualified Bids for any of the Acquired Assets by the Bid Deadline. I did receive one bid for certain assets, but determined, in my business judgment, and in consultation with my advisors, that such bid was not a Qualified Bid.

9.    In accordance with the Bidding Procedures and in the exercise of my business judgment, I have declared the Stalking Horse APA as the Successful Bid and I am pursuing approval of the Stalking Horse APA.

10. It is my business judgment that the Stalking Horse APA is the highest and best offer received after extensive marketing, including through the Court approved Bidding Procedures, and maximizes the value of the Acquired Assets under the circumstances. I believe that the total consideration to be provided by the Stalking Horse Bidder under the terms of the Stalking Horse APA is fair and adequate under the circumstances and constitutes reasonably equivalent value and fair consideration for the Acquired Assets.

11. To the best of my knowledge, the Stalking Horse Bidder and its counsel and advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the sale of the Debtors' assets. In particular, to the best of my knowledge, the Stalking Horse Bidder (i) at all times complied with the terms of the Bidding Procedures, (ii) did not engage in any collusive bidding or other misconduct with respect to the Stalking Horse Bid, and (iii) conducted all negotiations with respect to the Stalking Horse Bid at arms' length and in good faith.

12. I respectfully submit that a sale of the Acquired Assets to the Stalking Horse Bidder free and clear of Liens is the best way to maximize the value of the Debtors' estates under the circumstances. Any sale other than one free and clear of all Liens would adversely impact the Debtors' estates, creditors and other parties in interest, and would yield substantially less value for the Acquired Assets.

13. I intend to close on the transactions contemplated by the Stalking Horse APA as soon as reasonably practicable in order to avoid substantial additional carrying costs associated with the Acquired Assets. Accordingly, I believe that a waiver of the 14 day stay under Bankruptcy Rule 6004(h) or any similar rule is necessary.

14. For the reasons set forth herein and in the Sale Motion, I believe that the Court should grant the Sale Relief requested by the Sale Motion and approve the sale of the Acquired Assets to the Stalking Horse Bidder pursuant to the terms of the Stalking Horse APA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 10, 2022                    */s/ David W. Carickhoff*
                                            David W. Carickhoff