IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 22-10537 (MFW) |
| | ) | Chapter 7 |
| Electric Last Mile Solutions, Inc., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**DECLARATION OF DAVID MICHERY IN SUPPORT OF TRUSTEE'S SALE MOTION**

I, David Michery, declare:

1. I am the Chief Executive Officer of Mullen Automotive, Inc. ("Buyer"). Buyer is the proposed purchaser of certain specified real and personal property assets of the above-captioned debtors ("Debtors") from David W. Carickhoff ("Trustee"), the Chapter 7 trustee of the Debtors (the "Sale").

2. I have been involved in all material aspects of the Buyer's diligence and consideration of this transaction with the Trustee. I have been authorized by Buyer to take all steps necessary to consummate the Sale. I submit this declaration in support of the Sale, on the terms set forth in the proposed Asset Purchase Agreement ("APA") between Buyer and the Trustee.

3. Buyer discussed a possible sale transaction with the Debtors prior to the filing by the Debtors' of their Chapter 7 petitions herein. Those discussions were very preliminary.

4. The Debtors filed their Chapter 7 petitions on June 14, 2022. After the Chapter 7 filings, Buyer approached the Trustee and began negotiating a potential sale transaction. The negotiations and related due diligence extended over a period of months, finally culminating in the execution of the APA in mid-September, 2022.

5. I am familiar with the Bid Procedures Order, entered herein on September 22, 2022 [D.I. 110] ("Order"). Throughout this process, Buyer complied in all respects with the Order.

1

401695034.1

6. Buyer participated in the sale and bidding process without collusion, in good faith, and on an arm's length basis. Buyer recognized that the Trustee was free to deal with any other party interested in purchasing the Estates' assets. Buyer agreed that its offer was subject to the competitive bidding procedures set forth in the Bid Procedures Order. Purchaser has disclosed all payments to be made in connection with the APA. The negotiation and execution of the APA was at arm's length and in good faith. I believe that the purchase price under the APA is at least the fair market value of the assets being purchased. At all times, Purchaser and the Trustee were represented by competent counsel of their own choosing.

7. Buyer has not engaged in any conduct that would cause or permit the APA to be avoided under Section 363(n) of the Bankruptcy Code. Buyer has not acted in a collusive manner with any person or entity, and Buyer did not enter into any agreement with another bidder or potential bidder that controlled the purchase price of the purchased assets or chilled the bidding.

8. To the best of my knowledge, information, and belief, Buyer is not an insider or an affiliate of either of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, managers, controlling shareholders, or other insiders of the Debtors exists between Buyer and the Debtors. Buyer has engaged the Debtors' former Chief Executive Officer, James Taylor, as a consultant to Buyer and has consulted with Mr. Taylor throughout the sale process. The Trustee has at all times been aware of that relationship.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2022.

_____
David, Michery, Declarant

#05699120v2