UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>ELECTRIC LAST MILE SOLUTIONS, INC., )<br>)<br>)<br>Debtor. )<br>) | Case No. 22-10537 – MFW<br>Chapter 7 |
| In re: )<br>)<br>ELECTRIC LAST MILE, INC. )<br>)<br>)<br>Debtor. )<br>) | Case No. 22-10538 – MFW<br>Chapter 7<br><br>(Jointly Administered) |

**EXHIBIT A TO**
**RANDY MARION ISUZU, LLC**
**dba Randy Marion ELMS**

**Proof of Claim**

The claim of Randy Marion Isuzu, LLC dba Randy Marion ELMS ("Randy Marion Isuzu") arises from certain agreements entered into by and between the Electric Last Mile, Inc. (the "Debtor") and Randy Marion Isuzu. Randy Marion Isuzu understands that the Debtor is a wholly owned subsidiary of Electric Last Mile Solutions, Inc. (the "Debtor's Parent Company"), also a debtor in this Court at Case No. 22-10537-MFW and is the lead debtor in this jointly administered case with the Debtor pursuant to the Order Directing Joint Administration of Debtors' Chapter 7 cases (Docket No. 10). Thus, all docket numbers referenced herein are from the Debtor's Parent Company case.

BACKGROUND

Effective as of September 21, 2021, the Debtor and Randy Marion Isuzu entered into the Electric Last Mile Solutions Dealer Agreement (the "Dealer Agreement"). Among other provisions, the Dealer Agreement authorized Randy Marion Isuzu to purchase and resell at retail the motor vehicles, parts, and accessories manufactured by the Debtor and to allow Randy Marion Isuzu to identify itself as an authorized dealer of the Debtor. At the suggestion of counsel for the Chapter 7 Trustee of the Debtor, the Dealer Agreement is not attached to this proof of claim due to a confidentiality provision in the Dealer Agreement. Although Randy Marion Isuzu is willing to provide a copy of the Dealer Agreement to the Chapter 7 Trustee of the Debtor upon his request, the Chapter 7 Trustee, through his counsel, has informed Randy Marion Isuzu that he is already in possession of a copy of the Dealer Agreement.

Effective as of September 21, 2021, the Debtor and Randy Marion Isuzu entered into the Firm Order Agreement (the "Firm Order Agreement"). Among other provisions, the Firm Order Agreement set forth the terms and conditions by which the Debtor would manufacture and sell to Randy Marion Isuzu certain electric urban delivery and urban utility vehicles. In accordance with the Firm Order Agreement, Randy Marion Isuzu purchased certain electric vehicles from the Debtor. As of the date of the filing of this Proof of Claim, Randy Marion Isuzu is in possession of 287 unsold electric vehicles (the "Unsold Vehicles") that it purchased from the Debtor at a cost of $7,846,580.00. At the suggestion of counsel for the Chapter 7 Trustee of the Debtor, the Firm Order Agreement is not attached to this proof of claim due to a confidentiality provision in the Firm Order Agreement. Although Randy Marion Isuzu is willing to provide a copy of the Firm Order Agreement to the Chapter 7 Trustee of the Debtor upon his request, the Chapter 7 Trustee,

through his counsel, has informed Randy Marion Isuzu that he is already in possession of a copy of the Firm Order Agreement.

On June 14, 2022, the Debtor, and the Debtor's Parent Company each filed a voluntary Chapter 7 bankruptcy petition in this Court and David W. Carickhoff (the "Chapter 7 Trustee") was appointed as the Chapter 7 Trustee for both debtors.

On June 22, 2022, the Debtor filed its Schedules (Docket No. 33) and listed Randy Marion Isuzu on Schedule E/F (at No. 3.91) as having a contingent and unliquidated claim in an "Unknown" amount and listed the Dealer Agreement (at No. 2.148) and the Firm Order Agreement (at No. 2.147) on Schedule G, as executory contracts.

