# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*,[1] | Case No. 22-10537 (MFW)<br>(Jointly Administered) |
| Debtors. | Hearing Date: November 9, 2022 at 2:00 p.m. (ET)<br>Objection Deadline: November 2, 2022 at 4:00 p.m. (ET) |

## SECOND MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO EXTENDING THE DEADLINE TO ASSUME OR REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors"), hereby moves the Court (this "Motion"), for entry of an order, substantially in the form submitted herewith extending the statutory deadline for the Trustee to assume or reject any contract, lease, sublease or other agreement that may be considered an executory contract or unexpired lease which may be subject to section 365(d)(1) of the Bankruptcy Code (collectively, the "Extended Contracts and Leases"),[2] other than certain excluded contracts or leases (the "Excluded Contracts and Leases"),[3] by approximately 60 days, through and including January 10, 2023. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

[2] Inclusion or omission of any executory contract or unexpired lease in or from this Motion does not constitute an admission or concession by the Trustee that such contract is or is not subject to section 365(d)(1) of the Bankruptcy Code. The Trustee reserves any and all rights, claims and defenses with respect to the characterization of any agreement under section 365 of the Bankruptcy Code or otherwise.

[3] The Excluded Contracts and Leases consist of any contracts and leases: (i) previously rejected by the Trustee or (ii) that may be subject to a pending motion to reject as of the date an Order on this Motion is entered.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court may enter a final order consistent with Article III of the United States Constitution and, pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief sought herein are sections 105 and 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On June 14, 2022 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

4. David W. Carickhoff has been appointed as trustee of the Debtors' Estates pursuant to Bankruptcy Code section 701(a).

5. The section 341(a) meeting of creditors was held on July 12, 2022, and concluded.

6. Prior to the Petition Date, the Debtors manufactured electric commercial vehicles.

7. On June 22, 2022, the Debtors filed, among other things, its schedules of assets and liabilities (the "Schedules"). According to the Schedules, the Debtors are parties to a number of agreements that may be executory contracts or unexpired leases under applicable law (collectively the "Scheduled Agreements"). It is possible that the Debtors are counterparties to additional agreements which may be executory contracts and/or unexpired leases under applicable law.

8. On August 8, 2022, the Court entered an Order [Dkt. No. 76] extending the Trustee's deadline to assume or reject the Extended Contracts and Leases through and including

November 11, 2022, subject to, and without prejudice to, the rights of the Trustee to seek a further extension of the deadline to assume or reject the Extended Contracts and Leases.

9. On September 22, 2022, the Court entered the *Order (A) Establishing Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Scheduling a Hearing to Consider the Proposed Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, and Approving the Form and Manner of Notice Thereof; and (D) Granting Related Relief* [Dkt. No. 110] (the "Bid Procedures Order").

10. On October 13, 2022, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 (I) Approving the Sale of Substantially All of the Debtors' Assets; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Dkt. No. 138] (the "Sale Order"). The Sale Order authorizes the Trustee to consummate the transactions contemplated by the asset purchase agreement ("APA") between the Trustee and Mullen Automotive Inc. (the "Buyer"). The APA provides for, among other things, (i) the purchase by the Buyer of all of the Debtors' right, title and interests in certain "Acquired Assets" and (ii) a transfer, assumption and assignment of the Debtors' rights and obligations under certain contracts and leases to the Buyer.

11. As set forth in the Bid Procedures Order, the Buyer has 30 days from the Closing Date (as defined in the APA) to designate contracts and leases that may be assumed and assigned

to the Buyer (*see* Dkt. No. 110 at ¶ 10). The outside Closing Date under the APA is November 15, 2022.[4]

## RELIEF REQUESTED AND BASIS THEREFOR

12. By this Motion, the Trustee seeks entry of an order extending the deadline by which the Trustee must assume or reject the Extended Contracts and Leases (other than the Excluded Contracts and Leases), through and including January 10, 2023. Such an extension would be subject to and without prejudice to the Trustee's right to request a further extension of the applicable assumption/rejection period with respect to any or all of the Extended Contracts and Leases. For the avoidance of doubt, the Trustee is not seeking to extend the deadline to assume or reject the Excluded Contracts and Leases.

