# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.* [1] | Case No. 22-10537 (MFW)<br>(Jointly Administered) |
| Debtors. | **Hearing Date: 3/22/23 @ 2:00 p.m. (ET)**<br>**Objection Deadline: 3/7/23 @ 4:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING STIPULATION REGARDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS WITH LIUZHOU WULING AUTOMOBILE INDUSTRY CO.**

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned Debtors (the "Debtors"), hereby moves the Bankruptcy Court (this "Motion") for entry of an Order approving a stipulation (the "Stipulation")[2] the Trustee, Mullen Automotive, Inc. ("Mullen" or the "Purchaser"), and Liuzhou Wuling Automobile Industry Co. ("Wuling") regarding assumption and assignment of contracts between the Debtors and Wuling. In support of this Motion the Trustee respectfully states as follows:

## JURISDICTION

1. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

[2] A true and correct copy of the Stipulation is attached hereto as Exhibit A. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On June 14, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). David W. Carickhoff is the duly appointed chapter 7 trustee of the Estates.

4. Wuling and the Debtors are parties to that Agreement for Engineering, Design, and Development Services made as of March 18, 2021 ("Engineering Agreement"), that Master Purchase Agreement made as of March 19, 2021 ("Supply Agreement"), that Supplemental Agreement executed on June 25, 2021 ("Supplemental Agreement" and together with the Engineering Agreement, the "Development Contracts") and that Framework Agreement of Cooperation ("Cooperation Agreement" and together with the Supply Agreement and Development Contracts, the "Wuling Contracts") providing for, among other things, product research, development and supply of electric vans.

5. Prior to the Petition Date and pursuant to the Development Contracts, the Debtors prepaid Wuling the amount of $4,150,000.00 (the "Engineering Prepayment"). Wuling commenced the project contemplated by the Development Contracts prior to the Petition Date and the project is ongoing.

6. Prior to the Petition Date, an additional $2,102,075.46 prepayment was made in accordance with the Supply Agreement (the "Supply Prepayment", and together with the Engineering Prepayment, the "Prepayments"). Pursuant to the Supply Agreement, Wuling manufactured six hundred and eighty (680) vans, which are currently in a warehouse in China.

7. On October 13, 2022, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 (i) Approving the Sale of Substantially All of the Debtors' Assets; (ii) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* [D.I. 138] (the "Sale Order").

8. On November 2, 2022, the Trustee issued the *First Notice of Potential Assumption and Assignment of Contracts and Leases* [D.I. 146] (the "Assignment Notice"). The Assignment Notice indicates that the Trustee wishes to assume and assign the Wuling Contracts to the Purchaser and indicates that the aggregate Cure Amount for all of the Wuling Contracts is $4.6 million.

9. Wuling has disputed that the Bankruptcy Court has jurisdiction over Wuling, and that Sections 363 and 365 of the Bankruptcy Code may be applied extraterritorially. In addition, Wuling has advised that, after application of the Prepayments, the Cure Amount required to bring the Engineering Agreement current is $1,799,101.49, and the Cure Amount required to bring the Supply Agreement current is $6,464,405.90. Mullen and Wuling have been unable to agree as to Cure Amount required under the Development Contracts.

10. On November 30, 2022, the sale of substantially all of the Debtors' assets to Mullen closed pursuant to the terms of the Sale Order and the asset purchase agreement approved thereby. In connection with the closing, Mullen paid $4.6 million to the Trustee to satisfy Cure Amounts associated with the Wuling Contracts.

11. After negotiations, the Trustee, Mullen and Wuling have agreed that the Wuling Contracts shall not be assumed and assigned pursuant to Sections 363 or 365 of the Bankruptcy

3

Code or the Sale Order but may, subject to Bankruptcy Court approval, instead be assigned to Wuling pursuant to Federal Rule of Bankruptcy Procedure 9019 and the terms of the Stipulation.

## RELIEF REQUESTED AND BASIS THEREFOR

12. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

15. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995). However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

226716742v1

16. To that end, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

17. A review of the relevant factors and standards demonstrates that Stipulation should be approved.

18. The Stipulation resolves all issues between the Trustee, Mullen and Wuling regarding the assumption and assignment of the Wuling Contracts on terms favorable to the Estates. First, the Trustee notes that the Wuling Contracts are material contracts of the Debtors, which have always been identified as contracts to be assumed and assigned to Mullen as part of the sale process. Moreover, all of the parties have agreed that the Cure Amounts with respect to the Wuling Contracts are at least $4.6 million (and Wuling asserts they are substantially higher). By the Stipulation, the Trustee will assume and assign the Wuling Contracts by making a cure payment of $4.6 million, which was the amount provided by Mullen to the Trustee at sale closing. Moreover, pursuant to the terms of the Stipulation, the Trustee and Wuling will exchange mutual releases, which will serve to significantly reduce the claims pool in these cases. Finally, the

Stipulation provides a framework for Mullen and Wuling to work out any issues between the parties on a go forward basis.

19. Based on the foregoing, the Trustee respectfully submits that the terms of the Stipulation are fair, reasonable, and in the best interest of the Estates and creditors. The Stipulation is founded on the exercise of the Trustee's sound business judgment, and is well above the "lowest point in the range of reasonableness."

## NOTICE

20. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; (c) counsel to Mullen; and (d) counsel to Wuling. Such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter the attached Order granting the Trustee's Motion, approving the Stipulation and granting such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: February 21, 2023 | **ARCHER & GREINER, P.C.** |
| | /s/ *Alan M. Root* |
| | Alan M. Root (No. 5427) |
| | 300 Delaware Ave., Suite 1100 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 777-4350 |
| | Facsimile: (302) 777-4352 |
| | Email: aroot@archerlaw.com |
| | *Attorneys for the Chapter 7 Trustee* |

226716742v1