# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Electric Last Mile<br>Solutions, Inc., *et al.*[1]<br><br>　　　　Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Related Docket Nos.: 138, 146** |

**STIPULATION AND ORDER REGARDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS WITH LIUZHOU WULING AUTOMOBILE INDUSTRY CO.**

This Stipulation ("Stipulation") is made and entered into as of December 31, 2022, by and among David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (the "Debtors") and Mullen Automotive, Inc. (the "Purchaser") regarding assumption and assignment of prepetition contracts between the Debtors and Liuzhou Wuling Automobile Industry Co. ("Wuling").

**RECITALS**

WHEREAS, on June 14, 2022 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code;

WHEREAS, Wuling and the Debtors are parties to that Agreement for Engineering, Design, and Development Services made as of March 18, 2021 ("Engineering Agreement"), that Master Purchase Agreement made as of March 19, 2021 ("Supply Agreement"), that Supplemental Agreement executed on June 25, 2021 ("Supplemental Agreement" and together with the Engineering Agreement, the "Development Contracts") and that Framework Agreement of Cooperation ("Cooperation Agreement" and together with the Supply Agreement and

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

WBD (US) 59455959v10

Development Contracts, the "Wuling Contracts") providing for, among other things, product research, development and supply of electric vans;

WHEREAS, prior to the Petition Date and pursuant to the Development Contracts, the Debtors prepaid Wuling the amount of $4,150,000.00 (the "Engineering Prepayment");

WHEREAS, Wuling commenced the project contemplated by the Development Contracts prior to the Petition Date and the project is ongoing;

WHEREAS, prior to the Petition Date, an additional $2,102,075.46 prepayment was made in accordance with the Supply Agreement (the "Supply Prepayment", and together with the Engineering Prepayment, the "Prepayments");

WHEREAS, pursuant to the Supply Agreement, Wuling manufactured six hundred and eighty (680) vans (the "Vans"), which are currently in a warehouse in China (the "Warehouse")

WHEREAS, on the Petition Date, the Trustee was appointed chapter 7 trustee of the Debtors' estates and continues to serve in that capacity;

WHEREAS, on October 13, 2022, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 (i) Approving the Sale of Substantially All of the Debtors' Assets; (ii) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* [D.I. 138] (the "Sale Order");

WHEREAS, on November 2, 2022, the Trustee issued the *First Notice of Potential Assumption and Assignment of Contracts and Leases* [D.I. 146] (the "Assignment Notice");

WHEREAS, the Assignment Notice indicates that the Trustee wishes to assume and assign the Wuling Contracts to the Purchaser and indicates that the aggregate Cure Amount for all of the Wuling Contracts is $4.6 million;

WHEREAS, Wuling has disputed that the Bankruptcy Court has jurisdiction over Wuling, and that Sections 363 and 365 of the Bankruptcy Code may be applied extraterritorially;

WHEREAS, Wuling has advised that, after application of the Prepayments, the Cure Amount required to bring the Engineering Agreement current is $1,799,101.49, and the Cure Amount required to bring the Supply Agreement current is $6,464,405.90;

WHEREAS, Mullen and Wuling have been unable to agree as to the amount of cure payment required under the Development Contracts;

WHEREAS, Mullen and Wuling have agreed that an audit of the unpaid development fees and expenses under the Development Contracts will be performed, in order to confirm the amount of the Engineering Prepayment that has been fully earned by Wuling; and

WHEREAS, after negotiations, the Trustee, Mullen and Wuling have agreed the Wuling Contracts shall not be assumed and assigned pursuant to Sections 363 or 365 of the Bankruptcy Code or the Sale Order but may, instead, be assigned to Wuling pursuant to Federal Rule of Bankruptcy Procedure 9019 and the terms of this Stipulation.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

### STIPULATION

1. The foregoing recitals are an integral part of this Stipulation and hereby incorporated by reference as if they were fully set forth herein.

2. This Stipulation is conditioned upon entry of an Order by the Bankruptcy Court approving the terms herein (the "Approval Order"). The Trustee shall promptly seek Bankruptcy Court approval of this Stipulation and request a waiver of the fourteen-day stay under Bankruptcy Rules 6006(d) and 7062, to the extent that a stay may be applicable.

3. Assignment of the Wuling Contracts to Mullen is conditioned upon receipt by Wuling, from the Trustee, of a wire transfer in the amount of $4.6 million in U.S. Dollars to an account designated by Wuling (the "Payment"). The Payment shall be made not later than ten (10) days following entry of the Approval Order, and it shall be paid to Wuling in its entirety without any claim or right of offset or recoupment by the Trustee or the Estates.

4. The effective date of the assignments shall be the date that the Payment is received by Wuling (the "Effective Date").

