# Exhibit "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*, [1] | Case No. 22-10537 (MFW) (Jointly Administered) |
| Debtors. | |

## STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO LATHAM & WATKINS LLP

This stipulation (the "Stipulation") is entered into by and between Latham & Watkins LLP ("Latham") and David W. Carickhoff, solely in his capacity as the Chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of Electric Last Mile Solutions, Inc. *et al.* (the "Debtors"). Latham and the Trustee (the "Parties") hereby stipulate as follows:

A. On June 14, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee is the duly appointed Chapter 7 Trustee of the Debtors' Estates.

B. Latham is holding a retainer from the Debtors in the amount of $600,275.88 (the "Retainer").

C. Latham asserts that it has unpaid fees and expenses of not less than $180,000.00 (the "Latham Fees").

D. To avoid any potential dispute concerning the Latham Fees and the Retainer, Latham and the Trustee have agreed to stipulate that Latham will be granted limited relief from

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

the automatic stay to the extent necessary to apply the Retainer to the Latham Fees, as specifically limited and set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## **STIPULATION**

1. <u>Incorporation of Recitals</u>. The foregoing Recitals are incorporated herein by reference.

2. <u>Effective Date</u>. This Stipulation shall be effective only after it is executed by the Parties and approved by an Order of the Bankruptcy Court (the "<u>Effective Date</u>").

3. <u>Limited Relief from Automatic Stay</u>. On the Effective Date, Latham shall be granted limited relief from the automatic stay provisions of section 362 of the Bankruptcy Code to the extent necessary to apply $180,000.00 of the Retainer in full and final satisfaction of all unpaid fees and expenses incurred by Latham.

4. <u>Turnover of Retainer Balance by Latham</u>. Within ten (10) business days of the Effective Date, Latham shall turnover to the Trustee the balance of the Retainer in the amount of $420,275.88 (the "<u>Turnover Amount</u>") by wire transfer to the account specified by the Trustee. The Turnover Amount shall be turned over to the Trustee free and clear of all liens, claims, encumbrances and other interests of Latham and shall not be subject to disgorgement.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

6. <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

7. <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

8. <u>Authority of Signatories</u>.  The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.

9. <u>Non-Reliance and Construction</u>.  The Parties have decided to execute this Stipulation based on information developed independently and not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing.  The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

10. <u>Jurisdiction</u>.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.  Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

11. <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Stipulation as of the date(s) set forth below.

| | |
|---|---|
| Dated: May 30, 2023 | Dated: May 30, 2023 |
| **DAVID W. CARICKHOFF, TRUSTEE OF ELECTRIC LAST MILE SOLUTIONS, INC. ET AL.** | **LATHAM & WATKINS LLP** |
| By: */s/ Alan M. Root* | By: */s/ Keith L. Halverstam* |
| Name: Alan M. Root | Name: Keith L. Halverstam |
| Title: Counsel | Title: Partner |

225803441v1