**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*[1]<br><br>                  Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: 7/19/23 @ 2:00 p.m. (ET)**<br>**Objection Deadline: 6/23/23 @ 4:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING STIPULATION REGARDING CONTRACTS WITH CONTEMPORARY AMPEREX TECHNOLOGIES CO., LIMITED**

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned Debtors (the "Debtors"), hereby moves the Bankruptcy Court (this "Motion") for entry of an Order approving a stipulation (the "Stipulation")[2] by and among the Trustee, Mullen Automotive, Inc. ("Mullen" or the "Purchaser"), and Contemporary Amperex Technologies Co., Limited ("CATL") regarding prepetition contracts between the Debtors and CATL. In support of this Motion the Trustee respectfully states as follows:

**JURISDICTION**

1. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

[2] A true and correct copy of the Stipulation is attached hereto as Exhibit A. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

226716742v1

of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On June 14, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). David W. Carickhoff is the duly appointed chapter 7 trustee of the Estates.

4. CATL and the Debtors are parties to a prepetition Cooperation Agreement on Products Supply and Production Capacity Guarantee, Supplier Direct Sourcing Agreement, Supplier Agreement and Nomination Letter (collectively, the "Cooperation Agreement"), pursuant to which CATL agreed to produce electric batteries for the Debtors

5. The Cooperation Agreement was a substantial undertaking and exposed CATL to a significant amount of risk. CATL required the Debtors to establish and maintain a $13,148,226 Production Capacity Deposit subject to annual adjustment, and CATL also required the Debtors to guaranty that they would purchase a minimum number of products each year. The Cooperation Agreement contains a liquidated damages provision, a formula which the parties agreed would be used to determine CATL's damages in the event of the Debtors' breach.

6. Prior to the Petition Date and pursuant to the Cooperation Agreement, the Debtors paid approximately $9,203,758 of the Production Capacity Deposit (the "Partial Payment"), but the Debtors failed to pay the balance of the Production Capacity Deposit in the amount of approximately $3,944,468 which was due on or before April 5, 2022.

7. On October 13, 2022, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006*

*(i) Approving the Sale of Substantially All of the Debtors' Assets; (ii) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* [D.I. 138] (the "Sale Order").

8. On October 14, 2022, CATL filed proof of claim number 95 in the bankruptcy case of Electric Last Mile Solutions, Inc. and proof of claim number 73 in the bankruptcy case of Electric Last Mile, Inc. (together, the "Proofs of Claim"), each in the amount of $29,665,000.00, the liquidated damages to which CATL is entitled under Section 5(iv) of the Cooperation Agreement

9. On November 2, 2022, the Trustee issued the *First Notice of Potential Assumption and Assignment of Contracts and Leases* [D.I. 146] (the "Assignment Notice"). The Assignment Notice indicates that the Trustee wishes to assume and assign the Cooperation Agreement to the Purchaser and indicates a Cure Amount of $0.00.

10. CATL filed the *Objection of Contemporary Amperex Technoloogy Co., Limited to First Notice of Potential Assumption and Assignment of Contracts and Leases, and Objection to Assumption and Assignment* [D.I. 163] (the "Objection"). Among other things, CATL disputes that Section 365 of the Bankruptcy Code may be applied extraterritorially, assets that Chinese law prohibits the assignment of the Cooperation Agreement without consent, contends that there are incurable defaults under the Cooperation Agreement, alleges that the Purchaser has failed to provide adequate assurance of future performance, and argues that principles of international comity weigh against the Court's application of section 365 and determination of the parties' rights under the Cooperation Agreement.

11. Purchaser has determined not to assume or take an assignment of the Cooperation Agreement.

12. The Trustee has reviewed and analyzed the Proofs of Claim and CATL's asserted liquidated damages under the Cooperation Agreement.

13. After discussions, the Trustee, Mullen and CATL have agreed the Cooperation Agreement will not be assumed and assigned pursuant to Sections 363 or 365 of the Bankruptcy Code or the Sale Order but shall, instead, be terminated pursuant to Federal Rule of Bankruptcy Procedure 9019 and the terms of the Stipulation.

14. Under the terms of the Stipulation, the Cooperation Agreement will be deemed terminated, CATL will retain the partial payment, and CATL will release the Estates and withdraw the Proofs of Claim of almost $30 million.[3]

## RELIEF REQUESTED AND BASIS THEREFOR

15. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation.

16. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this

---

[3] The foregoing paragraph is a summary of the terms of the Stipulation only. Parties should review the Stipulation for the full terms thereof. In the event of any inconsistencies between this Motion and the Stipulation, the terms of the Stipulation shall control.

balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

18. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995). However, "[c]ompromises are favored in bankruptcy" and courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Martin*, 91 F.3d. at 393-395.

19. To that end, a settlement should be approved if it falls above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

20. A review of the relevant factors and standards demonstrates that Stipulation should be approved.

21.     The Stipulation resolves all issues between the Trustee, Purchaser and CATL regarding the Cooperation Agreement on terms favorable to the Estates.  Pursuant to the terms of the Stipulation, the Trustee and CATL will exchange mutual releases, which will serve to significantly reduce the claims pool in these cases.  Indeed, CATL will withdraw the Proofs of Claim, which are asserted against both Debtors, each in an amount of almost $30 million.

22.     Based on the foregoing, the Trustee respectfully submits that the terms of the Stipulation are fair, reasonable, and in the best interest of the Estates and creditors.  The Stipulation is founded on the exercise of the Trustee's sound business judgment, and is well above the "lowest point in the range of reasonableness."

## NOTICE

23.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; (c) counsel to Mullen; and (d) counsel to CATL. Such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter the attached Order granting the Trustee's Motion, approving the Stipulation and granting such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated:  June 8, 2023 | **ARCHER & GREINER, P.C.**<br><br>/s/ *Alan M. Root*<br>Alan M. Root (No. 5427)<br>300 Delaware Ave., Suite 1100<br>Wilmington, DE  19801<br>Telephone:  (302) 777-4350<br>Email:  aroot@archerlaw.com<br><br>*Attorneys for the Chapter 7 Trustee* |