# EXHIBIT "A"

CATL-ND-OCB-2023050005925

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| Electric Last Mile ) | Chapter 7 |
| Solutions, Inc., et al.[1] ) | |
| ) | Case No. 22-10537 (MFW) |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Related Docket Nos.: 138, 146, ___ |
| ) | |

## STIPULATION AND ORDER REGARDING CONTRACTS WITH CONTEMPORARY AMPEREX TECHNOLOGY CO., LIMITED.

This Stipulation ("Stipulation") is made and entered into as of May 8, 2023, by and among David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (the "Debtors"), Contemporary Amperex Technology Co., Limited ("CATL") and Mullen Automotive, Inc. (the "Purchaser") regarding prepetition contracts between the Debtors and CATL.

## RECITALS

WHEREAS, on June 14, 2022 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code;

WHEREAS, CATL and the Debtors are parties to a prepetition Cooperation Agreement on Products Supply and Production Capacity Guarantee, Supplier Direct Sourcing Agreement, Supplier Agreement and Nomination Letter (collectively, the "Cooperation Agreement"), pursuant to which CATL agreed to produce electric batteries for the Debtors;

WHEREAS, the Cooperation Agreement was a substantial undertaking and exposed CATL to a significant amount of risk. CATL required the Debtors to establish and maintain a

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

WBD (US) 60965074v2



$13,148,226 Production Capacity Deposit subject to annual adjustment, and CATL also required the Debtors to guaranty that they would purchase a minimum number of products each year. The Cooperation Agreement contains a liquidated damages provision, a formula which the parties agreed would be used to determine CATL's damages in the event of the Debtors' breach.

WHEREAS, prior to the Petition Date and pursuant to the Cooperation Agreement, the Debtors paid approximately $9,203,758 of the Production Capacity Deposit (the "Partial Payment"), but the Debtors failed to pay the balance of the Production Capacity Deposit in the amount of approximately $3,944,468 which was due on or before April 5, 2022;

WHEREAS, on the Petition Date, the Trustee was appointed chapter 7 trustee of the Debtors' estates and continues to serve in that capacity;

WHEREAS, on October 13, 2022, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 (i) Approving the Sale of Substantially All of the Debtors' Assets; (ii) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* [D.I. 138] (the "Sale Order");

WHEREAS, on October 14, 2022, CATL filed proof of claim number 95 in the bankruptcy case of Electric Last Mile Solutions, Inc. and proof of claim number 73 in the bankruptcy case of Electric Last Mile, Inc. (together, the "Proofs of Claim"), each in the amount of $29,665,000.00, the liquidated damages to which CATL is entitled under Section 5(iv) of the Cooperation Agreement;

WHEREAS, on November 2, 2022, the Trustee issued the *First Notice of Potential Assumption and Assignment of Contracts and Leases* [D.I. 146] (the "Assignment Notice");

WHEREAS, the Assignment Notice indicates that the Trustee wishes to assume and assign the Cooperation Agreement to the Purchaser and indicates a Cure Amount of $0.00;

WHEREAS, CATL filed the *Objection of Contemporary Amperex Technology Co., Limited to First Notice of Potential Assumption and Assignment of Contracts and Leases, and Objection to Assumption and Assignment* [D.I. 163] (the "Objection"). Among other things, CATL disputes that Section 365 of the Bankruptcy Code may be applied extraterritorially, assets that Chinese law prohibits the assignment of the Cooperation Agreement without consent, contends that there are incurable defaults under the Cooperation Agreement, alleges that the Purchaser has failed to provide adequate assurance of future performance, and argues that principles of international comity weigh against the Court's application of section 365 and determination of the parties' rights under the Cooperation Agreement;

WHEREAS, Mullen has determined not to assume or take an assignment of the Cooperation Agreement;

WHEREAS, after discussions, the Trustee, Mullen and CATL have agreed the Cooperation Agreement shall not be assumed and assigned pursuant to Sections 363 or 365 of the Bankruptcy Code or the Sale Order but shall, instead, be terminated pursuant to Federal Rule of Bankruptcy Procedure 9019 and the terms of this Stipulation.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

## STIPULATION

1. The foregoing recitals are an integral part of this Stipulation and are hereby incorporated by reference as if they were fully set forth herein.

WBD (US) 60965074v2



2.  This Stipulation is conditioned upon entry of an Order by the Bankruptcy Court approving the terms herein (the "Approval Order"). The Trustee shall promptly seek Bankruptcy Court approval of this Stipulation and request a waiver of the fourteen-day stay under Bankruptcy Rules 6006(d) and 7062, to the extent that a stay may be applicable.

3.  This Stipulation will be effective as of the date that the Approval Order is entered (the "Effective Date").

4.  The Cooperation Agreement shall be deemed terminated as of the Effective Date.

5.  Upon the Effective Date, all right, title and interest to the Partial Payment shall vest in CATL free and clear of any rights, claims, interests or defenses of the Trustee or the bankruptcy Estates.

6.  CATL's retention of the Partial Payment shall satisfy all obligations incurred by the Debtors and the Estates under the Cooperation Agreement up to and including the Effective Date.

7.  Upon the Effective Date, CATL and the Trustee on behalf of the Estates, forever release, acquit and discharge each other from any and all obligations or liabilities of any kind whatsoever, whether known or unknown, whether or not asserted.

8.  Upon the Effective Date, the Proofs of Claim shall be deemed withdrawn and CATL shall not assert or file any other claims of any nature or priority against the Debtors or their estates.

STIPULATED AND AGREED BY:

DAVID W. CARICKHOFF, AS CHAPTER 7
TRUSTEE FOR ELECTRIC LAST MILE
SOLUTIONS, INC. AND ELECTRIC LAST MILE,
INC.

_____

CONTEMPORARY AMPEREX TECHNOLOGY
CO., LIMITED

BY: _____

NAME: _____

TITLE: _____

MULLEN AUTOMOTIVE, INC.

BY: _____

NAME: David Michery

TITLE: CEO

**STIPULATED AND AGREED BY:**

| | |
|---|---|
| **DAVID W. CARICKHOFF, AS CHAPTER 7 TRUSTEE FOR ELECTRIC LAST MILE SOLUTIONS, INC. AND ELECTRIC LAST MILE, INC.** | **CONTEMPORARY AMPEREX TECHNOLOGY CO., LIMITED** |
| [signature] | BY:_____ |
| | NAME:_____ |
| | TITLE:_____ |

**MULLEN AUTOMOTIVE, INC.**

BY:_____

NAME:_____

TITLE:_____

5