**EXHIBIT A**
**STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*,[1] | Case No. 22-10537 (MFW) (Jointly Administered) |
| Debtors. | |

**STIPULATION GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY TO ATLANTIC SPECIALTY INSURANCE COMPANY**

This stipulation (the "Stipulation") is entered into by and between Atlantic Specialty Insurance Company ("Atlantic Specialty") and David W. Carickhoff, solely in his capacity as the Chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of Electric Last Mile Solutions, Inc. *et al.* (the "Debtors"). Atlantic Specialty and the Trustee (the "Parties") hereby stipulate as follows:

A. On June 14, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee is the duly appointed Chapter 7 Trustee of the Debtors' Estates.

B. Prior to the Petition Date, Atlantic Specialty issued a surety bond on behalf of Debtor Electric Last Mile Solutions, Inc. ("ELMS"), which bond is designated as bond no. 800137526 (CBP bond no. 22C000RT5) and issued in favor of U.S Customs and Border Protection, as obligee (the "Bond"). The Bond is in the penal sum of $600,000.00.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

C.  In connection with the issuance of the Bond: (i) ELMS executed a General Indemnity Agreement (the "Indemnity Agreement") in favor of Atlantic Specialty, as surety and (ii) ELMS applied for, and East West Bank issued, an irrevocable letter of credit (no. 22OSL005076) in favor of Atlantic Specialty, in the amount of $600,000.00 (the "Letter of Credit").

D.  Atlantic Specialty has filed a secured proof of claim against ELMS in the amount of $600,000.00, which claim has been assigned claim no. 98 on the claims register for ELMS (the "Atlantic Specialty POC").

E.  Atlantic Specialty has drawn down the full amount of the Letter of Credit and is currently holding $600,000.00 as a result thereof (the "Cash Collateral").

F.  Atlantic Specialty asserts that it is owed $7,150.68 in gross premium on the Bond (the "Premium") and that, under the Indemnity Agreement, the Premium may be setoff against and paid from the Cash Collateral.

G.  To avoid any potential dispute concerning the foregoing, Atlantic Specialty and the Trustee have agreed to the terms of this Stipulation.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## STIPULATION

1.  **Incorporation of Recitals**.  The foregoing Recitals are incorporated herein by reference.

2.  **Effective Date**. This Stipulation shall be effective only after it is executed by the Parties and approved by an Order of the Bankruptcy Court (the "Effective Date").

3.  **Limited Relief from Automatic Stay**. On the Effective Date, Atlantic Specialty shall be granted limited relief from the automatic stay provisions of section 362 of the Bankruptcy Code

to the extent necessary to apply $7,150.68 of the Cash Collateral in full and final satisfaction of all claims and/or other amounts that may be due or owed by the Debtors to Atlantic Specialty in connection with the Bond and/or the Indemnity Agreement.

4. <u>Turnover of Remaining Cash Collateral</u>. Within ten (10) days of the Effective Date, Atlantic Specialty shall turnover to the Trustee the balance of the Cash Collateral in the amount of $592,849.32 (the "<u>Turnover Amount</u>") by wire transfer to the account specified by the Trustee. The Turnover Amount shall be turned over to the Trustee free and clear of all liens, claims, encumbrances and other interests of Atlantic Specialty and shall not be subject to disgorgement.

5. <u>Withdrawal of Atlantic Specialty POC</u>. On the Effective Date, the Atlantic Specialty POC shall be deemed withdrawn and expunged from claim register maintained for ELMS. Atlantic Specialty shall not file or assert any other claims of any kind, nature, amount or priority against the Debtors or their estates.

6. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

7. <u>Representations by the Parties</u>. The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

8. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind

the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

9. <u>Authority of Signatories</u>. The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.

10. <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Stipulation based on information developed independently and not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

11. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

12. <u>Counterparts</u>. This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Stipulation as of the date(s) set forth below.

Dated: June __, 2023

Dated: June 22, 2023

**DAVID W. CARICKHOFF, TRUSTEE OF ELECTRIC LAST MILE SOLUTIONS, INC. ET AL.**

**ATLANTIC SPECIALTY INSURANCE COMPANY**

By: */s/* ___Alan M. Root_____

By: */s/* *James O'Halloran*

Name: Alan M. Root

Name: James O'Halloran

Title: Counsel

Title: Surety Counsel

225803441v1

5