**EXHIBIT 1**

Stipulation with East West Bank Modifying the Automatic Stay

(Attached)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| ELECTRIC LAST MILE SOLUTIONS, INC., *et al.*, | Case No. 22-10537 (MFW) |
| Debtors | (Jointly Administered) |

## STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND EAST WEST BANK MODIFYING THE AUTOMATIC STAY TO ALLOW APPLICATION OF FUNDS

David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of Electric Last Mile Solutions, Inc. and Electric Last Mile, Inc. (collectively, the "Debtors"), and East West Bank ("EWB", and together with the Trustee, collectively the "Parties" and individually a "Party"), hereby stipulate and agree (this "Stipulation") as follows:

### RECITALS

**WHEREAS**, on June 14, 2022 (the "Petition Date"), the Debtors filed respective voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, pursuant to section 701(a) of the Bankruptcy Code, on the Petition Date the Trustee was appointed trustee of the Debtors' estates;

**WHEREAS**, prior to the Petition Date, Debtor Electric Last Mile Solutions, Inc. ("Electric") and EWB entered into and/or were or are party to, among other accounts, documents, instruments and agreements, the following:

A. the Application and Agreement for Irrevocable Letter of Credit, dated March 16, 2022 (the "American Agreement"), pursuant to which Electric applied for and EWB issued its Irrevocable Letter of Credit No. XXXXXXX5040, dated March 18, 2022 in favor of American Alternative Insurance Corporation c/o Roanoke Insurance Group Inc. (the "American Beneficiary"), in the face amount of $400,000.00, with an expiration date of March 18, 2023 (as such may have been amended, the "American LC"), to assure the American Beneficiary of Electric's

payment and performance of its obligations to American Beneficiary in connection with a certain surety bond issued by American Beneficiary on behalf of Electric, including to secure Electric's timely payments when due in connection therewith, a redacted copy of which American Agreement and American LC are annexed as **Exhibit A**;

B.    the Assignment of Deposit Account, dated March 18, 2022 to and in favor of EWB (the "X1073 Deposit Assignment"), pursuant to which Electric assigned and granted to EWB a perfected first priority possessory lien and security interest in and control of the Electric's cash deposit account, Account No. XXXXX1073 held by EWB (the "X1073 Assigned Account"), to secure payment of Electric's "Indebtedness" (as defined in the X1073 Deposit Assignment) owing to EWB, including Electric's liabilities to EWB arising under and in connection with the American Agreement, the American LC, and EWB's fees and expenses incurred in connection with the foregoing, which X1073 Assigned Account as of May 4, 2023 held a cash balance of $400,296.05 (the "American Cash Security");

C.    the Application and Agreement for Irrevocable Letter of Credit, dated April 29, 2022 (the "Atlantic Agreement" and together with the American Agreement, the "LC Agreements"), pursuant to which Electric applied for and EWB issued its Irrevocable Letter of Credit No. XXXXXXX5076 originally dated on or about May 13, 2022 in favor of Atlantic Specialty Insurance Company (the "Atlantic Beneficiary"), in the face amount of $600,000.00, with an expiration date of May 13, 2023 (as such may have been amended, the "Atlantic LC" and together with the American LC, the "Letters of Credit"), to assure the Atlantic Beneficiary of Electric's payment and performance of its obligations to Atlantic Beneficiary in connection with a certain surety bond issued by Atlantic Beneficiary on behalf of Electric, including to secure Electric's timely payments when due in connection therewith, a redacted copy of the Atlantic Agreement and Atlantic LC are annexed as **Exhibit B**; and

D.    the Assignment of Deposit Account, dated May 10, 2022 to and in favor of EWB (the "X1105 Deposit Assignment" and together with the X1073 Deposit Assignment, the "Deposit Assignments"), pursuant to which Electric assigned and granted to EWB a perfected first priority possessory lien and security interest in and control of the Electric's cash deposit account, Account No. XXXXX1105 held by EWB (the "X1105 Assigned Account" and together with the X1073 Assigned Account, the "Assigned Accounts"), to secure payment of Electric's "Indebtedness" (as defined in the X1105 Deposit Assignment) owing to EWB, including Electric's liabilities to EWB arising under and in connection with the Atlantic Agreement, the Atlantic LC, and EWB's fees and expenses incurred in connection with the foregoing, which X1105 Assigned Account as of May 4, 2023 held a cash balance of $600,241.94 (the "Atlantic Cash Security" and together with the American Cash Security, the "Cash Security").

227454457 v1

**WHEREAS**, pursuant to the sight draft payment demand letter, dated March 8, 2023, delivered to EWB, the American Beneficiary made demand upon EWB for payment of $400,000.00 under the American LC;

**WHEREAS**, in response to the American Beneficiary's demand as aforesaid, on March 15, 2023, EWB honored its obligation under the American LC and paid cash in the amount of $400,000 to the American Beneficiary (together with costs and fees as paid or payable by EWB to the American Beneficiary under the American LC, collectively, the "American Beneficiary Pay-Out"), as set forth on the American LC Notice of Drawing annexed hereto as **Exhibit C**, whereupon, pursuant to the American Agreement, Electric is obligated to reimburse EWB in the amount of the American Beneficiary Pay-Out and amounts incidental thereto chargeable under the American Agreement;

**WHEREAS**, pursuant to the sight draft payment demand letter, dated March 22, 2023, the Atlantic Beneficiary made demand upon EWB for payment of $600,000.00 under the Atlantic LC;

**WHEREAS**, in response to the Atlantic Beneficiary's demand as aforesaid, on March 28, 2023, EWB honored its obligation under the Atlantic LC and paid cash in the amount of $600,000.00 to the Atlantic Beneficiary (together with costs and fees as paid or payable by EWB to the Atlantic Beneficiary under the Atlantic LC, collectively, the "Atlantic Beneficiary Pay-Out"), as set forth on the Atlantic LC Notice of Drawing annexed hereto as **Exhibit D**, whereupon, pursuant to the Atlantic Agreement, Electric is obligated to reimburse EWB in the amount of the Atlantic Beneficiary Pay-Out and amounts incidental thereto chargeable under the Atlantic Agreement;

**WHEREAS**, pursuant to the Deposit Assignments, the respective amounts of EWB's costs and reasonable fees in administering the Letters of Credit, including (i) the Atlantic Beneficiary

