# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Electric Last Mile Solutions, Inc., *et al.*, [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 22-10537 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: 10/4/23 @ 2:00 p.m. (ET)**<br>**Objection Deadline: 9/25/23 @ 4:00 p.m. (ET)** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 1452

David W. Carickhoff, in his capacity as the Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors"), hereby moves this Court (the "Motion"), for entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending by approximately 180 days the deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 with respect to certain claims and causes of action. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357)

227712104 v1

to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.[2]

## BACKGROUND

2.  On June 14, 2022 (the "<u>Petition Date</u>"), the Debtors filed with this Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

3.  David W. Carickhoff has been appointed as trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a).

4.  The section 341(a) meeting of creditors was held on July 12, 2022, and concluded.

5.  Prior to the Petition Date, the Debtors manufactured electric commercial vehicles.

## RELIEF REQUESTED

6.  By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9006(b) extending by approximately 180 days, through and including March 11, 2024, the deadline for the Trustee to file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.[3] The Trustee further requests that the relief requested herein be granted without prejudice to the Trustee's right to seek further extensions of the deadline to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## BASIS FOR RELIEF REQUESTED

7.  Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of claims and causes of action related to the bankruptcy case and pending as of the Petition Date. Specifically, section 1452 provides that:

---

[2] Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court with respect to the relief requested in this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3] The current removal deadline is September 11, 2023.

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452. Section 1334(b) of title 28 provides that:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

8. Bankruptcy Rule 9027 sets forth the procedures for the removal of related claims and causes of action, including the deadlines for filing the notices of removal. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy Code] is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy Code], (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy Code], or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. The current deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is September 11, 2023. However, Bankruptcy Rule 9006 permits the Court to extend that deadline. Specifically, Bankruptcy Rule 9006(b) provides, in pertinent part:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion. . . with or without motion or notice order the period enlarged if the request therefor is made

>before the expiration of the period originally prescribed or as extended by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1).

10. It is well-established that this Court has the authority to extend the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006. *See*, *e.g.*, *Caperton v. A.T. Massey Coal Co., Inc.,* 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file notices to remove civil actions pursuant to Bankruptcy Rule 9006).

11. The Trustee's decision regarding whether to seek removal of any particular claim or cause of action depends on a number of factors, including: (i) the importance of the claim or cause of action to the expeditious resolution of these chapter 7 cases; (ii) the time required to complete the claim or cause of action in its current venue; (iii) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (iv) the relationship between the claim or cause of action and matters to be considered in connection with the chapter 7 cases and the claims allowance process; and (v) the progress made to date and the overall status of the claim or cause of action. To make the appropriate determination, the Trustee must analyze each claim or cause of action in light of such factors.

12. These are complex chapter 7 cases, and there were multiple litigations pending as of the Petition Date. To date, the Trustee has not yet had an opportunity to determine which claims or causes of action, if any, he will seek to remove. Instead, since the Petition Date, the Trustee has been focused on numerous time-sensitive matters that have arisen in these complex cases. In particular, the Trustee main focus was running a sale process for substantially all of the Debtors' assets, which has now closed and resulted in aggregate consideration to the Debtors' estates of

over $100 million. Since the closing of the sale, the Trustee has focused on addressing numerous post-closing issues and on recovering other assets that were not subject to the sale. These efforts have resulted in recovery of over $1 million in additional cash, as well a reduction in the claims pools in these cases of over $30 million.

13. The extension requested in this Motion will provide the Trustee with additional time to make well-informed decisions concerning removal and will ensure that the Trustee's rights provided by 28 U.S.C. § 1452 are preserved and can be exercised in an appropriate manner. Alternately, if such an extension is not granted, the Trustee believes he may not have sufficient time to properly evaluate removal of claims and causes of action. To avoid this potential prejudice, the Court should grant the relief requested in this Motion.

14. Moreover, the counterparties to any claims or causes of action that are related to these chapter 7 cases will suffer no prejudice from the relief requested herein. Prepetition claims and causes of action against the Debtors are stayed by operation of the automatic stay under section 362(a) of the Bankruptcy Code. Accordingly, preserving the Trustee's ability to remove claims and causes of action will impose no significant delay or unnecessary burdens on any counterparties to such related claims and causes of action.

## BRIDGE ORDER

15. Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee and (ii) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

## NO PRIOR REQUEST BY TRUSTEE

17. No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, in substantially the form attached hereto extending the deadline for the Trustee to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 through and including March 11, 2024, and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: September 8, 2023

ARCHER & GREINER, P.C.

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile: 302-777-4352
Email: aroot@archerlaw.com

*Counsel for the Chapter 7 Trustee*