# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*,[1] | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 12, 2024, at 2:00 p.m. (ET)**<br>**Objection Deadline: May 28, 2024, at 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY
OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING
STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND
RANDY MARION ISUZU, LLC DBA RANDY MARION ELMS**

David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the above-captioned debtors (the "**Debtors**"), hereby moves the Court (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the *Stipulation* attached as Exhibit 1 to the Proposed Order (the "**Stipulation**") by and between the Trustee and Randy Marion Isuzu, LLC dba Randy Marion ELMS ("**Randy Marion Isuzu**").[2] In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

[2] The Trustee and Randy Marion Isuzu are each referred to herein as a "**Party**" and collectively as the "**Parties**".

28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

## BACKGROUND

3. On June 14, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

4. David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' estates (the "**Estates**"). The section 341 meeting of creditors was held and concluded.

5. Prior to the Petition Date, the Debtors manufactured electric commercial vehicles.

6. Prior to the Petition Date, Debtor Electric Last Mile Inc. ("**ELM**") and Randy Marion Isuzu entered into the following agreements, effective as of September 21, 2021: (a) the Electric Last Mile Solutions Dealer Agreement (the "**Dealer Agreement**") and (b) the Firm Order Agreement (the "**Firm Order Agreement**"). The Dealer Agreement, among other things, authorized Randy Marion Isuzu to purchase and resell at retail the motor vehicles, parts and accessories manufactured by ELM and allowed Randy Marion Isuzu to identify itself as an authorized dealer of ELM. The Firm Order Agreement, among other things, sets forth the terms and conditions by which ELM would manufacture and sell vehicles to Randy Marion Isuzu.

7. Prior to the Petition Date, in accordance with the Firm Order Agreement, Randy Marion Isuzu purchased certain vehicles from ELM. Randy Marion Isuzu remains in possession of 257 unsold vehicles (the "**Unsold Vehicles**") which Randy Marion Isuzu purchased from ELM

pre-petition in accordance with the Firm Order Agreement for $26,981/vehicle for a total of $6,934,117.

8. The Firm Order Agreement provides Randy Marion the right, upon termination of the Firm Order Agreement, to sell the Unsold Vehicles back to ELM for the same price that Randy Marion Isuzu purchased the Unsold Vehicles (the "**Put Back Right**"). Both the Dealer Agreement and the Firm Order Agreement have been rejected pursuant to section 365 of the Bankruptcy Code. After rejection of the Firm Order Agreement, Randy Marion Isuzu sent a letter to the Trustee exercising the Put Back Right.

9. Randy Marion Isuzu has filed proofs of claim against both ELM (the "**ELM POC**") and Debtor Electric Last Mile Solutions, Inc. (the "**Solutions POC**" and collectively with the ELM POC, the "**POCs**").[3] The POCs each assert identical general unsecured non-priority claims in the aggregate amount of $31,934,117, as follows: (a) a $25 million rejection damages claim under the Dealer Agreement and (b) a $6,934,117 claim with respect to the Put Back Right under the Firm Order Agreement for the Unsold Vehicles.

10. The Trustee analyzed the Dealer Agreement, the Firm Order Agreement and the POCs and raised certain objections to the POCs with Randy Marion Isuzu. Thereafter, the Parties engaged in substantial arms' length negotiations regarding the Dealer Agreement, the Firm Order Agreement and the POCs. As a result of those negotiations, the Parties entered into the Stipulation, which, subject to Bankruptcy Court approval, resolves any disputes between the Parties regarding the Dealer Agreement, the Firm Order Agreement and the POCs.

---

[3] The ELM POC has been assigned claim no. 71 on the official claims register maintained for ELM. The Solutions POC has been assigned claim no. 94 on the official claims register maintained for Electric Last Mile Solutions, Inc.

