# **EXHIBIT A**

**(*Proposed* Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc., *et al.*,[1] | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** |

### ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND RANDY MARION ISUZU, LLC DBA RANDY MARION ELMS

Upon the motion (the "**Motion**") of David W. Carickhoff, in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the above-captioned debtors (the "**Debtors**"), pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking the entry of an order authorizing and approving the *Stipulation* attached hereto as **Exhibit 1** (the "**Stipulation**")[2] by and between the Trustee and Randy Marion Isuzu, LLC dba Randy Marion ELMS ("**Randy Marion Isuzu**"); and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances and is hereby approved; and it appearing that the relief requested in the Motion is in the best interests of the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors are: Electric Last Mile Solutions, Inc. (8711) and Electric Last Mile, Inc. (0357).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Stipulation, as applicable.

- 2 -

Debtors' estates, creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The Stipulation is hereby approved in its entirety as if fully set forth herein.

3. The Trustee and Randy Marion Isuzu are hereby authorized to take all actions necessary or desirable to effectuate the Stipulation.

4. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Stipulation and (ii) resolve any disputes arising under or in connection with the Stipulation. Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

# EXHIBIT 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc.., *et al.* | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |

**STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND
RANDY MARION ISUZU, LLC DBA RANDY MARION ELMS**

**THIS STIPULATION** (the "Stipulation") is entered into by and between David W. Carickhoff (the "Trustee"), solely in his capacity as chapter 7 trustee of the estates of the above-captioned debtors (the "Debtors") and Randy Marion Isuzu LLC, dba Randy Marion ELMS ("Randy Marion Isuzu"). The Trustee and Randy Marion Isuzu are sometimes collectively referred to below as the "Parties" or individually as a "Party".

## RECITALS

WHEREAS, on June 14, 2022 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). David W. Carickhoff has been appointed as the chapter 7 trustee for the Debtors' estates.

WHEREAS, prior to the Petition Date, the Debtors manufactured electric commercial vehicles.

WHEREAS, prior to the Petition Date, Debtor Electric Last Mile, Inc. ("ELM") and Randy Marion Isuzu entered into the following agreements, effective as of September 21, 2021: (a) the Electric Last Mile Solutions Dealer Agreement (the "Dealer Agreement") and (b) the Firm Order Agreement (the "Firm Order Agreement").

WHEREAS, the Dealer Agreement, among other things, authorized Randy Marion Isuzu to purchase and resell at retail the motor vehicles, parts and accessories manufactured by ELM and allowed Randy Marion Isuzu to identify itself as an authorized dealer of ELM.

WHEREAS, the Firm Order Agreement, among other things, sets forth the terms and conditions by which ELM would manufacture and sell vehicles to Randy Marion Isuzu.

WHEREAS, prior to the Petition Date, in accordance with the Firm Order Agreement, Randy Marion Isuzu purchased certain vehicles from ELM.

WHEREAS, as of the date of this Stipulation, Randy Marion Isuzu is in possession of 257 unsold vehicles (the "Unsold Vehicles") which Randy Marion Isuzu purchased from ELM pre-petition in accordance with the Firm Order Agreement for $26,981/vehicle for a total of $6,934,117.

WHEREAS, the Firm Order Agreement provides Randy Marion Isuzu the right, upon termination of the Firm Order Agreement, to sell the Unsold Vehicles back to ELM for the same price that Randy Marion Isuzu purchased the Unsold Vehicles (the "Put Back Right").

WHEREAS, both the Dealer Agreement and the Firm Order Agreement have been rejected pursuant to section 365 of the Bankruptcy Code.

WHEREAS, after rejection of the Firm Order Agreement, Randy Marion Isuzu sent a letter to the Trustee exercising the Put Back Right.

WHEREAS, Randy Marion Isuzu has filed proofs of claim against both ELM (the "ELM POC") and Debtor Electric Last Mile Solutions, Inc. (the "Solutions POC" and collectively with the ELM POC, the "POCs").[1]  The POCs each assert identical general unsecured non-priority claims in the aggregate amount of $31,934,117, as follows: (a) a $25 million rejection damages claim under the Dealer Agreement and (b) a $6,934,117 claim with respect to the Put Back Right under the Firm Order Agreement for the Unsold Vehicles.

WHEREAS, the Trustee has analyzed the Dealer Agreement, the Firm Order Agreement and the POCs and has raised certain objections to the POCs with Randy Marion Isuzu.

WHEARAS, the Parties have engaged in substantial arms' length negotiations regarding the Dealer Agreement, the Firm Order Agreement and the POCs.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties desire to resolve any disputes regarding the Dealer Agreement, the Firm Order Agreement and the POCs, and agree subject to Bankruptcy Court approval, as follows:

1. **Recitals Incorporated.**  The above Recitals are incorporated into this Stipulation for all purposes.

2. **Approval and Effective Date.**  This Stipulation is subject in its entirety to Bankruptcy Court approval by the entry of an Order approving this Stipulation, that is in form and substance acceptable to the Parties (the "Approval Order").  The effective date of this Stipulation shall be the first day after the Approval Order becomes a final and non-appealable order (the "Effective Date").  The Stipulation shall be null and void if the Approval Order is not entered by the Bankruptcy Court or if the Effective Date shall fail to occur for any reason.

---

[1]  The ELM POC has been assigned claim no. 71 on the official claims register maintained for ELM. The Solutions POC has been assigned claim no. 94 on the official claims register maintained for Electric Last Mile Solutions, Inc.

