**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc.., *et al.* | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: 10/23/24 @ 2:00 p.m. (ET)**<br>**Objection Deadline: 10/8/24 @ 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY
OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING
STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND
GLOVIS AMERICA, INC.**

David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby moves the Court (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the *Stipulation* attached as **Exhibit 1** to the Proposed Order (the "**Stipulation**") by and between the Trustee and Glovis America, Inc. ("**Glovis**").[1] In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

---

[1] The Trustee and Glovis are each referred to herein as a "**Party**" and collectively as the "**Parties**".

2.  The predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

## BACKGROUND

3.  On June 14, 2022 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

4.  David W. Carickhoff has been appointed as chapter 7 trustee of the Debtor's Estates. The section 341 meeting of creditors was held on July 12, 2022, and concluded.

5.  Prior to the Petition Date, the Debtors manufactured electric commercial vehicles. In connection with the Debtors' operations, Glovis provided certain importing services to the Debtors.

6.  Glovis has determined that a credit balance exists in favor of the Debtors in the amount of $396,362.37, as a result of demurrage for storage and import duties which were overestimated (the "<u>Credit Balance</u>"). Glovis and the Truste have reached an agreement with respect to the turnover of the Credit Balance to the Estates, the terms of which are embodied in the Stipulation.

## STIPULATION DETAILS

7.  Because the Stipulation is attached as an exhibit to the Proposed Order, the Trustee does not repeat every term of the Stipulation in this Motion. However, key provisions of the Stipulation include the following: [2]

---

[2] The terms of the Parties' agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Stipulation. In the event there are any inconsistencies between this summary and the actual terms of the Stipulation, the language set forth in the Stipulation shall control.

    a. **Stipulation Effective Date.** The effective date of the Stipulation and all of its terms shall be the first date upon which the Bankruptcy Court shall have entered a final and non-appealable order approving the Stipulation (the "**Stipulation Effective Date**").

    b. **Turnover of Credit Balance.** Within fifteen (15) business days of the Stipulation Effective Date, Glovis shall turnover the full amount of the Credit Balance without setoff (*i.e.* $396,362.37) to the Trustee via wire transfer pursuant to wire instructions to be provided by the Trustee.

    c. **Mutual Releases**. The Stipulation contains mutual releases between the Debtor Released Parties[3] and the Glovis Released Parties[4], which are conditioned upon the occurrence of the Stipulation Effective Date (and in the case of the release by the Debtor Released Parties, receipt of the Credit Balance from Glovis).

### RELIEF REQUESTED AND BASIS THEREFOR

8.    By this Motion, the Trustee seeks approval of the Stipulation as described herein.

9.    Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

10.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors."

---

[3] The "Debtor Released Parties" are the Trustee, the Debtors and the Estates.

[4] The "Glovis Released Parties" are Glovis and Glovis' shareholders (solely in such capacity), directors (solely in such capacity, officers (solely in such capacity), successors and assigns.

*Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

11. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

12. A review of these four factors demonstrates that the Stipulation should be approved.

13. The Stipulation confers a material benefit on the Debtors' Estates. The Estates will receive almost $400,000 in cash by way of the turnover of the Credit Balance, without the expense and delay of any litigation that would otherwise be necessary to obtain turnover of the Credit Balance. Moreover, other than with respect to the turnover of the Credit Balance, the Trustee is not aware of any potential claims against Glovis. In short, the Stipulation provides the best possible result to the Estates, in a cost-effective and efficient manner.

14. The Trustee respectfully submits that the compromises set forth in the Stipulation are fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise

believes the Stipulation is founded on the exercise of sound business judgment by the Trustee, falls well above "lowest point in the range of reasonableness" and should be approved.

## NOTICE

15. Notice of this Motion has been provided to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Glovis; and (c) all parties that have filed a request for notices pursuant to Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the Motion, approving the Stipulation, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: September 24, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ Alan M. Root
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email: root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*