# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Electric Last Mile Solutions, Inc.., *et al.* | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Dkt. No. ____** |

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND**
**GLOVIS AMERICA, INC.**

Upon the motion (the "**Motion**") of David W. Carickhoff, in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the above-captioned debtors (the "**Debtors**"), pursuant to sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking the entry of an order authorizing and approving the *Stipulation* attached hereto as **Exhibit 1** (the "**Stipulation**")[1] by and between the Trustee and Glovis America, Inc. ("**Glovis**"); and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances and is hereby approved; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Stipulation, as applicable.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The Stipulation is hereby approved in its entirety as if fully set forth herein.

3. The Trustee and Glovis are hereby authorized to take all actions necessary or desirable to effectuate the Stipulation.

4. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Stipulation and (ii) resolve any disputes arising under or in connection with the Stipulation. Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

# **EXHIBIT 1**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 7 |
|---|---|
| Electric Last Mile Solutions, Inc.., *et al.* | Case No. 22-10537 (MFW) |
| Debtors. | (Jointly Administered) |

STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE AND
GLOVIS AMERICA, INC.

This *Stipulation* (the "Stipulation") is entered into by and between David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors") and Glovis America, Inc. ("Glovis"). The Trustee and Glovis are each referred to herein as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, on June 14, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Office of the United States Trustee has appointed the Trustee to serve as the chapter 7 trustee for the Debtors' Estates; and

WHEREAS, prior to the Petition Date, the Debtors manufactured electric commercial vehicles;

WHEREAS, prior to the Petition Date, Glovis provided importing services to the Debtors;

WHEREAS, Glovis has determined that a credit balance exists in favor of the Debtors in the amount of Three Hundred Ninety-Six Thousand Three Hundred Sixty-Two and 37/100 Dollars ($396,362.37) as a result of demurrage for storage and import duties which were overestimated (the "Credit Balance");

WHEREAS, the Parties are not aware of any secured creditors in these cases with a lien against, or security interest in, the Credit Balance; and,

WHEREAS, Glovis and the Trustee have reached an agreement with respect to the turnover of the Credit Balance to the Estates, the terms of which are embodied in this Stipulation.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, intending to be legally bound, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference and made a part hereof.

2. **Stipulation Effective Date.** The effective date of this Stipulation and all of its terms shall be the first date upon which the Bankruptcy Court shall have entered a final and non-appealable order approving this Stipulation (the "Stipulation Effective Date").

3. **Turnover of Credit Balance.** Within fifteen (15) business days of the Stipulation Effective Date, Glovis shall turnover the full amount of the Credit Balance without setoff (*i.e.* $396,362.37) to the Trustee via wire transfer pursuant to wire instructions to be provided by the Trustee.

3. **Mutual Releases.**

(a) Release of Glovis: Effective on the Stipulation Effective Date, and subject to the Trustee's receipt of the full Credit Balance in good funds, the Trustee, solely in such capacity, on behalf of the Debtors, the Estates (collectively, the "Debtor Releasing Parties"), shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Glovis and Glovis' shareholders (solely in such capacity), directors (solely in such capacity), officers (solely in such capacity), successors and assigns (collectively, the "Glovis Released Parties"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, contingent or mature, in law or equity, which any of the Debtor Releasing Parties have, may have, or may claim to have against any Glovis Released Parties and that arose on or before the Stipulation Effective Date. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Stipulation in accordance with its terms.

(b) Release by Glovis: Effective on the Stipulation Effective Date, the Glovis Released Parties shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee and the Debtors and the Estates (collectively, the "Debtor Released Parties") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, contingent or mature in law or equity, which the Glovis Released Parties have, may have or may claim to have against the Debtor Released Parties and that arose on or before the Stipulation Effective Date. For the avoidance of doubt: (i) to the extent any Glovis Released Party has filed a proof of claim in the Debtors' bankruptcy cases, such claims shall be deemed withdrawn and disallowed as part of the foregoing release and (ii) the foregoing release shall not limit nor be deemed to limit the rights of Glovis to enforce this Stipulation in accordance with its terms.

5. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Stipulation. In the event of any dispute in connection with the enforcement of this Stipulation, the prevailing Party shall be entitled to his, her or its reasonable

attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Bankruptcy Court.

6. **Miscellaneous.**

(a) Neither this Stipulation, nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary to obtain approval of and to enforce this Stipulation (including the releases contained herein).

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c) Except as otherwise expressly set forth herein, no provision of this Stipulation is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

(d) This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware without regard to any choice of law provisions.

(e) This Stipulation may be executed in one or more counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same Agreement.

(f) The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) over the Parties with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Stipulation.

(g) Each person or entity who executes this Stipulation on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Stipulation on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Stipulation.

(h) In executing the Stipulation, each of the Parties represents and warrants, for itself, that she, he or it (i) does so with full knowledge of their respective available rights, (ii) is not relying and has not relied upon any representations made by any person, other than any written representations and agreements contained herein, (iii) has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Stipulation, and (iv) has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Stipulation.

(i) The Parties hereto acknowledge that this Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation. The Parties further acknowledge and agree that this Stipulation

3

shall remain in effect despite the discovery or existence of any new or additional fact, or any fact different from that which any of the Parties now knows or believes to be true.

(j) This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or order of the Bankruptcy Court.

(k) This Stipulation shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto and their respective affiliates.

(l) The headings of all sections of this Stipulation are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

(m) No tax advice has been offered or given by any Party in the course of these negotiations, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Stipulation.

7. **Bankruptcy Court Approval.** Promptly following the full execution of this Stipulation, the Trustee shall move for approval of this Stipulation by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event the Bankruptcy Court enters an order denying approval of this Stipulation or any approval by the Bankruptcy Court is overturned or vacated on appeal, this Stipulation shall be null and void and of no force and effect, and the Parties hereto shall be returned to the same positions they were in prior to execution of this Stipulation, as if this Stipulation had never been executed.

*[Signature Page(s) to Follow]*

IN WITNESS WHEREOF, this Stipulation is hereby executed as of the date(s) set forth below:

Dated: August 26, 2024

**DAVID W. CARICKHOFF, SOLELY AS CHAPTER 7 TRUSTEE**

_____

Dated: August __, 2024

**GLOVIS AMERICA, INC.**

_____
By:
Title:

5

IN WITNESS WHEREOF, this Stipulation is hereby executed as of the date(s) set forth below:

Dated: September __, 2024

**DAVID W. CARICKHOFF, SOLELY AS CHAPTER 7 TRUSTEE**

_____

Dated: September 13, 2024

**GLOVIS AMERICA, INC.**

_____
By: Scott Cornell
Title: CEO

5