| | |
|---|---|
| In re: | Chapter 7 |
| ELECTRIC LAST MILE SOLUTIONS, INC.,[1] | Case No. 22-10537-MFW<br>(Jointly Administered) |
| Debtor. | **Hearing Date: August 26, 2026 @ 2:00 pm**<br>**Objection Deadline: August 12, 2026** |

**MOTION OF COWEN AND COMPANY, LLC n/k/a TD SECURITIES (USA) LLC**
**TO TREAT LATE FILED PROOF OF CLAIM AS TIMELY FILED**

Cowen and Company, LLC n/k/a TD Securities (USA) LLC ("Cowen"), by and through its undersigned counsel, respectfully submits this *Motion to Treat Late Filed Proof of Claim as Timely Filed* ("Motion"), which seeks entry of an order in substantially the form attached hereto as **Exhibit A** granting the Motion and deeming Cowen's late-filed proof of claim, a copy of which is attached hereto as **Exhibit B** ("Proof of Claim"), timely filed. In support of this Motion, Cowen respectfully states as follows:

**PRELIMINARY STATEMENT**

The relief requested herein is warranted as Cowen was never served notice of the commencement of the Chapter 7 Cases (as defined below), the 341 meeting, or of the Bar Date (as defined below) that was established in the Chapter 7 Cases. In addition, Cowen did not have a

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Electric Last Mile Solutions, Inc. (8711); Electric Last Mile, Inc. (0357).

liquidated claim materialize against either of the Debtors until years after the Bar Date had passed. Neither the Debtors nor Cowen could have predicted that ELMS's contingent, unliquidated indemnification obligations under the Agreement (as defined below) would materialize, and the extent of those indemnification obligations has only recently been determined. Therefore, even if Cowen had received notice of either of the Debtors' Chapter 7 Cases or of the Bar Date, any proof of claim filed by Cowen prior to the Bar Date could not have asserted a mature, liquidated claim that would give Electric Last Mile Solutions, Inc. ("ELMS") notice of the amount of the claim asserted against it by Cowen. By contrast, now that ELMS's indemnification and reimbursement obligations to Cowen under the Agreement have been triggered and the scope of indemnification has been determined, Cowen has acted promptly to prepare the Proof of Claim (defined below) and pursue its rights against ELMS. Critically, granting this Motion will not prejudice either Debtors' estate or ELMS's other creditors given the small amount of Cowen's claim as compared to the aggregate amount of claims that have been filed against ELMS, and the current status of the Chapter 7 Cases.

For these reasons, and as set forth more fully below, Cowen, hereby moves, pursuant to Rule 3002(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an extension of time for Cowen to file a proof of claim so that the Proof of Claim is treated as timely filed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2

3.      The statutory and legal predicate for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3002(c), 3003(c)(3) and 9006(b)(1).

4.      Cowen consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

5.      On January 19, 2021, Cowen and Forum Merger III Corporation ("Forum") entered an agreement (the "Agreement") in connection with Forum's proposed business combination with Electric Last Mile, Inc ("ELM"). The Agreement is attached hereto as **Exhibit C** and incorporated herein by reference.

6.      Pursuant to the Agreement, Cowen agreed to advise Forum with respect to "investor outreach, including assisting [Forum] in scheduling and arranging meetings with current potential holders of [Forum's] securities and, at [Forum's] request, assisting [Forum] in negotiating with [Forum's] current and prospective security holders." *See* Ex. C at ¶ 1.

7.      Forum agreed to "indemnify Cowen … and "hold [Cowen] harmless against any and all losses, claims, damages, expenses, liabilities, joint or several (collectively, 'Liabilities') to which the Indemnified Parties may become subject arising in any manner out of or in connection with the Letter Agreement or otherwise in connection with any services rendered by Cowen in connection with the Transactions (as defined by the Letter agreement) whether before or after the date of this Letter Agreement[.]" "[Forum] further agrees to reimburse [Cowen] immediately upon request for all expenses (including attorneys' fees and expenses) as they are incurred in connection with the investigation of, preparation for, defense of, or providing evidence in, any commenced or

threatened action, claim, proceeding, or investigation…in connection with or as a result of Cowen's engagement pursuant to the Letter Agreement whether or not Cowen is a party to such proceeding." *See* Ex. C at ¶ 12, sch. I.