On August 8, 2022, this Court, upon motion of the Chapter 7 Trustee, entered the Order Extending the Deadline to Assume or Reject Executory Contracts and Unexpired Leases (Docket No. 76), which extended the deadline for the Chapter 7 Trustee to assume or reject all Extended Contracts and Leases (other than the Excluded Contracts and Leases), as those terms were defined in the motion, through and including November 11, 2022.

On September 22, 2022, the Court, upon amended motion of the Chapter 7 Trustee, entered an Order (Docket No. 110), which among other provisions, established bid procedures for the Debtor's assets and procedures relating to the assumption and assignment of certain executory contracts of the Debtor.

CLAIMS UNDER THE DEALER AGREEMENT

As of the date of the filing of this Proof of Claim, the deadline of November 11, 2022, for the Chapter 7 Trustee to assume or reject the Dealer Agreement has not passed. Therefore, at the present time, the value of Randy Marion Isuzu's claim under the Dealer Agreement is presently undetermined because the Chapter 7 Trustee still has time to obtain an order from this Court to assume the Dealer Agreement. If the Chapter 7 Trustee obtains an order from this Court for the

assumption of the Dealer Agreement, then Randy Marion Isuzu reserves the right to assert all the protections under Section 365 of the Bankruptcy Code, including, but not limited to, the cure of any defaults and the adequate assurance of future performance. On the other hand, if the Chapter 7 Trustee fails to timely obtain an order from the Court assuming the Dealer Agreement and the Dealer Agreement is rejected, then Randy Marion Isuzu reserves the right to assert a claim for all damages pursuant to Section 365 of the Bankruptcy Code and other applicable law for the rejection and termination of the Dealer Agreement. If the Dealer Agreement is terminated, then Randy Marion Isuzu's unsecured claim against the Debtor and its estate is twenty-five million dollars ($25,000.000.00).

## CLAIMS UNDER THE FIRM ORDER AGREEMENT

As of the date of the filing of this Proof of Claim, the deadline of November 11, 2022, for the Chapter 7 Trustee to assume or reject the Firm Order Agreement has not passed. Therefore, at the present time, the value of Randy Marion Isuzu's claim under the Firm Order Agreement is presently undetermined because the Chapter 7 Trustee still has time to obtain an order from this Court to assume the Firm Order Agreement. If the Chapter 7 Trustee obtains an order from this Court for the assumption of the Firm Order Agreement, then Randy Marion Isuzu reserves the right to assert all the protections under Section 365 of the Bankruptcy Code, including, but not limited to, the cure of any defaults and the adequate assurance of future performance. On the other hand, if the Chapter 7 Trustee fails to timely obtain an order from the Court assuming the Firm Order Agreement and the Firm Order Agreement is rejected, then Randy Marion Isuzu reserves the right to assert a claim for all damages pursuant to Section 365 of the Bankruptcy Code and other applicable law for the rejection and termination of the Firm Order Agreement. Section 9 (Repurchase of Vehicles) of the Firm Order Agreement provides that upon expiration or

termination of the Firm Order Agreement, Randy Marion Isuzu shall have the right (the "Buyer Put Right"), but not the obligation, to sell any unsold vehicles in its inventory to the Debtor for the same price that Randy Marion Isuzu purchased the vehicles from the Debtor.  As set forth herein, Randy Marion Isuzu is currently in possession of the Unsold Vehicles that it purchased from the Debtor at a cost of $7,846,580.00.  Therefore, if the Firm Order Agreement is rejected and terminated, and Randy Marion Isuzu elects to exercise this Buyer Put Right to the Debtor in connection with the Unsold Vehicles, then the Debtor will be obligated to purchase these Unsold Vehicles at current inventory levels for $7,846,580.00.  If the Debtor fails or refuses to purchase the Unsold Vehicles as required by the Buyer Put Right, then the Debtor will be in default under the terms of the Firm Order Agreement and Randy Marion Isuzu will have an unsecured claim against the Debtor and its estate for $7,846,580.00 at current inventory levels.

## RESERVATION OF RIGHT TO AMEND CLAIM

Randy Marion Isuzu reserves the right to amend this proof of claim.

4861-2053-6120, v. 1