13. Section 365(d)(1) of the Bankruptcy Code provides that "[i]n a case under chapter 7 of this title, if the [T]rustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1).

14. Section 365(d)(1) of the Bankruptcy Code along with Bankruptcy Rule 9006(b) permit the extension requested herein upon a showing of cause.[5] *See* 11 U.S.C. § 365(d)(1); Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period . . . the court *for cause shown* may at any time in its discretion . . . order the period enlarged. . . .") (emphasis added). Ultimately, the decision to grant an extension is left to the sound discretion

---

[4] The outside Closing Date may be extended by agreement of the Trustee and Buyer.

[5] Because the Court has previously entered an Order extending the Trustee's deadline to assume or reject the Extended Contracts and Leases, Bankruptcy Rule 9006(b) applies to the Trustee's request to further extend the deadline. *See e.g. In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 1000 (9th Cir. 2020).

of this Court. *See, e.g.*, *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996).

15. Here, cause exists to extend the deadline to assume or reject the Extended Contracts and Leases and the Court should exercise its discretion to grant the requested extension. Indeed, a further extension is necessary to ensure that the Buyer receives the benefit of its bargain and to be consistent with the relief granted in the Bid Procedures Order. As set forth above, pursuant to the Bid Procedures Order, the Buyer has 30 days from the Closing Date to designate which contracts and leases it wishes to have assumed and assigned to it. However, the Trustee's current deadline to assume or reject the Extended Contracts and Leases is November 11, 2022, which is less than 30 days from the Closing Date. Accordingly, absent the requested extension, the Buyer may be required to prematurely designate contracts and leases for assumption and assignment, prior to the deadline set forth in the Bid Procedures Order.

16. The Trustee intends for the extension requested herein to apply to each and every executory contract and unexpired lease to which the Debtors are a counterparty which may be subject to section 365(d)(1) of the Bankruptcy Code (other than the Excluded Contracts and Leases), regardless of whether the counterparty to such contract or lease receives notice of this Motion.[6] *See In re Am. Healthcare Mgmt., Inc.,* 900 F.2d 827, 832 (5th Cir. 1990) (holding that an order extending time for a debtor to assume or reject leases may be entered by the bankruptcy court without affording other parties notice and hearing); *Toledano v. Kittay* (*In re Toledano*), 299 B.R. 284, 298 (Bankr. S.D.N.Y. 2003) (citing *In re Am. Healthcare* for the proposition that "when a statute gives a court discretion to extend the time in which a party is required to act, the court has authority to grant such an extension without affording other parties notice and a hearing.");

---

[6] To be clear, the Trustee intends to serve this Motion on counterparties to the Scheduled Agreements.

225909322v1

Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period . . . the court for cause shown may at any time in its discretion **with or without motion or notice** order the period enlarged if the request therefor is made before the expiration of the period originally prescribed.) (emphasis added); 3 Collier on Bankruptcy ¶ 365.05 (16th ed.) ("The request for an extension need not necessarily be on notice to the other party to the contract. Depending upon the circumstances, the request might be general or specific.").

## BRIDGE ORDER

17. Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the assumption/rejection period is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

## NOTICE

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the counterparties to the Scheduled Agreements; and (iii) all parties that have previously requested in this case to receive notices pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

19. No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an order substantially in the form of the proposed order attached hereto, and grant the Trustee such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  October 26, 2022 | ARCHER & GREINER, P.C.<br><br>*/s/ Alan M. Root*<br>Alan M. Root (No. 5427)<br>300 Delaware Avenue, Suite 1100<br>Wilmington, DE 19801<br>Telephone: 302-777-4350<br>Facsimile:  302-777-4352<br>Email:  aroot@archerlaw.com<br><br><br>*Counsel for the Chapter 7 Trustee* |