5. Upon the Effective Date, Wuling and the Trustee on behalf of the Estates, forever release, acquit and discharge each other from any and all obligations or liabilities of any kind whatsoever, whether known or unknown, whether or not asserted; provided, however, that all of Wuling's rights, claims and defenses under the Wuling Contracts shall be fully preserved as against Mullen.

The Supply Agreement and the 680 Vans

6. Upon the Effective Date, all right, title and interest to the Payment and Supply Prepayment shall vest in Wuling free and clear of any rights, claims, interests or defenses of Mullen, the Trustee or the bankruptcy Estates.

7. Upon the Effective Date, Mullen shall be fully and irrevocably vested in all of the Debtors' right, title and interest in and to the Supply Agreement, and all rights thereunder, in accordance with this Stipulation.

8. Wuling shall release title to the Vans to Mullen promptly after all of the following have occurred: (a) the Effective Date has occurred; (b) Wuling has received a writing from Mullen requesting the release of the Vans; and (c) Wuling has received payment of all Storage Expenses (defined below) in full by wire transfer. Mullen shall pay to Wuling storage expenses ("Storage

Expenses") accrued at the rate of $1.54 per vehicle per diem beginning as of January 1, 2023. The Storage Expenses shall be paid in new funds that are not comprised of the Payment or the Prepayments (such funds that are not the Payment or Prepayments, "New Funds").

9. Wuling's receipt of the Payment and Wuling's retention of the Supply Prepayment shall satisfy all obligations incurred by the Debtors and the Estates under the Supply Agreement up to and including the Effective Date.

The Development Contracts

10. Upon the Effective Date, Mullen shall be fully and irrevocably vested in all of the Debtors' right, title and interest in and to the Development Contracts, and all rights thereunder, in accordance with this Stipulation.

11. Promptly following the Effective Date, Mullen and Wuling shall conduct an audit of the unpaid development costs under the Development Contracts, in order to determine the amount of the Engineering Prepayment that has been earned by Wuling. Notwithstanding any audit that may be ongoing or any amount of the Engineering Prepayment that Mullen may claim has not been earned, Mullen shall make additional payments to Wuling as necessary in order to maintain the $4.15 million advance payment balance required by the Supplemental Agreement.

12. Mullen shall pay Wuling in New Funds for (i) any and all services provided to or on behalf of Mullen by Wuling, whether before or after the Effective Date; and (iii) any other obligations of Mullen under the Wuling Contracts incurred or commencing on or after the Effective Date.

General Provisions

13. Upon the Effective Date, Mullen shall be fully and irrevocably vested in all of the Debtors' right, title and interest in and to the Cooperation Agreement, and all rights thereunder, in accordance with this Stipulation.

14. On the Effective Date, the Wuling Contracts shall remain in full force and effect for the benefit of Mullen, notwithstanding any provisions in the Wuling Contracts that prohibit, restrict or condition the assignment or transfer of the Wuling Contracts.

15. Following the Effective Date, all disputes between Mullen and Wuling related to the Wuling Contracts, whether arising before or after the Effective Date, shall be resolved as provided in the Wuling Contracts.

**STIPULATED AND AGREED BY:**

DAVID W. CARICKHOFF, AS CHAPTER 7 TRUSTEE FOR ELECTRIC LAST MILE SOLUTIONS, INC. AND ELECTRIC LAST MILE, INC.

_[signature]_

LIUZHOU WULING AUTOMOBILE INDUSTRY CO.

BY:_____

NAME:_____

TITLE:_____

MULLEN AUTOMOTIVE, INC.

BY:_____

NAME:_____

TITLE:_____

WBD (US) 59455959v10

13. Upon the Effective Date, Mullen shall be fully and irrevocably vested in all of the Debtors' right, title and interest in and to the Cooperation Agreement, and all rights thereunder, in accordance with this Stipulation.

14. On the Effective Date, the Wuling Contracts shall remain in full force and effect for the benefit of Mullen, notwithstanding any provisions in the Wuling Contracts that prohibit, restrict or condition the assignment or transfer of the Wuling Contracts.

15. Following the Effective Date, all disputes between Mullen and Wuling related to the Wuling Contracts, whether arising before or after the Effective Date, shall be resolved as provided in the Wuling Contracts.

**STIPULATED AND AGREED BY:**

| | |
|---|---|
| DAVID W. CARICKHOFF, AS CHAPTER 7 TRUSTEE FOR ELECTRIC LAST MILE SOLUTIONS, INC. AND ELECTRIC LAST MILE, INC. | LIUZHOU WULING AUTOMOBILE INDUSTRY CO.<br><br>BY: 刘友荣<br>NAME: Liu You Rong<br>TITLE: Vice President |
| MULLEN AUTOMOTIVE, INC.<br><br>BY: _____<br>NAME: David Michery<br>TITLE: CEO | |

6

WBD (US) 60321069v1