3

Pay-Out; (ii) the American Beneficiary Pay-Out; (iii) Other Amounts, as defined under the LC Agreements; and (vi) EWB's reasonable attorney's fees in connection with the foregoing, this Stipulation, and in enforcing its rights and seeking relief in connection therewith and herewith and as set forth in this Stipulation, collectively constitute EWB secured claims against Debtor Electric secured by the Cash Security, respectively (such amount, collectively, the "Secured Obligations");

WHEREAS, pursuant to the Deposit Assignments, EWB may apply the Cash Security to satisfy the Secured Obligations, provided that EWB is presently stayed from effecting such application of Cash Security by Section 362(a) of the Bankruptcy Code; and

WHEREAS, the Parties have agreed to entry of an order approving the terms and conditions of this Stipulation, and granting EWB relief from the automatic stay for the purpose of authorizing EWB to exercise its rights and apply Cash Security in satisfaction of EWB's secured claims constituting the Secured Obligations, on the terms set forth herein.

NOW, THEREFORE, subject to the approval of the Bankruptcy Court, in order to avoid the costs, risks and delays of litigation, the Parties hereby stipulate and agree as follows:

1.      The Trustee shall seek entry of an order by the Bankruptcy Court in the form annexed hereto pursuant to Section 362(d) of the Bankruptcy Code (the "Stipulation Order") granting EWB relief from the automatic stay for the limited purpose of authorizing EWB to immediately (upon entry of the Stipulation Order) exercise and apply Cash Security against and in full satisfaction of the Secured Obligations in accordance with the terms set forth in this Stipulation and to otherwise comply with the provisions of paragraph three (3) hereof.

2.      Within ten (10) business days following the date EWB exercises and implements application of Cash Security against and in full satisfaction of the Secured Obligations, EWB shall close the Assigned Accounts.

4

3.      The Parties anticipate that upon EWB's application of Cash Security in satisfaction of the Secured Obligations, approximately $2,032.01 of the Secured Obligations, excluding attorneys' fees, will remain outstanding (the "Deficiency Amount") and no surplus cash will be available in the Assigned Accounts to be transferred to the Trustee.

4.      Notwithstanding the Deficiency Amount, the Parties agree that application of the Cash Security shall be deemed to satisfy the Secured Obligations in full and EWB shall not assert any other claims of any nature or priority against the Debtors or their estates on account of the Deficiency Amount and all such claims shall be deemed waived and released.

5.      In the event that EWB receives a refund or payment from American Beneficiary on account of the American Beneficiary Pay-Out EWB shall transfer to the Trustee such amounts.[1] The amounts transferred to the Trustee shall be transferred free and clear of all liens, claims and encumbrances of EWB, and shall not be subject to disgorgement.

6.      This Stipulation is entered into solely to reflect the agreement of the Parties with respect to the subject matter herein, and neither this Stipulation nor the fact of its execution will constitute any admission or acknowledgment on the part of any Party, except with respect to the subject matter of this Stipulation.  Each Party is duly authorized and empowered to execute this Stipulation.

7.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

8.      All of the recitals set forth above are incorporated by reference as if fully set forth herein.  This Stipulation constitutes the complete express agreement of the Parties concerning the

---

[1] The Atlantic Beneficiary has already turned over the net Atlantic Beneficiary Pay-Out to the Trustee.  *See Order Approving Stipulation Granting Limited Relief from the Automatic Stay to Atlantic Specialty Insurance Company* [Dkt. No. 213].

227454457 v1

subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Party or Parties to be charged and approved by the Bankruptcy Court.

9.      Each Party has participated in and jointly consented to the drafting of this Stipulation and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

10.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

[*Remainder of page left blank*]

227454457 v1

Dated:  July 12, 2023

**ARCHER & GREINER, P.C.**

/s/ Alan M. Root
Alan M. Root (No. 5427)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*

**SQUIRE PATTON BOGGS (US) LLP**

/s/ Norman A. Kinel
Norman N. Kinel, Esq.
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Phone: (212) 872-9800
Fax : (212) 872-9815
Email: norman.kinel@squirepb.com

Maura McIntyre, Esq.
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Phone:  (216) 479-8500
Fax:  (216) 479- 8780
Email:  maura.mcintyre@squirepb.com

*Attorneys for East West Bank*

227454457 v1

**EXHIBIT A**

American Agreement and American LC

(Attached)


## EAST WEST BANK

**APPLICATION AND AGREEMENT FOR**
**IRREVOCABLE STANDBY LETTER OF CREDIT**

| BANK USE ONLY | |
|---|---|
| Letter of Credit No. | 5740 |

To: East West Bank
Attention: Trade Services
135 N. Los Robles Ave., 2nd Floor, Pasadena, California 91101, U.S.A.

| | Date of Application: | 03/16/2022 |
|---|---|---|

I, We ("Applicant") request you, East west Bank ("Bank") to issue an irrevocable standby letter of credit ("Credit") with the following terms and conditions for delivery to the beneficiary named below ("Beneficiary") by:

[ ] SWIFT   [X] Courier   [ ] (Other) _____ (please specify)

| APPLICANT (Full name and street address):<br>Name: ELECTRIC LAST MILE SOLUTIONS, INC.<br>Address: 1055 W. SQUARE LAKE RD.<br>TROY, MI 48098 | BENEFICIARY (Full name and street address):<br>Name: AMERICAN ALTERNATIVE INSURANCE CORP<br>Address: C/O ROANOKE INSURANCE GROUP INC.<br>1475 E. WOODFIELD RD.K SUITE 500<br>SCHAUMBURG, IL 60173-4903<br>Attention: |
|---|---|
| ACCOUNT PARTY (If different from Applicant above):<br>Name:<br>Address:<br><br><br>(Account Party's name shall appear as applicant in the Credit) | ADVISING BANK (Name and address): (If beneficiary's bank is not your correspondent bank, or left blank, select advising bank at your option)<br>Name:<br>Address:<br><br>SWIFT Code: |
| AMOUNT (In words and figures, including currency type)<br>U.S. DOLLARS FOUR HUNDRED THOUSAND AND 00/100<br><br>USD    400,000.00 | EXPIRY DATE (Expires at counter of Issuing Bank):<br>12 MONTHS FROM LC ISSUE DATE<br><br>[ ] with or [X] without automatic extension |
| PARTIAL DRAWINGS:<br>[X] Allowed    [ ] Not Allowed<br><br>MULTIPLE DRAWINGS:<br>[X] Allowed    [ ] Not Allowed | Charges (Check one):<br>[X] All bank charges are for Applicant's account.<br>[ ] All bank charges other than East West Bank are for Beneficiary's account. (However, the charges will be for Applicant's account if beneficiary failed to pay such charges or when the credit is canceled unutilized.) |

[ ] Credit is Transferable only in its entirety (Bank is authorized to include its standard transfer conditions and is authorized to nominate a transferring bank, if applicable).