## STIPULATION DETAILS

11. Because the Stipulation is attached to hereto as an exhibit to the Proposed Order, the Trustee does not repeat every term of the Stipulation in this Motion. However, key provisions of the Stipulation include the following: [4]

   a. **Approval and Effective Date**. The Stipulation is subject in its entirety to Bankruptcy Court approval by the entry of an Order approving the Stipulation, that is in form and substance acceptable to the Parties (the "**Approval Order**"). The effective date of the Stipulation shall be the first day after the Approval Order becomes a final and non-appealable order (the "**Effective Date**"). The Stipulation shall be null and void if the Approval Order is not entered by the Bankruptcy Court or if the Effective Date shall fail to occur for any reason.

   b. **Reduction and Allowance of ELM POC**. Upon the Effective Date, the ELM POC shall be reduced and allowed as a general unsecured non-priority claim against the estate of ELM in the aggregate amount of $7,434,117, as follows: (a) a $500,000 rejection damages claim under the Dealer Agreement and (b) a $6,934,117 claim with respect to the Put Back Right under the Firm Order Agreement for the Unsold Vehicles (the "**Allowed ELM POC**").

   c. **Disallowance of Solutions POC/No Other Claims**. Upon the Effective Date, the Solutions POC shall be disallowed in its entirety and, other than the Allowed ELM POC, neither Randy Marion Isuzu nor any of its affiliates or subsidiaries nor any of their respective successors, assigns, directors, officers, members or managers (collectively, the "**Randy Marion Parties**") shall have any other claim of any nature or priority against the Debtors or the Estates, whether arising under or in connection with the Dealer Agreement, the Firm Order Agreement or otherwise. Notwithstanding the foregoing, and for the avoidance of doubt, nothing in the Stipulation shall release, waive or otherwise impact the right of any of the Randy Marion Parties to receive a distribution on account of any equity interests such Randy Marion Party may hold in the Debtors.

   d. **Liquidation of Unsold Vehicles/Offset Against Allowed ELM POC**. Randy Marion Isuzu shall attempt to liquidate the Unsold Vehicles on terms acceptable to Randy Marion Isuzu. The Allowed ELM POC shall be

---

[4] The terms of the Parties' agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Stipulation. In the event that there are any inconsistencies between this summary and the actual terms of the Stipulation, the language set forth in the Stipulation shall control.

- 4 -

4875-5544-5431, v. 1

      reduced, on a dollar-for-dollar basis, by all Net Sale Proceeds[5] received by Randy Marion Isuzu from the liquidation of the Unsold Vehicles.

    e.    **Periodic Reporting to Trustee.** Periodically, Randy Marion Isuzu shall provide to the Trustee reports regarding the Unsold Vehicles liquidated, which reporting shall include the gross sale proceeds for each vehicle liquidated, the liquidation costs for each vehicle liquidated, and the Net Sale Proceeds for each vehicle liquidated.

## **RELIEF REQUESTED AND BASIS THEREFOR**

12. By this Motion, the Trustee seeks approval of the Stipulation as described herein.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

15. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the

---

[5]   "Net Sale Proceeds" as used herein means the gross sale proceeds for each Unsold Vehicle, less any actual documented costs incurred by Randy Marion Isuzu in connection with liquidating such Unsold Vehicle, including any commission payments associated with the liquidation of any Unsold Vehicles.

numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

16. A review of these four factors demonstrates that the Stipulation should be approved.

17. The Stipulation embodies a resolution between the Parties with respect to the Dealer Agreement, the Firm Order Agreement and the POCs on terms favorable to the Estates and without the need for costly contested claims litigation. The Trustee has determined that the Stipulation is in the best interest of the Estates and creditors after, among other things, analyzing the Dealership Agreement, the Firm Order Agreement and the POCs and raising informal objection to the POCs. Moreover, the Stipulation is the product of substantial arms'-length negotiations between the Parties.

18. The Stipulation provides significant benefits to the Debtors' Estates and other creditors. In particular, the Stipulation results in the total disallowance of the Solutions POC and the reduction of the ELM POC by almost $25 million, from $31,934,117, to $7,434,117. Moreover, the Allowed ELM POC may be further significantly reduced by Net Sale Proceeds received by Randy Marion Isuzu in connection with the liquidation of the Unsold Vehicles.

19. The Trustee respectfully submits that the compromises set forth in the Stipulation are fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise believes the Stipulation is founded on the exercise of sound business judgment by the Trustee, falls well above "lowest point in the range of reasonableness" and should be approved.

## NOTICE

20. Notice of this Motion has been provided to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Randy Marion Isuzu; and (c) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the Motion, approving the Stipulation, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: May 14, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email: root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*

4875-5544-5431, v. 1