3. **Reduction and Allowance of ELM POC**. Upon the Effective Date, the ELM POC shall be reduced and allowed as a general unsecured non-priority claim against the estate of ELM in the aggregate amount of $7,434,117, as follows: (a) a $500,000 rejection damages claim under the Dealer Agreement and (b) a $6,934,117 claim with respect to the Put Back Right under the Firm Order Agreement for the Unsold Vehicles (the "Allowed ELM POC").

4. **Disallowance of Solutions POC/No Other Claims**. Upon the Effective Date, the Solutions POC shall be disallowed in its entirety, and, other than the Allowed ELM POC, neither Randy Marion Isuzu nor any of its affiliates or subsidiaries nor any of their respective successors, assigns, directors, officers, members or managers (collectively, the "Randy Marion Parties") shall have any other claim of any nature or priority against the Debtors or their estates, whether arising under or in connection with the Dealer Agreement, the Firm Order Agreement or otherwise. Notwithstanding the foregoing, and for the avoidance of doubt, nothing herein shall release, waive or otherwise impact the right of any of the Randy Marion Parties to receive a distribution on account of any equity interests such Randy Marion Party may hold in the Debtors.

5. **Liquidation of Unsold Vehicles/Offset Against Allowed ELM POC**. Randy Marion Isuzu shall attempt to liquidate the Unsold Vehicles on terms acceptable to Randy Marion Isuzu. The Allowed ELM POC shall be reduced, on a dollar-for-dollar basis, by all Net Sale Proceeds[2] received by Randy Marion Isuzu from the liquidation of the Unsold Vehicles.

6. **Periodic Reporting to Trustee.** Periodically, Randy Marion Isuzu shall provide to the Trustee reports regarding the Unsold Vehicles liquidated, which reporting shall include the gross sale proceeds for each vehicle liquidated, the liquidation costs for each vehicle liquidated, and the Net Sale Proceeds for each vehicle liquidated.

7. **Modification.** Any and all changes to this Stipulation shall be in writing and signed by the Parties hereto. No oral agreement or modification shall be binding or effective upon any Party who has not signed a written agreement to modify this Stipulation.

8. **Governing Law.** This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, where not superseded by the Bankruptcy Code. The Parties agree that any dispute among any of them concerning this Stipulation, its interpretation or enforcement thereof shall be submitted for resolution to the Bankruptcy Court and that the Bankruptcy Court retains exclusive jurisdiction to interpret this Stipulation and resolve any disputes concerning this Stipulation.

9. **Acknowledgement of the Parties.** The Parties each acknowledge that such Party is fully and completely informed of the facts relating to the subject matter of this Stipulation and of the rights and obligations of all and each of the Parties; the Parties further acknowledge that facts may hereinafter be discovered in addition to or different from those which are known or believed to be true with respect to all or any part of the subject matter of the Stipulation; that such Party has entered into this Stipulation voluntarily after having given careful consideration to the

---

[2] "Net Sale Proceeds" as used herein means the gross sale proceeds for each Unsold Vehicle, less any actual documented costs incurred by Randy Marion Isuzu in connection with liquidating such Unsold Vehicle, including any commission payments associated with the liquidation of any Unsold Vehicles.

making of this Stipulation; that such Party has carefully read the entire Stipulation; that such Party has discussed the provisions of this Stipulation with an attorney of its choice and executed it in reliance upon its own judgment and the advice of counsel; and that such Party is legally competent to execute and deliver this Stipulation.

10. **Construction.** This Stipulation is the result of mutual negotiations of the Parties hereto, none of whom shall be considered the drafter for purposes of contract construction.

11. **Waiver.** The failure of any Party to insist upon strict performance of any one or more of the terms and provisions of this Stipulation shall not be construed as a waiver or relinquishment for the future of any such term or provision, and the same shall continue in full force and effect.

12. **Binding Effect; Assignment.** This Stipulation shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto; provided, however, no Party hereto shall transfer or assign this Agreement, or any of its rights, interests, or obligations hereunder, by merger or otherwise, to any person, firm, or corporation without obtaining the prior written consent of the other Parties to this Agreement with such consent not to be unreasonably withheld.

13. **Severability.** Should any of the provisions herein be determined to be invalid or unenforceable, it is agreed that this shall not affect the enforceability of the other provisions herein and that the Parties shall negotiate the invalidated provision or provisions in good faith to effectuate its or their purpose and to conform it or them to the law.

14. **Entire Agreement.** This Stipulation contains the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto.

15. **Counterparts.** This Stipulation may be executed in counterparts. After executing the Stipulation, each Party will email a PDF copy of its signature page to the other Party.

16. **Authority.** Each individual who signs below represents and warrants that he or she has valid and binding authority to sign on behalf of the designated Party.  In particular, the individual signing below represents and warrants that it has the authority to bind Randy Marion Isuzu, its affiliates and subsidiaries and all of their respective successors, assigns, directors, officers, members or managers with respect to the provisions of paragraph four (4) of this Stipulation.

- 5 -

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed and delivered as of May 14, 2024 and have set forth their signatures below.

OFFIT KURMAN, P.A.

By: */s/ Brian J. McLaughlin*
    Brian J. McLaughlin (DE Bar no. 2462)
    222 Delaware Avenue, Suite 1105
    Wilmington, DE  19801
    (302) 351-0916
    Brian.mclaughlin@offitkurman.com

*Attorneys for Randy Marion Isuzu, LLC*

CHIPMAN BROWN CICERO & COLE, LLP

By: */s/ Alan M. Root*
    Alan M. Root (DE Bar no. 5427)
    1313 N. Market Street, Suite 5400
    Wilmington, DE 19801
    (302) 433-4407
    root@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*