8. On June 24, 2021, the Forum stockholders adopted and approved an Agreement and Plan of Merger between ELM and Forum.

9. On June 25, 2021, pursuant to the Agreement and Plan of Merger, Forum and ELM merged and formed ELMS.

10. On June 14, 2022 (the "Petition Date"), ELMS and ELM (together, the "Debtors") each filed a voluntary Chapter 7 bankruptcy petition in this Court, docketed in Case Number 22-10537 (the "Docket") and Case Number 10538 (the "ELM Docket"), respectively (together, the "Chapter 7 Cases" and each a "Chapter 7 Case").

11. The Chapter 7 Cases are being jointly administered under Case Number 22-10537. *See* Docket No. 10.

12. On the Petition Date, ELMS filed that certain *Declaration Concerning List of Creditors and Creditor Matrix*. *See* Docket No. 2; ELM Docket No. 2.

13. After the Petition Date, David W. Carickhoff, Esq. (the "Chapter 7 Trustee") was appointed as the Chapter 7 Trustee in both Chapter 7 Cases. Docket Nos. 1, 5.

14. On June 17, 2022, the Bankruptcy Noticing Center (the "BNC") served that certain *Notice of the Chapter 7 Bankruptcy Case and the Section 341 Meeting* to creditors and parties in interest. *See* Docket Nos. 5, 6, 13, 15.

15. Cowen did not receive any notice of the Chapter 7 Cases or the Section 341 Meeting from either Debtor or the BNC, as evidenced by Cowen's exclusion from the list of creditors and parties in interest who did receive notice per the applicable BNC Certificates of Mailing. *See*

Docket Nos. 13, 15; ELM Docket Nos. 9, 11.

16. On June 22, 2022, the Debtors filed their Schedules and Statements of Financial Affairs. Docket Nos. 31, 32, 33, 34; ELMS Docket Nos. 11, 12.

17. The Debtors' Schedules and Statements of Financial Affairs do not list or identify Cowen as an unsecured creditor, an executory contract counterparty, or an otherwise interested party. *See* Docket Nos. 31–34; ELMS Docket Nos. 11, 12.

18. On July 14, 2022, the Court served that certain *Notice That There are Assets From Which a Dividend Might Possibly be Paid to Creditors* (the "Notice of Assets") in both Chapter 7 Cases. Docket No. 50; ELM Docket No. 16. The Notice of Assets states that creditors needed to file a proof of claim within 90 days after service of the Notice of Assets, *i.e.*, by October 17, 2022 (the "Bar Date").

19. Cowen did not receive the Notice of Assets or any other notice of the Bar Date as evidenced by Cowen's exclusion from the list of recipients that received notice from the Bankruptcy Noticing Center. *See* Docket No. 50; ELM Docket No. 17.

20. Almost three years later, on April 15, 2025, Cowen was served with a third-party subpoena *duces tecum* (the "Subpoena") by attorneys representing the plaintiffs in *In re: Electric Last Mile Solutions, Inc. Stockholder Litigation*, Case No. 2022-0630, a matter pending before the Delaware Court of Chancery related to the business combination between Forum and ELM ("Chancery Court Litigation").

21. Cowen is not a party to the Chancery Court Litigation; the Subpoena solely sought the production of documents from Cowen concerning Cowen's financial advice to Forum and other documents relating to its work under the Agreement.

22. Cowen retained Simpson Thacher & Bartlett LLP ("Simpson Thacher") to represent

5

it in responding to the Subpoena. The response to the Subpoena is now complete. Cowen incurred legal fees in the amount of $80,738.69 in connection with its response to the Subpoena.

23. On July 30, 2026, Cowen filed the Proof of Claim, which asserts a general unsecured claim against Electric Last Mile Solutions, Inc. in the amount of $80,738.69, representing the amount due and owing to Cowen under the indemnification provision(s) of Agreement.

**RELIEF REQUESTED**

24. By and through this Motion, Cowen respectfully requests the entry of an order in substantially the form attached hereto as Exhibit A deeming the Proof of Claim timely filed. ,As noted above, a copy of the Proof of Claim is attached hereto as Exhibit B.

**BASIS FOR REQUESTED RELIEF**

25. Cowen did not receive any notice of the Chapter 7 Cases or of the Bar Date. Further, even if Cowen *had* received notice of the Chapter 7 Cases or the Bar Date, Cowen did not have a mature, liquidated claim for indemnification under the Agreement until Cowen received the Subpoena. Given the lack of notice to Cowen and the fact that its claim against ELMS arose years after the Bar Date, Cowen had no way of knowing about the Bar Date or the potential effect that its passage could have on Cowen's rights.