CREDIT AVAILABLE BY SIGHT PAYMENT AGAINST PRESENTATION OF THE DOCUMENTS DETAILED HEREIN.

### DOCUMENTS REQUIRED (Specify by whom documents should be executed and wording)

[X] Please issue the Letter of Credit as per attached wording.
or
[ ] Please issue the Letter of Credit as per below wording.

The opening of the Credit is subject to the terms and conditions as set forth in the Standby Letter of Credit Agreement appearing on the second page hereof to which Applicant agrees and, if Applicant's continuing agreement is lodged with Bank, subject to the terms and provision set forth therein. Furthermore, the application shall include revisions of the terminology set forth above as Bank deems necessary.

Applicant agrees to pay Bank in advance an opening commission as set forth in the current Schedule of Fees or as agreed upon. Applicant agrees to pay Bank all charges including attorney's fees paid or incurred by Bank in connection therewith and interest where chargeable as provided herein. Applicant hereby authorizes Bank to charge Applicant's account for all charges and expenses, including commissions and fees.

APPLICANT ACKNOWLEDGES THAT BANK'S ACCEPTING THIS APPLICATION DOES NOT CONSTITUTE A COMMITMENT BY BANK TO ISSUE THE CREDIT.

The undersigned agrees to be bound by the terms and conditions set forth above and on the reverse side / second page hereof.

Name of Applicant (Business Name):    ELECTRIC LAST MILE SOLUTIONS, INC.

| Authorized Signature(s) | Printed Name & Title: ROB SONG, CEO |
|---|---|
| Telephone No. 9174346858 | Account No. |

06/2021 _____ Page 1 of 2

**STANDBY LETTER OF CREDIT AGREEMENT**

In consideration of the issuing by East West Bank ("Bank") at our ("Applicant's") request of a standby letter of credit ("Credit") on the terms which appear on the first page hereof. Applicant hereby agrees with the Bank as follows:

1. Applicant shall pay Bank upon demand in United States currency all moneys paid by Bank or Bank's correspondents or for which Bank or Bank's correspondents become liable under or pursuant to said Credit, including under drafts paid by Bank or Bank's correspondents, together with interest, commission and all customary charges thereon; applicant also authorizes Bank to charge any of Applicant's account with Bank for all such moneys so paid or for which Bank or Bank's correspondents become liable and Applicant agrees at least one day before same is due to provide Bank with funds to meet all disbursements or payments of any kind or character, together with commission, interest and charges, which Bank or Bank's correspondents have paid or for which Bank or Bank's correspondent have paid or for which Bank or Bank's correspondent become liable or to which Bank or Bank's correspondents are entitled under or in relation to said Credit; provided however, that if any amounts paid or payable under or in respect of said Credit are in any currency other than United States currency, the amounts payable or provided by Applicant to Bank or chargeable by Bank hereunder may be, at Bank's election, either in such other currency or the equivalent in United States currency computed at the rate bank would at the time sell such other currency for United States currency.

2. Applicant understands that the commissions, fees and charges payable by Applicant to Bank in connection with said Credit are established by Bank with regard in part to Bank's costs in issuing and maintaining the credit. If, prior to the expiry date of said Credit, any applicable law, rule or regulation, is adopted or amended, or there is a change in the interpretation or administration of any existing applicable law, rule or regulation, which has the effect of increasing the taxes, duties, charges or other costs paid or incurred by Bank in connection with said Credit (including without limitation, deposit insurance assessments and reserve requirement costs). Applicant shall pay Bank upon demand in United States currency the amount of any such increase or increases.

3. Applicant hereby conveys, and grants to Bank a security interest in all goods, documents, instruments, general intangibles and other property, including without limitation certificates of deposit, passbooks, deposit accounts, stocks, bonds, and other securities which shall come into Bank's control or possession or that of any of Bank's correspondents as security for any and all of Applicant's obligations hereunder. Upon default by Applicant in any of the undertakings set forth in this Agreement, Bank is authorized to sell or otherwise turn to account, under the provisions of the Uniform Commercial Code of the State of California and other applicable laws, any or all of said collateral; in the event of deficiency, Applicant will pay the same to Bank immediately. In the event of any surplus Bank shall pay the same to Applicant or to the persons entitled thereto. In the event such collateral should suffer any decline in value Applicant shall upon demand deliver to Bank additional collateral to Bank's satisfaction.

4. In the event of default in respect of any payment due under this Agreement, or in the event of the death, insolvency, dissolution or termination of the existence of any of Applicant, or should any bankruptcy or similar proceeding be filed by or against any of Applicant, the amount of said Credit, as well as any and all other amounts then or to become payable to Bank hereunder ("Other Amounts"), together with interest thereon, shall, to the extent not thereto paid to Bank, become immediately due and payable; and if at the time of any such event said Credit is still in effect and not completely drawn against or Other Amounts are not paid, Applicant shall, upon demand, pay to Bank, for application to drawings under said Credit or payment of such Other Amounts, the entire amount which has not been drawn or paid. Any amount so paid shall be repaid to Applicant without interest when it is finally determined by Bank that Applicant has fully discharged applicant's obligations hereunder.