26. Pursuant to the Agreement, Cowen notified Counsel to the Chapter 7 Trustee, Alan Root, Esq., by letter dated July 31, 2025, of the existence and/or issuance of the Subpoena and of the indemnification obligation owed by ELMS to Cowen under the Agreement. The *Declaration of Rachel Sparks Bradley in Support of Motion of Cowen and Company, LLC n/k/a TD Securities (USA) LLC to Treat Late Filed Proof of Claim As Timely Filed* is attached as **Exhibit D** hereto (the "Sparks Bradley Declaration"). The notice requested that ELMS confirm it will carry out its

responsibilities pursuant to the Agreement and indemnify and hold harmless Cowen from and against any liabilities relating to its activities performed or services furnished pursuant to the Agreement. *See* Ex. D. Specifically, Cowen asked ELMS to confirm it would reimburse Cowen for its reasonable and documented expenses incurred in connection with investigating, preparing or defending any proceeding arising out of such activities and services. *See* Ex. D. This indemnification obligation includes reasonable and documented fees of Simpson Thacher and any vendors, such as document discovery vendors, who may assist Simpson Thacher in responding to the Subpoena on behalf of Cowen. *See* Ex. D.

27. Counsel to the Chapter 7 Trustee did not respond to Cowen's notice. After months of no response, Cowen's counsel at Simpson Thacher, Rachel Sparks Bradley, emailed Mr. Root on October 29, 2025. Ex. D. Mr. Root and Ms. Sparks Bradley spoke by phone on October 29, 2025. Ex. D.

28. Prior to the filing of the Proof of Claim and this Motion, on July 20, 2026, Ms. Sparks Bradley contacted Mr. Root who confirmed that the Chapter 7 Trustee consents to the relief requested in this Motion, provided that the Chapter 7 Trustee preserves his right to object to the Proof of Claim on all grounds other than timeliness. Ex. D.

**ARGUMENT**

**A. The Standard To Allow A Late-Filed Proof Of Claim**

29. It is well established that a bankruptcy court may grant the extension of time to file a proof of claim pursuant to the exceptions in Rule 3002(c). Under Rule 3002(c)(7), "the court may extend the time to file by no more than 60 days from the date of its order…if the court finds that the notice was insufficient to give the creditor a reasonable time to file." In addition, some courts have also held, based on general principles of equity or due process, that a creditor deprived

7

of notice of the bar date is entitled to file a late claim. *See, e.g.*, *In re Harris*, 447 B.R. 254, 258 (Bankr. W.D. Ark. 2011); *In re Tarbell*, 431 B.R. 826, 828 (Bankr. W.D. Wis. 2010); *In re Barnes*, 2008 Bankr. LEXIS 1996, 2008 WL 2397618, at *2 (Bankr. D.N.D. June 10, 2008).

30.     Courts applying Bankruptcy Rule 3002(c)(7) and its predecessor have allowed late-filed claims where a debtor's failure to include the affected claimant on their creditor matrix results in the creditor never receiving notice of the bankruptcy case. *See In re Aguilar*, 668 B.R. 512, 516 (Bankr. S.D. Fla. 2025) (allowing late-filed proof of claim where the creditor filed a motion to allow its late-filed claim, and creditor did not receive adequate notice of the deadline to file a proof of claim); *In re Mazik*, 592 B.R. 812, 818–19 (Bankr. E.D. Pa. 2018) (the court exercised its discretionary authority under Rule 3002(c)(6)(A) finding that Notice to the claimant of the deadline for filing a proof of claim was insufficient because debtor failed to include it on the list of creditors as required by Fed. R. Bankr. P. 1007(a).); *see also In re Ismailos*, No. 22-10347 (JLG), 2026 WL 1216621, at *6 (Bankr. S.D.N.Y. May 4, 2026) ("Creditors must be afforded notice 'reasonably calculated, under all the circumstances to apprise' them of the pendency of a bar date").

### 1.     Cowen Did Not Receive Timely Notice Of This Chapter 7 Cases Or Of The Claims Bar Date

31.     Under Rule 3002(c)(7), the court may extend the time to file a proof of claim if the "court finds that the notice was insufficient to give the creditor a reasonable time to file." Courts have allowed the late filing of claims by creditors who did not receive notice of the claims bar deadline. *See In re Aguilar,* 668 B.R. at 516 (allowing late-filed proof of claim where the creditor filed a motion to allow its late-filed claim, and creditor did not receive adequate notice of the deadline to file a proof of claim); *In re Mazik,* 592 B.R. at 818–19 (notice to the claimant of the

deadline for filing a proof of claim was insufficient because debtor failed to include it on the list of creditors required by Fed. R. Bankr. P. 1007(a)).