5. Bank and Bank's correspondents shall be entitled to make payments under said Credit if the documents presented thereunder appear on their face to be in accordance with the terms and conditions of said Credit; and neither Bank nor Bank's correspondents shall be liable or responsible for the form, sufficiency, accuracy, genuineness, falsification or legal effect of any documents, or for the authority of any persons signing the documents, or for the good faith or acts or omissions, solvency, performance or standing or the beneficiary or any other person whomsoever, including performance of the underlying contract or other transaction between applicant and the beneficiary. Furthermore, Bank and Bank's correspondents shall not have any liability for the consequences arising out of delay or loss in transit of any messages, drafts or documents, or for any delay, interruption mutilation or other error arising in the transmission of any telecommunication, or for errors in translation or interpretation of any message or document relating to said credit. Subject to applicable law and usage of trade in

the jurisdiction where said Credit is to be paid, said Credit shall be subject to, and performance by Bank, Bank's correspondents and the beneficiary thereunder shall be governed by, the Uniform Customs and Practice for Documentary Credits, 2007 Revision, ICC Publication No. 600, or International Standby Practices (ISP98) ICC Publication No. 590 or any subsequent revision thereof adopted by the International Chamber of Commerce which is then in effect.

6. Applicant shall pay upon demand in United States currency all expenses, including attorneys' fees, incurred by Bank or Bank's correspondents in connection with the preservation or enforcement of any right granted hereunder. In addition, Applicant shall indemnify Bank and Bank's correspondents against any and all liabilities, losses, damages, settlements and expenses, including attorney's fees, which Bank or Bank's correspondents may incur in connection with any dispute with the beneficiary or any other third party relating to said Credit; and, in the event any suit or other proceeding is brought against Bank or Bank's correspondents named in such suit or proceeding may elect either to defend such suit or proceeding at Applicant's expenses or to require that Applicant assumes the defense thereof employing counsel acceptable to Bank or such correspondent.

7. In the event of any extension of the maturity or time for presentation of drafts, acceptance of documents, or any other modification of the terms of said Credit, at the request of any of Applicant with or without notification to the others, or in the event of any increase in the amount of said Credit at Applicant's request, this Agreement shall be binding upon Applicant with regard to said Credit so increased or otherwise modified, to drafts, documents and property covered thereby, and to any action by Bank or any of Bank's correspondents in accordance with such extension, increase or other modification.

8. Bank may, in Bank's discretion, arrange for the direct or indirect participation by other financial institutions in the issuance of said Credit or provide for the assignment or transfer to and assumption by other financial institutions of all or some portion of Bank's liability under said Credit; and Bank may assign or transfer this Agreement or all or any portion of Bank's rights hereunder, and any instrument(s) evidencing all or any portion of Bank's liability under said Credit, and Bank may deliver all or any of the property then held as security for Applicant's obligations hereunder, to the assignee(s) or transferee(s), who shall thereupon become vested with all the powers and rights in respect thereto given Bank herein or in the instrument(s) assigned or transferred, and Bank shall thereafter be forever relieved and fully discharged from any liability or responsibility with respect thereto, but Bank shall retain all rights and powers hereby given with respect to any and all instrument(s), rights or property not so assigned or transferred.

9. If the application and Agreement for Standby documentary Credit is signed by one party, terms in the plural shall be read in the singular, as appropriate. If signed by two or more parties this Agreement shall be the joint and several agreement of such parties.

10. This Agreement shall become effective upon its receipt and acceptance by Bank, shall be governed by the laws of the State of California, United States of America, in all respects, including (without limitation) matters of title, construction, validity, performance and discharge, and shall be binding upon applicant and Applicant's successors, assigns, and legal representatives and shall not be waived, altered, modified or amended as to any of its terms or provisions, except as Bank may consent thereto in writing; and, no assignment, or other transfer, of all or any of Applicant's rights hereunder or under said Credit, whether with regard to any property or otherwise, may be made without Bank's prior consent in writing.

11. Applicant authorizes Bank to accept and act upon the this Agreement and any applications and instructions (including but not limited to issuance, amendments, acceptance of discrepant documents, payment, and to finance import or export transactions) by means of teletransmission including but not limited to facsimile, electronic mail, telecopy, telefax and internet, and to accept electronic agreements and electronic signatures in format acceptable by Bank and security procedures agreed from time to time.

12. This Agreement hereby incorporates any alternative dispute resolution agreement previously, concurrently or hereafter executed between Bank and Applicant.

Date of Application: _____ 03/16/2022

Amount of Application: USD    400,000.00

Applicant: ELECTRIC LAST MILE SOLUTIONS, INC.

Authorized Signature(s): _____

+++ DRAFT 3.10.2022 +++

THIS LC DRAFT IS PROVIDED FOR YOUR REFERENCE ONLY.  PLEASE REVIEW THE TERMS AND CONDITIONS CAREFULLY.   RELEASE OF THIS DRAFT DOES NOT CONSTITUTE OUR OBLIGATION TO ISSUE THIS LC.

East West Bank
International Operations
135 N. Los Robles Ave., 2nd Floor
Pasadena, Ca 91101
Attn: Standby Letter of Credit Unit
Tel No. 626-768-6608 Fax No. 626-817-8856

### Irrevocable Letter of Credit No.  XXXXX

Date of Issue:  _____, 2022

Beneficiary:    American Alternative Insurance Corporation
c/o Roanoke Insurance Group Inc.
1475 E. Woodfield Rd., Suite 500
Schaumburg, IL 60173-4903

Applicant:    Electric Last Mile Solutions, Inc.
1055 W. Square Lake Rd.
Troy, MI 48098

Amount: USD400,000.00 (U.S. Dollars Four Hundred Thousand and 00/100)

Date and Place of Expiry: (12 MONTHS FROM LC ISSUE DATE) at East West Bank's above address

Ladies and Gentlemen:

At the request and on behalf of Electric Last Mile Solutions, Inc., we have opened an Irrevocable Letter of Credit No. XXXXX in favor of beneficiary for USD400,000.00 (U.S. Dollars Four Hundred Thousand and 00/100), available by your draft(s) at sight on us.

We warrant to you that all your draft(s), original Letter of Credit, all original amendment(s), if any, and documents (if any) will be duly honored upon presentation at East West Bank, International Operations, 135 N. Los Robles Ave., 2nd Floor, Pasadena, CA 91101 Attn: Standby Letter of Credit Unit on or before the above expiration date.

Except as stated herein, this Irrevocable Letter of Credit is not subject to any condition or qualification and is our individual obligation, which is in no way contingent upon reimbursement.

This Irrevocable Letter of Credit is effective _____, 2022, and expires on (12 MONTHS FROM LC ISSUE DATE), 2023.