32. The Debtors knew or should have known of the contractual relationship between ELMS and Cowen. Prior to the Petition Date, on January 2021, ELMS's predecessor Forum willingly entered into the Agreement with Cowen whereby it agreed to indemnify Cowen in matters such as the Subpoena. Those same indemnity obligations are the basis for the Proof of Claim.

33. However, the List of Creditors and Creditor Matrix filed on June 14, 2022 did not include Cowen as a potential creditor. Docket No. 2; ELM Docket No. 2. The Debtors' Schedules and Statements of Financial Affairs filed on June 22, 2022 also did not list Cowen as holding a contingent unsecured claim. *See* Docket Nos. 31–34. Thus, Cowen never received notice regarding the commencement of Chapter 7 Cases or of the deadline to file a proof of claim.

**2. Cowen Acted Promptly After Its Claim Against ELMS Materialized**

34. While ELMS's obligation to indemnify Cowen materialized three years after the List of Creditors and Creditor Matrix and the Schedules and Statements of Financial Affairs were filed, neither were amended after Cowen notified Counsel to the Chapter 7 Trustee of the Subpoena and the indemnification obligation owed to Cowen on July 31, 2025. *See* Ex. D.

35. When Cowen received the Subpoena, Cowen worked quickly to discern whether it could be indemnified pursuant a prior agreement. Once Cowen located the Agreement and learned of the Chapter 7 Cases, Cowen's counsel promptly contacted the Chapter 7 Trustee's counsel regarding ELMS's indemnity obligations.

36. Cowen has acted promptly to file its Proof of Claim after becoming aware that it would need to pursue its indemnification right under the Agreement via filing a proof of claim in the Chapter 7 Cases.

**3. The Extent Of Cowen's Indemnification Claim Was Determined When Work On The Subpoena Recently Concluded**

37. As set forth in the Sparks Bradley Declaration and herein, Cowen's claim for indemnification includes legal fees that Cowen incurred as a non-party to the Chancery Court Litigation in connection with the Subpoena. That work only recently concluded, and following its conclusion Cowen has acted promptly to submit the Proof of Claim and to file this Motion.

38. Granting the relief sought in this Motion will not materially prejudice the Debtors' estates or their creditors. As discussed above, Cowen was not included in the Debtors' Creditor Matrix and did not receive any notice of the Chapter 7 Cases, the 341 Meeting, or the Bar Date. In addition, treating Cowen's Proof of Claim as timely will not delay the administration of the Chapter 7 Cases. Cowen's nonpriority general unsecured claim in the amount of $80,738.69 is small relative to the aggregate amount of creditor claims in these Chapter 7 Cases, which exceeds $174,000,000 and includes multiple individual claims ranging between $500,000 to $1.5 million. Cowen respectfully submits that the effect, if any, of treating the Proof of Claim as timely on the recovery of other creditors would be minimal, especially because the Chapter 7 Trustee has sold substantially all of the Debtors' assets in exchange for over $105 million. *See* Docket Nos. 99, 138, 270.

39. Given the lack of timely notice to Cowen and the fact that work on the Subpoena only recently concluded, an extension of time to treat the Proof of Claim as timely is warranted.

**4. Cowen Acted In Good Faith**

40. Cowen has acted in good faith. As discussed above, once learning of the Subpoena, Cowen promptly contacted the Chapter 7 Trustee's counsel to notify him of the ELMS's indemnification obligation under the Agreement. Ex. D. Chapter 7 Trustee's counsel explained that Cowen should file a proof of claim, although the claim would miss the deadline. Ex. D.

Cowen has acted promptly to do so. The Debtors will not be prejudiced if Cowen is permitted to file a proof of claim after the bar date.

## **CONCLUSION**

The above factors weigh in favor of the Court allowing Cowen to file its Proof of Claim. Accordingly, Cowen respectfully requests that this Court enter an order substantially in the form attached as Exhibit A hereto that deems the Proof of Claim timely filed pursuant to Bankruptcy Rule 3002(c)(7).

Dated: July 30, 2026
      Wilmington, Delaware

**DUANE MORRIS LLP**

/s/ *Sommer L. Ross*
Sommer L. Ross, Esq. (DE Bar No. 4598)
Christopher M. Winter (DE 4163)
1201 N. Market Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4951
E-mail: slross@duanemorris.com
        cmwinter@duanemorris.com

and

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner, Esq.
lneuner@stblaw.com
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Cowen & Company, LLC n/k/a TD Securities (USA) LLC*