This Letter of Credit in its entirety is deemed to be compliant with applicable laws and regulations so that the amount available under this Letter of Credit is without limitation for such reasons.

All banking charges and commissions incurred in this transaction are for the applicant's account.

Except as otherwise specified herein, this Letter of Credit is subject to the Uniform Customs and Practices for Documentary Credit (2007 Revision), International Chamber of Commerce Publication No. 600 (UCP600).

Notwithstanding Article 36 of the UCP600, if this Letter of Credit expires during an interruption of our business as described in Article 36 of the said UCP600, the Bank hereby specifically agrees to effect payment if this Letter of Credit is drawn against within thirty (30) days after the resumption of our business.


ALL TERMS AND CONDITIONS HEREIN ACCEPTED BY:
ELECTRIC LAST MILE SOLUTIONS, INC.



_____
_____
AUTHORIZED SIGNATURE

# ▪▪▪ EAST WEST BANK

East West Bank
International Operations
135 N. Los Robles Ave., 2nd Floor
Pasadena, Ca 91101
Attn: Standby Letter of Credit Unit
Tel No. 626-768-6615 Fax No. 626-817-8856

### Irrevocable Letter of Credit No.  ▪▪▪▪5040

Date of Issue:  March 18, 2022

Beneficiary:     American Alternative Insurance Corporation
                 c/o Roanoke Insurance Group Inc.
                 1475 E. Woodfield Rd., Suite 500
                 Schaumburg, IL 60173-4903

Applicant:       Electric Last Mile Solutions, Inc.
                 1055 W. Square Lake Rd.
                 Troy, MI 48098

Amount: USD400,000.00 (U.S. Dollars Four Hundred Thousand and 00/100)

Date and Place of Expiry: March 18, 2023 at East West Bank's above address

Ladies and Gentlemen:

At the request and on behalf of Electric Last Mile Solutions, Inc., we have opened an Irrevocable Letter of Credit No. ▪▪▪▪5040 in favor of beneficiary for USD400,000.00 (U.S. Dollars Four Hundred Thousand and 00/100), available by your draft(s) at sight on us.

We warrant to you that all your draft(s), original Letter of Credit, all original amendment(s), if any, and documents (if any) will be duly honored upon presentation at East West Bank, International Operations, 135 N. Los Robles Ave., 2nd Floor, Pasadena, CA 91101 Attn: Standby Letter of Credit Unit on or before the above expiration date.

Except as stated herein, this Irrevocable Letter of Credit is not subject to any condition or qualification and is our individual obligation, which is in no way contingent upon reimbursement.

This Irrevocable Letter of Credit is effective March 18, 2022, and expires on March 18, 2023.

This Letter of Credit in its entirety is deemed to be compliant with applicable laws and regulations so that the amount available under this Letter of Credit is without limitation for such reasons.

All banking charges and commissions incurred in this transaction are for the applicant's account.

# EAST WEST BANK

Except as otherwise specified herein, this Letter of Credit is subject to the Uniform Customs and Practices for Documentary Credit (2007 Revision), International Chamber of Commerce Publication No. 600 (UCP600).

Notwithstanding Article 36 of the UCP600, if this Letter of Credit expires during an interruption of our business as described in Article 36 of the said UCP600, the Bank hereby specifically agrees to effect payment if this Letter of Credit is drawn against within thirty (30) days after the resumption of our business.

East West Bank

Kelly Yang
AVP-Intl Operations Officer

East West Bank

Ben Cortes
Vice President

**EXHIBIT B**

Atlantic Agreement and Atlantic LC

(Attached)

# EAST WEST BANK

**APPLICATION AND AGREEMENT FOR
IRREVOCABLE STANDBY LETTER OF CREDIT**

| BANK USE ONLY |
| --- |
| Letter of Credit No.: 5076 |
| Date of Application: 04/29/2022 |

To: East West Bank
Attention: Trade Services
135 N. Los Robles Ave., 2nd Floor, Pasadena, California 91101, U.S.A.

I, We ("Applicant") request you, East west Bank ("Bank") to issue an irrevocable standby letter of credit ("Credit") with the following terms and conditions for delivery to the beneficiary named below ("Beneficiary") by:

[ ] SWIFT   [X] Courier   [ ] (Other) _____ (please specify)

| APPLICANT (Full name and street address): | BENEFICIARY (Full name and street address): |
| --- | --- |
| Name: ELECTRIC LAST MILE SOLUTIONS, INC. | Name: ATLANTIC SPECIALTY INSURANCE COMPANY |
| Address: 1055 W. SQUARE LAKE RD | Address: 605 U.S. HIGHWAY 169 |
| TROY, MI 48098 | EIGHTH FLOOR |
| | PLYMOUTH, MN 55441 |
| | Attention: COLLATERAL MANAGER |
| ACCOUNT PARTY (If different from Applicant above): | ADVISING BANK (Name and address): (If beneficiary's bank is not your |
| Name: | correspondent bank, or left blank, select advising bank at your option) |
| Address: | Name: |
| | Address: |
| (Account Party's name shall appear as applicant in the Credit) | SWIFT Code: |
| AMOUNT (In words and figures, including currency type): | EXPIRY DATE (Expires at counter of Issuing Bank): |
| U.S. DOLLARS SIX HUNDRED THOUSAND AND 00/100 | 1 YEAR FROM LC ISSUE DATE |
| USD        600,000.00 | [X] with or [ ] without automatic extension |
| PARTIAL DRAWINGS: | Charges (Check one): |
| [X] Allowed   [ ] Not Allowed | [X] All bank charges are for Applicant's account. |
| MULTIPLE DRAWINGS: | [ ] All bank charges other than East West Bank are for Beneficiary's account. (However, the charges will be for Applicant's account if |
| [X] Allowed   [ ] Not Allowed | beneficiary failed to pay such charges or when the credit is canceled unutilized.) |

[  ] Credit is Transferable only in its entirety (Bank is authorized to include its standard transfer conditions and is authorized to nominate a transferring bank, if applicable).

CREDIT AVAILABLE BY SIGHT PAYMENT AGAINST PRESENTATION OF THE DOCUMENTS DETAILED HEREIN.

DOCUMENTS REQUIRED (Specify: see non-documentary condition is subject to court dance with wording):

[X] Please issue the Letter of Credit as per attached wording.
or
[ ] Please issue the Letter of Credit as per below wording.

The opening of the Credit is subject to the terms and conditions as set forth in the Standby Letter of Credit Agreement appearing on the second page hereof to which Applicant agrees and, if Applicant's continuing agreement is lodged with Bank, subject to the terms and provision set forth therein. Furthermore, the application shall include revisions of the terminology set forth above as Bank deems necessary

Applicant agrees to pay Bank in advance an opening commission as set forth in the current Schedule of Fees or as agreed upon. Applicant agrees to pay Bank all charges including attorney's fees paid or incurred by Bank in connection therewith and interest where chargeable as provided herein. Applicant hereby authorizes Bank to charge Applicant's account for all charges and expenses, including commissions and fees.

**APPLICANT ACKNOWLEDGES THAT BANK'S ACCEPTING THIS APPLICATION DOES NOT CONSTITUTE A COMMITMENT BY BANK TO ISSUE THE CREDIT.**

**The undersigned agrees to be bound by the terms and conditions set forth above and on the reverse side / second page hereof.**

Name of Applicant (Business Name):   ELECTRIC LAST MILE SOLUTIONS, INC.

| Authorized Signature(s) | Printed Name & Title:   Rob Song, CFO |
| --- | --- |
| Telephone No.   917 439 4658 | Account No.  8003221465 |

06/2021

## STANDBY LETTER OF CREDIT AGREEMENT

In consideration of the issuing by East West Bank ("Bank") at our ("Applicant's") request of a standby letter of credit ("Credit") on the terms which appear on the first page hereof. Applicant hereby agrees with the Bank as follows:

1. Applicant shall pay Bank upon demand in United States currency all moneys paid by Bank or Bank's correspondents or for which Bank or Bank's correspondents become liable under or pursuant to said Credit, including under drafts paid by Bank or Bank's correspondents, together with interest, commission and all customary charges thereon; applicant also authorizes Bank to charge any of Applicant's account with Bank for all such moneys so paid or for which Bank or Bank's correspondents become liable and Applicant agrees at least one day before same is due to provide Bank with funds to meet all disbursements or payments of any kind or character, together with commission, interest and charges, which Bank or Bank's correspondents have paid or for which Bank or Bank's correspondent have paid or for which Bank or Bank's correspondent become liable or to which Bank or Bank's correspondents are entitled under or in relation to said Credit; provided however, that if any amounts paid or payable under or in respect of said Credit are in any currency other than United States currency, the amounts payable or provided by Applicant to Bank or chargeable by Bank hereunder may be, at Bank's election, either in such other currency or the equivalent in United States currency computed at the rate bank would at the time sell such other currency for United States currency.

2. Applicant understands that the commissions, fees and charges payable by Applicant to Bank in connection with said Credit are established by Bank with regard in part to Bank's costs in issuing and maintaining the credit. If, prior to the expiry date of said Credit, any applicable law, rule or regulation, is adopted or amended, or there is a change in the interpretation or administration of any existing applicable law, rule or regulation, which has the effect of increasing the taxes, duties, charges or other costs paid or incurred by Bank in connection with said Credit (including without limitation, deposit insurance assessments and reserve requirement costs). Applicant shall pay Bank upon demand in United States currency the amount of any such increase or increases.

3. Applicant hereby conveys, and grants to Bank a security interest in all goods, documents, instruments, general intangibles and other property, including without limitation certificates of deposit, passbooks, deposit accounts, stocks, bonds, and other securities which shall come into Bank's control or possession or that of any of Bank's correspondents as security for any and all of Applicant's obligations hereunder. Upon default by Applicant in any of the undertakings set forth in this Agreement, Bank is authorized to sell or otherwise turn to account, under the provisions of the Uniform Commercial Code of the State of California and other applicable laws, any or all of said collateral; in the event of deficiency, Applicant will pay the same to Bank immediately. In the event of any surplus Bank shall pay the same to Applicant or to the persons entitled thereto. In the event such collateral should suffer any decline in value Applicant shall upon demand deliver to Bank additional collateral to Bank's satisfaction.

4. In the event of default in respect of any payment due under this Agreement, or in the event of the death, insolvency, dissolution or termination of the existence of any of Applicant, or should any bankruptcy or similar proceeding be filed by or against any of Applicant, the amount of said Credit, as well as any and all other amounts then or to become payable to Bank hereunder ("Other Amounts"), together with interest thereon, shall, to the extent not thereto paid to Bank, become immediately due and payable; and if at the time of any such event said Credit is still in effect and not completely drawn against or Other Amounts are not paid, Applicant shall, upon demand, pay to Bank, for application to drawings under said Credit or payment of such Other Amounts, the entire amount which has not been drawn or paid. Any amount so paid shall be repaid to Applicant without interest when it is finally determined by Bank that Applicant has fully discharged applicant's obligations hereunder.

5. Bank and Bank's correspondents shall be entitled to make payments under said Credit if the documents presented thereunder appear on their face to be in accordance with the terms and conditions of said Credit; and neither Bank nor Bank's correspondents shall be liable or responsible for the form, sufficiency, accuracy, genuineness, falsification or legal effect of any documents, or for the authority of any persons signing the documents, or for the good faith or acts or omissions, solvency, performance or standing or the beneficiary or any other person whomsoever, including performance of the underlying contract or other transaction between Applicant and the beneficiary. Furthermore, Bank and Bank's correspondents shall not have any liability for the consequences arising out of delay or loss in transit of any messages, drafts or documents, or for any delay, interruption mutilation or other error arising in the transmission of any telecommunication, or for errors in translation or interpretation of any message or document relating to said credit. Subject to applicable law and usage of trade in

the jurisdiction where said Credit is to be paid, said Credit shall be subject to, and performance by Bank, Bank's correspondents and the beneficiary thereunder shall be governed by, the Uniform Customs and Practice for Documentary Credits, 2007 Revision, ICC Publication No. 600, or International Standby Practices (ISP98) ICC Publication No. 590 or any subsequent revision thereof adopted by the International Chamber of Commerce which is then in effect.

6. Applicant shall pay upon demand in United States currency all expenses, including attorneys' fees, incurred by Bank or Bank's correspondents in connection with the preservation or enforcement of any right granted hereunder. In addition, Applicant shall indemnify Bank and Bank's correspondents against any and all liabilities, losses, damages, settlements and expenses, including attorney's fees, which Bank or Bank's correspondents may incur in connection with any dispute with the beneficiary or any other third party relating to said Credit; and, in the event any suit or other proceeding is brought against Bank or Bank's correspondents named in such suit or proceeding may elect either to defend such suit or proceeding at Applicant's expenses or to require that Applicant assumes the defense thereof employing counsel acceptable to Bank or such correspondent.

7. In the event of any extension of the maturity or time for presentation of drafts, acceptance of documents, or any other modification of the terms of said Credit, at the request of any of Applicant with or without notification to the others, or in the event of any increase in the amount of said Credit at Applicant's request, this Agreement shall be binding upon Applicant with regard to said Credit so increased or otherwise modified, to drafts, documents and property covered thereby, and to any action by Bank or any of Bank's correspondents in accordance with such extension, increase or other modification.

8. Bank may, in Bank's discretion, arrange for the direct or indirect participation by other financial institutions in the issuance of said Credit or provide for the assignment or transfer to and assumption by other financial institutions of all or some portion of Bank's liability under said Credit; and Bank may assign or transfer this Agreement or all or any portion of Bank's rights hereunder, and any instrument(s) evidencing all or any portion of Bank's liability under said Credit, and Bank may deliver all or any of the property then held as security for Applicant's obligations hereunder, to the assignee(s) or transferee(s), who shall thereupon become vested with all the powers and rights in respect thereto given Bank herein or in the instrument(s) assigned or transferred, and Bank shall thereafter be forever relieved and fully discharged from any liability or responsibility with respect thereto, but Bank shall retain all rights and powers hereby given with respect to any and all instrument(s), rights or property not so assigned or transferred.

9. If the application and Agreement for Standby documentary Credit is signed by one party, terms in the plural shall be read in the singular, as appropriate. If signed by two or more parties this Agreement shall be the joint and several agreement of such parties.

10. This Agreement shall become effective upon its receipt and acceptance by Bank, shall be governed by the laws of the State of California, United States of America, in all respects, including (without limitation) matters of title, construction, validity, performance and discharge, and shall be binding upon applicant and Applicant's successors, assigns, and legal representatives and shall not be waived, altered, modified or amended as to any of its terms or provisions, except as Bank may consent thereto in writing; and, no assignment, or other transfer, of all or any of Applicant's rights hereunder or under said Credit, whether with regard to any property or otherwise, may be made without Bank's prior consent in writing.

11. Applicant authorizes Bank to accept and act upon this Agreement and any applications and instructions (including but not limited to issuance, amendments, acceptance of discrepant documents, payment, and to finance import or export transactions) by means of teletransmission including but not limited to facsimile, electronic mail, telecopy, telefax and internet, and to accept electronic agreements and electronic signatures in format acceptable by Bank and security procedures agreed from time to time.

12. This Agreement hereby incorporates any alternative dispute resolution agreement previously, concurrently or hereafter executed between Bank and Applicant.

Date of Application: _____04/29/2022_____

Amount of Application: USD    600,000.00_____

Applicant: ELECTRIC LAST MILE SOLUTIONS, INC.

Authorized Signature(s): _____

+++ DRAFT 4.29.2022 +++

THIS STANDBY LC DRAFT IS PROVIDED FOR YOUR REFERENCE ONLY.  PLEASE REVIEW THE TERMS AND CONDITIONS CAREFULLY.   RELEASE OF THIS DRAFT DOES NOT CONSTITUTE OUR OBLIGATION TO ISSUE THIS STANDBY LC

East West Bank
International Operations
135 N. Los Robles Ave., 2nd Floor
Pasadena, CA 91101
Attn: Standby Letter of Credit Unit
Tel: (626) 768-6615 Fax: (626) 817-8857

Irrevocable Clean
Letter of Credit No. XXXXX                                    Issue Date: _____, 2022

Applicant:        Electric Last Mile Solutions, Inc.
                  1055 W. Square Lake Rd.
                  Troy, MI 48098

To:               ATLANTIC SPECIALTY INSURANCE COMPANY
                  605 U.S. Highway 169
                  Eighth Floor
                  Plymouth, MN 55441
                  ATTN: Collateral Manager

We have established this clean, irrevocable and unconditional Letter of Credit No. XXXXX in Atlantic Specialty Insurance Company (referred to as "you" throughout this letter) favor as beneficiary for drawing up to an aggregate amount of USD600,000.00 (U.S. Dollars Six Hundred Thousand and 00/100) effective immediately.  This Letter of Credit is issued, presentable and payable at our office at our address shown in the heading of this Letter of Credit, above, and expires with our close of business on _____, 2023.

Except when the amount of this Letter of Credit is increased, this Letter of Credit cannot be modified or revoked without your consent.

The term "beneficiary" includes any assign and any successor by operation of law of the named beneficiary including, without limitation, any such liquidator, rehabilitator, receiver or conservator.

We hereby undertake to promptly honor your sight draft(s) drawn on us indicating our Letter of Credit No. XXXXX, for all or any part of this credit upon presentation of your draft drawn on us at our office specified at the heading of this Letter of Credit, above, on or before the expiration date hereof or any automatically extended expiry date.

Except as expressly stated herein, this undertaking is not subject to any agreement, requirement, condition or qualification. Our obligation as the issuing bank under this Letter of Credit is our individual, direct obligation, and it is in no way contingent upon reimbursement with respect thereto, or upon our ability to perfect any lien, security interest or any other reimbursement.

This Letter of Credit is deemed to be automatically extended without amendment for one year from the expiration date hereof and for consecutive one year periods from each successive anniversary of the expiration date hereof, unless 60 days prior to such expiration or anniversary date, we notify you by registered mail or traceable overnight mail that this Letter of Credit will not be extended for any such additional period.

This Letter of Credit is subject to and governed by the Laws of the State of New York and the 2007 revision of the Uniform Customs and Practice for Documentary Credits of the International Chamber of Commerce (Publication No. 600), and in the event of any conflict, the Laws of the State of New York will control. If this Credit expires during an interruption of business as described in Article 36 of said Publication 600, we hereby specifically agree to effect payment if this Letter of Credit is drawn against within 30 days after the resumption of our business.

(BANK SIGNATURES)


Please direct any written correspondence or inquiries regarding this Letter of Credit, including any returns or cancellations, to EAST WEST BANK at:

International Operations
135 N. Los Robles Ave. 2nd Floor
Pasadena, CA 91101
Attn: Standby Letter of Credit Unit
Tel: 626-768-6615
Email: Tradestandby@eastwestbank.com




ALL TERMS AND CONDITIONS HEREIN ACCEPTED BY:
ELECTRIC LAST MILE SOLUTIONS, INC.



_____
AUTHORIZED SIGNATURE

 EAST WEST BANK

East West Bank
International Operations
135 N. Los Robles Ave., 2nd Floor
Pasadena, CA 91101
Attn: Standby Letter of Credit Unit
Tel: (626) 768-6615 Fax: (626) 817-8857

Irrevocable Clean
Letter of Credit No. ████████5076                    Issue Date: May 13, 2022

Applicant:     Electric Last Mile Solutions, Inc.
               1055 W. Square Lake Rd.
               Troy, MI 48098

To:            ATLANTIC SPECIALTY INSURANCE COMPANY
               605 U.S. Highway 169
               Eighth Floor
               Plymouth, MN 55441
               ATTN: Collateral Manager

We have established this clean, irrevocable and unconditional Letter of Credit No. ████████5076 in
Atlantic Specialty Insurance Company (referred to as "you" throughout this letter) favor as beneficiary for
drawing up to an aggregate amount of USD600,000.00 (U.S. Dollars Six Hundred Thousand and 00/100)
effective immediately. This Letter of Credit is issued, presentable and payable at our office at our address
shown in the heading of this Letter of Credit, above, and expires with our close of business on May 13,
2023.

Except when the amount of this Letter of Credit is increased, this Letter of Credit cannot be modified or
revoked without your consent.

The term "beneficiary" includes any assign and any successor by operation of law of the named
beneficiary including, without limitation, any such liquidator, rehabilitator, receiver or conservator.

We hereby undertake to promptly honor your sight draft(s) drawn on us indicating our Letter of Credit
No. ████████5076, for all or any part of this credit upon presentation of your draft drawn on us at our
office specified at the heading of this Letter of Credit, above, on or before the expiration date hereof or any
automatically extended expiry date.

Except as expressly stated herein, this undertaking is not subject to any agreement, requirement, condition
or qualification. Our obligation as the issuing bank under this Letter of Credit is our individual, direct
obligation, and it is in no way contingent upon reimbursement with respect thereto, or upon our ability to
perfect any lien, security interest or any other reimbursement.



This Letter of Credit is deemed to be automatically extended without amendment for one year from the expiration date hereof and for consecutive one year periods from each successive anniversary of the expiration date hereof, unless 60 days prior to such expiration or anniversary date, we notify you by registered mail or traceable overnight mail that this Letter of Credit will not be extended for any such additional period.

This Letter of Credit is subject to and governed by the Laws of the State of New York and the 2007 revision of the Uniform Customs and Practice for Documentary Credits of the International Chamber of Commerce (Publication No. 600), and in the event of any conflict, the Laws of the State of New York will control.  If this Credit expires during an interruption of business as described in Article 36 of said Publication 600, we hereby specifically agree to effect payment if this Letter of Credit is drawn against within 30 days after the resumption of our business.

East West Bank

Kelly Yang
AVP - Intl Operations Officer

East West Bank

Ben Cortes
Vice President

Please direct any written correspondence or inquiries regarding this Letter of Credit, including any returns or cancellations, to East West Bank at:

International Operations
135 N. Los Robles Ave. 2nd Floor
Pasadena, CA 91101
Attn: Standby Letter of Credit Unit
Tel: 626-768-6615
Email: Tradestandby@eastwestbank.com

**EXHIBIT C**

<u>American LC Notice of Drawing</u>

(Attached)

# EAST WEST BANK

International Operations/ Dept Code 310
135 N. Los Robles Ave., Suite 200
Pasadena, CA 91101, U.S.A.

```
*************************
*NOTIFICATION OF DRAWING*
*************************
```

Date: 03/09/23

Our L/C No. ▉▉▉▉5040                    bill No. 23ISN011186

To: Electric Last Mile Solutions, Inc
    1055 W. Square Lake Rd.
    Troy, MI 48098

Attn:                              Fax #:

Drawer: American Alternative Insurance Corp

Drawing Amount:       USD 400,000.00       At: SIGHT
Doc exam fee @ 1/4%   USD 1,000.00
WIRE FEE              USD 35.00

**TOTAL DUE:          USD 401,035.00**
_____

We have received the documents presented under subject Letter of Credit:

DRAFT                     1
BENEFICIY'S STMT          1
ORIGINAL LC & AMENDMENT

Documents are in order

_____
To East West Bank:
Please follow instruction(s) marked "X" :

_____  Debit our account no. _____ with your Bank.

_____  Other Instruction: _____

                              Electric Last Mile Solutions, Inc


                              _____
                              Authorized Signature


To Our customer:
Please fax your instruction back to International Operations at
(626)817-8857.

**EXHIBIT D**

Atlantic LC Notice of Drawing

(Attached)

# EAST WEST BANK

EAST WEST BANK
International Operations/ Dept Code 310
135 N. Los Robles Ave., Suite 200
Pasadena, CA 91101, U.S.A.

```
**************************
*NOTIFICATION OF DRAWING*
**************************
```

Date: 03/23/23

Our L/C No. ███████5076                    bill No. 23ISN011195

To: Electric Last Mile Solutions, Inc
    1055 W. Square Lake Rd
    Troy, MI 48098

Attn:                              Fax #:

Drawer: Atlantic Specialty Insurance Co

Drawing Amount:       USD 600,000.00       At: SIGHT
Doc exam fee @ 1/4%   USD 1,500.00
WIRE FEE              USD 35.00

**TOTAL DUE:**          **USD 601,535.00**

We have received the documents presented under subject Letter of Credit:

DRAFT                    1
ORIGINAL LC

Documents are in order

_____
To East West Bank:
Please follow instruction(s) marked "X" :

_____  Debit our account no. _____ with your Bank.

_____  Other Instruction: _____

                              Electric Last Mile Solutions, Inc


                              _____
                              Authorized Signature

To Our customer:
Please fax your instruction back to International Operations at
(626)817-8857.